1  **SEYFARTH SHAW LLP**
   Eric E. Hill (SBN 173247)
2  ehill@seyfarth.com
   Ping Wang (SBN 351428)
3  pwang@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105-2930
   Telephone:    (415) 397-2823
5  Facsimile:    (415) 397-8549

6  Leo Q. Li (SBN 293539)
   lli@seyfarth.com
7  2029 Century Park East, Suite 3500
   Los Angeles, California 90067-3021
8  Telephone:    (310) 277-7200
   Facsimile:    (310) 201-5219

9
   Attorneys for Defendants
10 INTERCONTINENTAL HOTELS GROUP
   RESOURCES, LLC; IHG MANAGEMENT
11 (MARYLAND) LLC; INTERCONTINENTAL HOTELS
   OF SAN FRANCISCO, INC; SIX CONTINENTS
12 HOTELS, INC

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17 | MARK WISE, individually, and on behalf of other | **CLASS ACTION** |
   members of the general public similarly situated,

18 | | Case No. _____ |
   | Plaintiff, |

19 | | **DEFENDANTS' NOTICE OF REMOVAL** |
   v.                                        **TO UNITED STATES DISTRICT COURT**

20
21 INTERCONTINENTAL HOTELS GROUP            [San Francisco County Superior Court Case
   RESOURCES, LLC, a Delaware limited liability   No. CGC-23-611350]
   company; IHG MANAGEMENT (MARYLAND)
22 LLC, a Maryland limited liability company;
   INTERCONTINENTAL HOTELS OF SAN          [*Filed concurrently with:*
23 FRANCISCO, INC., a Delaware corporation; SIX   *1.  Civil Cover Sheet (JS-CAND 44);*
   CONTINENTS HOTELS, INC., a Delaware      *2.  Certificate of Interested Entities;*
24 corporation; and DOES 1 through 100, inclusive,  *3.  Corporate Disclosure Statement;*
                                            *4.  Declaration of Kristin Uribe;*
25               Defendants.                *5.  Proof of Service*

26                                          Complaint Filed: 12/29/2023
                                            Trial Date:  None Set
27

28

─────────────────────────────────────────────────────────────
DEFENDANTS' NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendants InterContinental Hotels Group Resources, LLC ("IHGR"), IHG Management (Maryland) LLC ("IHGM"), InterContinental Hotels of San Francisco, INC. ("IHSF"), and Six Continents Hotels, INC. ("SCHI") (collectively "Defendants") file this Notice of Removal, asserting federal jurisdiction under 1) the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, and 2) 28 U.S.C. §§ 1331, 1441(a), and 1446 based on federal question jurisdiction, to effectuate the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District of California. This Court has original jurisdiction over the action pursuant to CAFA and federal question jurisdiction for the following reasons:

**I.    BACKGROUND**

1.    On December 29, 2023, Plaintiff Mark Wise ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of San Francisco, titled "*MARK WISE v. INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware limited liability company; IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., a Delaware corporation; SIX CONTINENTS HOTELS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,*" Case No. CGC-23-611350 ("Complaint"). The Complaint asserts four causes of action for (1) failure to pay regular and overtime wages under California Labor Code §§ 510, 1194, 1197, 1197.1, and 1198; (2) failure to provide accurate itemized wage statements under California Labor Code § 226(a); (3) failure to reimburse necessary business-related expenses under California Labor Code §§ 2800 and 2802; and (4) unfair business practices under California Business and Professions Code §§ 17200 *et seq*.

2.    On February 26, 2024, Defendants' counsel accepted service of a copy of the Summons and Complaint, Alternative Dispute Resolution (ADR) Package, Civil Case Cover Sheet, and Notice of Case Management Conference, by signing and returning a Notice and Acknowledgment of Receipt. A true and correct copy of these documents, served on Defendants, is attached hereto as **Exhibit A**. A true

and correct copy of the Proof of Service of Summons and signed Notice and Acknowledgment of Receipt, showing a February 26, 2024 service date are attached hereto as **Exhibit B**.

3.    On February 23, 2024, Defendants filed their Answer to Plaintiff's Unverified Class Action Complaint in the Superior Court of California for the County of San Francisco. A true and correct copy of the Answer filed to Plaintiff's Complaint is attached hereto as **Exhibit C**.

4.    Defendants have not filed or received any other pleadings or papers, other than the pleadings and papers described as Exhibits A, B, and C, in this action prior to filing this Notice of Removal.

## II.    TIMELINESS OF REMOVAL

5.    Notice of removal is timely if it is filed within 30 days after the service of the complaint or summons—"The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . ." 28 U.S.C. §1446(b)(1).

6.    The service of process which triggers the 30-day period to remove is governed by state law. *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law."); *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7.    When a defendant accepts service by notice and acknowledgement of receipt of the complaint, the 30-day period to remove is not triggered until a defendant executes and returns the acknowledgement of service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period is not triggered "by mere receipt of the complaint unattended by any formal service"); *Langston v. 20/20 Companies, Inc.*, 2014 WL 5335734, at *3 (C.D. Cal. Oct. 17, 2014) ("[S]ervice by mail is not complete until the recipient signs the acknowledgement of receipt and thereafter returns it to the sender … California courts have clarified that [Cal. Code Civ. Proc. § 415.30]

1  'expressly predicates the efficacy of such service upon the execution and return of an acknowledgment

2  of service….'") (quoting *Thierfeldt v. Marin Hosp. Dist*., 35 Cal. App.3d 186, 199 (1973)).

3       8.      Here, service of the Summons and Complaint was deemed complete on January 26, 2024,

4  when Defendants executed and returned the Notice and Acknowledgment of Receipt of the Complaint.

5  Defendants' Notice of Removal is timely because they filed the Notice of Removal within 30 days of

6  service of the Summons and Complaint on January 26, 2024.

7  **III.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT**

8       9.      Under the CAFA, district courts have original jurisdiction for class actions "if [1] the

9  class has more than 100 members, [2] the parties are minimally diverse, and [3] the amount in

10 controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens* ("*Dart*"), 135 S.

11 Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).  As set forth below, each of these three

12 requirements are met and thus this action is properly removable, pursuant to 28 U.S.C. § 1441(a).

13      **A.    The Class Action Includes Approximately 4,068 Potential Class Members.**

14      10.     A removal under CAFA requires at least 100 members in a proposed class. *See* 28 U.S.C.

15 § 1332(d)(5)(B) (providing that CAFA jurisdiction does not apply to any class action in which "the

16 number of members of all proposed plaintiff classes in the aggregate is less than 100.").

17      11.     Here, Plaintiff defined the proposed class to include "[a]ll non-exempt employees who

18 have worked for Defendants in the State of California at any time between four years prior to the filing

19 of this complaint and the date of final judgment in this action." (Ex. A—Complaint, ¶ 19.) Based on the

20 filing date of the Complaint on December 29, 2023, the proposed class period covers the time period of

21 **December 29, 2019 to the present**.

22      12.     Based on the proposed class definition, there are approximately 4,068 current and former

23 non-exempt employees in the proposed class between December 29, 2019 and the present.  (Declaration

24 of Kristin Uribe  ("Uribe Declaration"), ¶ 6.) Plaintiff also concedes that "[t]he members of the class

25 (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and

26 impractical." (Ex. A—Complaint, ¶ 21.)  Thus, there is no question that the size of the proposed class far

27 exceeds the minimum threshold of 100 members under CAFA.

28      **B.    Plaintiff And Defendants Are Minimally Diverse.**

13.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction—that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant.").

14.     A party's citizenship is determined at the time the lawsuit was filed.  *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought.").

15.     In the instant case, Plaintiff is a citizen of a state (California) that is different from the states of citizenship of Defendant IHGM (Maryland and Georgia), one of the named Defendants.

### 1.     Plaintiff Is A Citizen Of California.

16.     For diversity purposes, a natural person's state citizenship is determined by that person's domicile—*i.e.*, one's "permanent home, where [that person] resides with the intention to remain or to which [that person] intends to return."  *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed").

17.     In this case, Plaintiff alleges that he is a citizen of California. (*See* Ex. A—Complaint, ¶1.)  Specifically, the Complaint alleges that Plaintiff "is at least 18 years of age and is a resident of the state of California." (Ex. A—Complaint, ¶ 1.)

18.     Additionally, Plaintiff provided his home address during the course of his employment for purposes of his personnel files, payroll checks, and tax withholdings.  (Uribe Declaration, ¶ 4.)  A review of Plaintiff's personnel files reveal that throughout the period of his employment, Plaintiff was a resident of California.  (*Id.*)

19.     Plaintiff's intent to remain domiciled in California also is evident from the fact that he brought this lawsuit against Defendants in the Superior Court of the State of California for the County of San Francisco. Therefore, Plaintiff was at all relevant times, and still is, a citizen and resident of the State of California.

2.     **Defendant IHGM Is Not A Citizen Of California, But Rather Is A Citizen of Maryland and Georgia.**

20.     Defendant IHGM is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).

21.     For diversity purposes, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

22.     Defendant IHGM is now, and ever since this action commenced has been, a Maryland Limited Liability Company, organized under the laws of the State of Maryland.  (Uribe Declaration, ¶ 7.)  Thus, for purposes of diversity jurisdiction, Defendant IHGM is a citizen of Maryland.

23.     Further, as shown below, Defendant IHGM's principal place of business is, and has been at all times since this action commenced, located in the State of Georgia.  (Uribe Declaration, ¶ 8.)  Thus, for purposes of diversity jurisdiction, Defendant IHGM is also a citizen of Georgia.

24.     The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010).  Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis.  *Id*. at 92–93 ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092–93 (9th Cir. 1990) (holding that the "nerve center" is where "its executive and administrative functions are performed").

25.     Under the "nerve center" test, Georgia emerges as Defendant IHGM's principal place of business.  Defendant IHGM's corporate headquarters are located in Atlanta, Georgia, where Defendant IHGM's high-level officers direct, control, and coordinate its activities.  (Uribe Declaration, ¶ 8.)  Defendant IHGM's high-level corporate officers maintain offices in Atlanta, and many of Defendant's corporate-level functions are performed in the Atlanta office.  (*Id.*)  Additionally, many of Defendant's executive and administrative functions, including corporate finance and accounting, are directed from the Atlanta headquarters.  (*Id.*) IHGM's sole member is InterContinental Hotels Group Resources, LLC,

a Delaware LLC with its principal place of business in Atlanta, Georgia. InterContinental Hotels Group Resources, LLC's corporate officers maintain offices in Georgia, and a majority of its corporate officers and directors work from its headquarters in Georgia. (*Id.*)

26.    Therefore, for purposes of diversity of citizenship, Defendant IHGM is, and has been at all times since this action commenced, a citizen of the State of Maryland and the State of Georgia.  28 U.S.C. § 1332(c)(1).

27.    Because Plaintiff is a citizen of California and Defendant IHGM, one of the named Defendants, is a citizen of Maryland and Georgia, minimal diversity exists for purposes of CAFA.

### 3.    The Citizenship Of Doe Defendants Should Be Disregarded.

28.    The other defendants named in the Complaint are merely fictitious parties identified as "DOES 1-100" whose citizenship shall be disregarded for purposes of this removal.  28 U.S.C. § 1441(b) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[T]he unknown defendants sued as 'Does' need not be joined in a removal petition.") (citing *Ronson Art Metal Works, Inc. v. Hilton Lite Corp.*, 111 F.Supp. 691, 694 (N.D. Cal. 1953)).

29.    Thus, the existence of "DOES 1-100" in the Complaint does not deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679–80 n.4 (9th Cir. 2006) (rule applied in CAFA removal; "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

### C.    The Amount In Controversy Exceeds The $5 Million Statutory Threshold Under CAFA.

30.    CAFA requires that the amount in controversy exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

31.     In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

32.     The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42–43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

33.     Here, even if the Complaint does not allege an amount in controversy, the removing defendant only needs to prove by a **preponderance of the evidence** that the amount in controversy exceeds that minimum. *Ramos v. MOOG Inc.*, 2020 WL 969023, at *3 (C.D. Cal. Feb. 27, 2020) (applying preponderance of evidence standard to deny motion to remand where plaintiff's class action complaint makes conclusory allegation that the "aggregate claim is under five million dollars"); *see also Dart*, 135 S. Ct. at 553–54 ("Removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the **preponderance of the evidence**, that the amount in controversy exceeds the jurisdictional threshold") (emphasis added, internal alterations omitted); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.  In light of *Standard Fire*, this rule is not altered even if plaintiffs

affirmatively contend in their complaint that damages do not exceed $5 million.") (citations omitted); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that under the "preponderance of the evidence" standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

34.     To satisfy this standard, the "defendants' notice of removal need include **only a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (emphasis added); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases. First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount'") (emphasis added).

35.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204–05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

36.     For purposes of ascertaining the amount in controversy, "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

37.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez*, 728

F.3d at 981 (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

38.     If a plaintiff asserts statutory violations, **the court must assume that the violation rate is 100%** unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought. She did not.

39.     *Muniz*, 2007 WL 1302504, at \*4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at \*5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations . . . Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform . . . policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at \*3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.' It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, \*4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom.*

9

*Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

40.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3–5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio*, *LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d. 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

41.     In this case, Plaintiff seeks to recover, on behalf of himself and the alleged class, alleged unpaid regular and overtime wages, alleged damages and penalties related to their claims of failure to

provide accurate itemized wage statements, alleged unreimbursed business expenses, and restitution based on alleged unfair competition. (Ex. A—Complaint at ¶¶ 37-71, Prayer for Relief.) Plaintiff also seeks attorneys' fees and costs. (*Id.*)

42.    As set forth below, the alleged amount in controversy, implicated by the classwide allegations, exceeds **$30 Million**, even under conservative assumptions discussed herein. All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and solely for purposes of this Notice of Removal, that liability is established.

**1.    The First Cause Of Action For Unpaid Regular and Overtime Wages: The Amount In Controversy Exceeds $20 Million Based On Only Two Hours Of Unpaid Regular Wages Per Employee Per Week.**

43.    Plaintiff's First Cause of Action seeks recovery for unpaid regular and overtime wages among other things (Ex. A—Complaint, ¶¶ 26-28, 37-51, "[d]uring the relevant time period, Defendants willfully failed to pay all wages, including regular, overtime, and vacation wages owed to Plaintiff and class members.") Plaintiff specifically alleges that "[d]efendants require and/or suffer or permit Plaintiff and class members to don and doff their uniforms while off the clock. Employees are required to wear uniforms, which they are not allowed to take home. The uniforms are kept at the hotel. Before the shift starts, employees pick up their uniforms from a machine that they open by swiping their employee ID card. After the shift is over, the uniforms are dropped in a laundry chute. Employees are required and expected to clock in and out in uniform and on time for their scheduled shift. Being late is defined as clocking in at any time after the scheduled start time. The process of picking up the uniform, changing into and out of uniform, and dropping off the uniform is done off the clock and employees are not paid for this time. This process takes approximately 20 to 30 minutes per day. The off-the-clock time described herein includes regular and overtime hours." (Ex. A—Complaint, ¶ 45.)

44.    Plaintiff also alleges that " … [d]efendants unlawfully round employees' time. Employees record their time using a time clock that captures the exact clock in and clock out times (for example, by swiping an employee ID card or using a fingerprint). Defendants do not pay employees for the exact times recorded by the time clock (or the off-the-clock time described above). Instead, Defendants round employees' hours to the nearest 15 minutes. This rounding policy/practice causes

employees to lose time, including because Defendants use a 7-minute grace period and expects employees to work their full scheduled shift." (Ex. A—Complaint, ¶ 46.)

45.    The statute of limitations for recovery for unpaid wages under California Labor Code §§ 510 and 1194 pay is three years.  Cal. Civ. Proc. Code § 338.  The limitations period is extended to four years when a plaintiff also seeks restitution for the Labor Code violations under the UCL.  *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1462, n.12 (2015) (holding that "actions for restitution and under Business and Professions Code section 17200 are subject to a four-year statute of limitation").  Accordingly, the proposed class period for the third cause of action is from **December 29, 2019 until the present**.

46.    As stated above, during the relevant time period identified in the Complaint, Defendants employed approximately 4,068 non-exempt employees in California, who worked a total of approximately 418,874 workweeks. (Uribe Declaration, ¶ 6, 10.) The average hourly rate of pay for these employees is $24.31 per hour. (*Id.* at ¶ 9.)

47.    Based on Plaintiff's allegations of approximately 20-30 minutes **per day** of unpaid off-the-clock time and unlawful rounding, a reasonable estimate of the amount in controversy for Plaintiffs' unpaid wages claim, at 2 hour(s) of unpaid regular wages per employee each week, is **$20,365,653.88** [(2 hours x $24.31/hour[1] x 418,874 workweeks)].  Plaintiff alleges that the alleged unpaid off-the-clock time includes regular and overtime hours, but the amount in controversy calculations in this paragraph are based on an assumption of regular hours only.

48.    Although Defendants deny Plaintiff's allegations, these are very conservative estimations for purposes of calculating the amount in controversy under CAFA removal. Based on Plaintiff's allegations, Plaintiff and the proposed class members were not paid for the time they spent "picking up the uniform, changing into and out of uniform, and dropping off the uniform …." (Ex. A—Complaint, ¶ 45.) Plaintiff specifically alleges that "the process takes approximately 20 to 30 minutes per day," or approximately 1.67 hours (20 x 5 / 60) to 2.5 hours (30 x 5 / 60) per workweek, based on a five-day workweek. (*Id.*) Plaintiff further alleges that the rounding policy "causes employees to lose time,

---

[1] For purposes of the calculations in this Notice of Removal, Defendant utilizes the average hourly rate for the putative class members, which is $24.31/hour. Uribe Decl. ¶ 9.

including because Defendants use a 7-minute grace period ….." (Ex. A—Complaint, ¶ 46.) Because Defendants' calculation of the amount in controversy on Plaintiff's unpaid wages claim is limited to 2 hours of unpaid regular wages per workweek per employee, it is reasonable in light of the allegations of the Complaint.

### 2. The Second Cause Of Action For Failure to Provide Accurate Itemized Wage Statements: The Amount In Controversy Exceeds $6 Million.

49. For Plaintiff's Second Cause of Action, Plaintiff alleges that "[d]efendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The number of hours worked and/or the corresponding hourly rates are inaccurate as a consequence of Defendants' failure to pay regular, overtime, and vacation wages, as set forth herein. In addition, there are wage statements where only vacation wages are paid, and these wage statements do not show the number of vacation hours or the hourly rate." (Ex. A—Complaint, ¶ 54.)

50. Plaintiff further alleges that "[p]laintiff and class members are deemed to have suffered injury because their wage statements did not provide complete and accurate information regarding the total number of hours they worked in a given pay period, the applicable hourly rates in effect during the pay period, and/or the corresponding number of hours worked at each hourly rate." (Ex. A—Complaint, ¶ 58.)

51. As a result, Plaintiff seeks "to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding $4,000 per employee." (Ex. A—Complaint, ¶ 59.)

52. Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee. The statute of limitations for recovery of penalties under Labor Code § 226 is one year. *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a). Because Plaintiff filed his Complaint on December 29, 2023, the statutory period for the claim under California Labor Code § 226 runs from **December 29, 2022 to the present**.

53. During the limitations period of December 29, 2022 to February 23, 2024 there are approximately 2,556 potential class members with 127,660 total weeks worked. (Uribe Declaration,

¶ 11.)  Defendants generally pay non-exempt employees on a bi-weekly basis, so at least 63,830 wage statements were issued to these employees (127,660/2) based on the number of weeks worked. (*Id.*)  When including a $50 penalty for the initial wage statement and $100 for each subsequent wage statement (to a maximum of $4,000 per employee), the amount in controversy on this claim would equal no less than **$6,255,200** ([$100 x 61,274 pay periods (for subsequent wage statements)] + [$50 x 2,556 employees (for initial wage statements)].

### 3.    Attorneys' Fees: The Amount In Controversy Exceeds $6 Million.

54.    Plaintiff also seeks attorneys' fees.  (Ex. A—Prayer for Relief, ¶¶ 5, 14, 18.)  Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is "mandatory or discretionary"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

55.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (citing *Brady*, 243 F. Supp. 2d at 1010–11); *Muniz*, 2007 WL 1302504 at *2 (attorneys' fees "are also properly considered in ascertaining the amount in controversy" for purposes of removal under CAFA).

56.    The Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may

grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

57.     Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases."  *Arias*, 936 F.3d at 922.

58.     In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]he 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78–84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16–18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).

59.     Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$6,655,213.45** in this case, which is 25% of the amount in controversy for the claims alleged in the Complaint and discussed above— **$20,365,653.88** (regular wages claim) + **$6,255,200** (wage statement claim).

**4.      The Total Aggregate Amount In Controversy Exceeds $5 Million.**

60.      Although Defendants deny Plaintiff's allegations that he or the potential class are entitled to any relief for the above-mentioned claims, based on the foregoing calculations, the aggregate amount in controversy for the potential class for all asserted claims is approximately **$33,276,067.28**:

| Cause of Action | Amount in Controversy Based on the Allegations of the Complaint |
|---|---|
| Unpaid Wages Claim | **$20,365,653.88** (2 hours of regular wages per week per employee) |
| Wage Statement Claim | **$6,255,200** (based on 63,830 wage statements) |
| Attorneys' Fees | **$6,655,213.45** (based on 25% of the amount in controversy on the above claims) |
| **Total** | **$33,276,067.28** |

61.      Although Defendants deny Plaintiff's allegations that he or the potential class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and conservative estimates based on those allegations, the total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

62.      Because both minimal diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. § 1441(a).

## IV.      REMOVAL UNDER THE LABOR MANAGEMENT RELATIONS ACT

### A.      Preemption Under Section 301 Of The LMRA Establishes Federal Question Jurisdiction.

63.      Removal is proper where a federal court has original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). In this case, federal question jurisdiction arises out of the fact that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("Section 301" and "LMRA"), 29 U.S.C. § 185.

16

64.    Pursuant to Section 301, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000), *reh'g* denied 281 F.3d 801 (9th Cir. 2002).

65.    A collective bargaining agreement ("CBA") is a contract "between an employer and a labor organization" under 28 U.S.C. § 1441(a), and Section 301 preempts all state-law claims "founded directly on rights created by collective-bargaining agreements." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). Section 301 also "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 451 (1957).

66.    Here, throughout Plaintiff's employment, he and other proposed class members who worked at the same hotel, the InterContinental San Francisco Hotel, were subject to a CBA with the UNITE HERE LOCAL 2 ("Local 2 CBA")[2]. (Uribe Declaration, ¶ 13.)  The CBA explicitly provides Plaintiff and other proposed class members with wage rates, hours of work and shifts, overtime rates, and working conditions, among other things.  (*See, e.g.*, Uribe Declaration, ¶ 13; Ex. A—General Rules Applicable to All Crafts, Section 2. Workday, workweek; Section 3. Shifts; Section 4. Overtime; Section 5.2 Scheduling; Section 5.3 Reporting Pay;  Section 9. Rest Periods; Section 10. Meals; Section 11. Combination Work; Section 21. Pay period; Section 22. Equal pay for men and women; Section 26. Minimum scale; APPENDIX "A" Wage rates; Uribe Decl. ¶ 14; Ex. B and Ex. C.)

---

[2] The initial effective period of the Local 2 CBA in Exhibit A to the Uribe Declaration was from August 14, 2013 to August 14, 2018. (Uribe Declaration, ¶ 14, Ex. A.) The Memorandum of Agreement ("MOA") in Exhibit B, dated November 7, 2022, extends the Local 2 CBA's effective period until August 14, 2024. (Uribe Declaration ¶ 14, Ex. B, "[t]he Parties agree that except as modified in this Agreement, the terms and conditions of the CBA, including all Appendices, Letters of Agreement, Side Letter Agreements, Letters of Understanding and Grievance Resolutions, shall continue in full force and effect until August 14, 2024 (the "Expiration Date"), and, unless either party desires to alter, terminate, or amend it, for successive annual periods.  The CBAs shall automatically be renewed in full force and effect from year to year after August 14, 2024 unless either Party gives at least 90 days' written notice prior to the Expiration Date or any August 14 in succeeding years to the other parties  hereto.") The Memorandum of Understanding ("MOU") in Exhibit C, dated November 5, 2019, provides modifications and amendments to the Local 2 CBA. (Uribe Declaration ¶ 14, Ex. C.)

67.    It is immaterial that the CBA was not alleged in the operative unverified Complaint, because a plaintiff may not avoid federal jurisdiction preemption by artful pleadings. That is no impediment to Defendants' right to remove this action to federal court. Under the "artful pleading" doctrine, a plaintiff may not avoid federal jurisdiction simply by pleading a claim that can be made only under federal law as a state law claim. See *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984), *overruled on other grounds by Allis-Chalmers*, 471 U.S. at 220 ("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provision of the collective bargaining agreement . . . In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law."); *Newberry v. Pac. Racing Assoc.*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("[T]he key to determining the scope of section 301 preemption is not based on how the complaint is framed, but whether the claims can be resolved only by referring to the terms of the bargaining agreement."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").

**B.    Plaintiff's Overtime Wages Claim Is Preempted Because It Is "Created By The CBA Itself" Under The Two-Part Inquiry.**

68.    The Ninth Circuit has developed a two-part inquiry to determine whether the LMRA preempts a state law claim. See *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018) ("This circuit, however, has distilled the Supreme Court's . . . LMRA § 301 case law into a two-part inquiry into the nature of a plaintiff's claim."), *cert. denied*, 139 S. Ct. 1445 (2019).

69.    First, the court evaluates the "legal character" of the claim by asking "whether a particular right is grounded in a CBA" and "whether [the claim] seeks purely to vindicate a right or duty created by the CBA itself." *Id.* at 921 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). "If a claim arises entirely from a right or duty of the CBA," it is preempted. *Id.*

70.     Second, "if a right is not grounded in a CBA," courts must determine "whether litigating the state law claim nonetheless requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Id.*

71.     Under the first part of the inquiry, the question is "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Schurke*, 898 F.3d at 921. The Court must proceed to the second step **only if** the claim seeks to vindicate a right not created by the CBA. See *Curtis*, 913 F.3d at 1153 (explaining if "the claim seek[s] 'to vindicate a right or duty created by the CBA itself … 'then the claim is preempted and [the] analysis ends there'") (internal citations omitted).

72.     Here**,** Plaintiff's First Cause of Action is for "Failure to Pay Regular and Overtime Wages" based on Plaintiff's allegation that putative class members "consistently worked in excess of 8 hours in a day and/or in excess of 40 hours in a week." (Ex. A—Complaint, ¶¶ 41.) Plaintiff specifically alleges that "Defendants' failure to pay Plaintiff and class members the applicable regular, overtime, and vacation wage rates violates the provisions of California Labor Code §§ 510 …." (Ex. A—Complaint, ¶¶ 48.) However, California Labor Code § 514 **expressly preempts** the overtime requirements set forth in California Labor Code § 510:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code §514.

73.     The decision of the Ninth Circuit in *Curtis*, 913 F.3d at 1152, is directly on point. In *Curtis*, the Ninth Circuit held that an employee's claim for overtime pay under § 510 of the California Labor Code existed "solely as a result of the CBA," because the relevant statute governing overtime claims permitted "unionized employees to contract around [the statute's requirements]." *Curtis*, 913 F.3d at 1154-1155. Specifically, § 510(a) states that its requirements "do not apply to the payment of overtime compensation to an employee working pursuant to … a collective bargaining agreement" that

complies with certain requirements. *Id*. at 1153 (quoting Cal. Lab. Code § 510). The Ninth Circuit therefore held that if employers were required to comply with the default rule regarding overtime compensation despite the existence of a qualifying CBA that created alternative arrangements, the statutory language above would be rendered superfluous. *Id*. at 1154. The plaintiff's right to overtime payments therefore existed solely as a result of the CBA, and as such his state law overtime claim was preempted:

> Section 514 in turn states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

> **By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to qualifying CBA.** If Curtis's CBAs in this case meet the requirements of section 514, **Curtis's right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301.**

*Curtis*, 913 F.3d at 1153-1155 (emphasis added).

74. Here, the Local 2 CBA meets the requirements of California Labor Code § 514. First, it provides for the wages, hours of work, premium wage rates for overtime, and working conditions of the covered employees. (Uribe Declaration, ¶ 13; Ex. A— Section 2. Workday, workweek; Section 3. Shifts; Section 4. Overtime; Section 5.2 Scheduling; Section 5.3 Reporting Pay;  Section 9. Rest Periods; Section 10. Meals; Section 11. Combination Work; Section 21. Pay period; Section 22. Equal pay for men and women; Section 26. Minimum scale; Section 30. Adjustment of pay; APPENDIX "A" Wage rates 2013-2018; Uribe Decl. ¶ 14; Ex. B and Ex. C.) The CBA expressly provides for premium wage rates for all overtime hours worked, requiring that "[w]ork in excess of eight (8) hours in a day or forty (40) hours in a week, shall be compensated for at the rate of time and one-half (1-1/2) the regular rate of pay." (Uribe Declaration, ¶ 13; Ex. A —SECTION 4, p. 57.) The CBA also details a variety of overtime rates for different circumstances, such as "[a]ny work performed on the sixth (6th) consecutive day of work shall be compensated at the rate of time and one-half (1-1/2 times) the regular rate of pay. Any work performed on the seventh (7th) consecutive day of work shall be compensated at the rate of double (2 times) the regular rate of pay …. Employees who work more than twelve (12) consecutive

hours shall receive two (2) times their straight time rate of pay for all hours worked in excess of twelve (12) hours." (Uribe Declaration, ¶ 13; Ex. A —SECTION 4, p. 57-58.)

75.    Further, the CBA provides a "regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code §514. Plaintiff's hourly rate of pay in 2023 was $36.18/hour and the average hourly rate for all putative class members was $24.31 (Uribe Declaration, ¶ 9), which are both substantially higher than 30% more than the state minimum wage.[3]

76.    Even if some potential class members do not meet the wage threshold under Labor Code § 514, this alone does not negate Section 301 preemption. It is important to note that not **all** proposed class members must meet the requirement of earning 30% more than the state minimum wage. *See, e.g.*, *Sachs v. Pankow Operating, Inc.*, 2022 WL 489696, at *6 (C.D. Cal. Feb. 16, 2022) (denying motion to remand; "[T]he vast majority of employee-categories in the CBA are assigned hourly rates of pay that greatly exceed § 514's requirement. The Court cannot accept the view that § 514 should not apply to Plaintiff and his fellow employees, when the only argument for the view is that a fraction of those covered by the CBA . . . may have temporarily been paid at a rate that barely missed § 514's requirement . . . .").

### C.    This Court May Exercise Supplemental Jurisdiction Over Plaintiff's Other Claims under 28 U.S.C. 1367(a).

77.    If the Court determines that Plaintiff's overtime wages claim raises a federal question under Section 301 of the LMRA, the Court may exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. section 1367(a), because the claims are part of the "same case and controversy." 28 U.S.C. §§ 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

---

[3] Employees' minimum wage rates of employers with 26 employees or more in California were: $12.00/Hour in 2019 and 2020, $13.00/Hour in 2021, $14.00/Hour in 2022, and $15.50/Hour in 2023. (See "Changes in Basic Minimum Wages in Non-Farm Employment Under State Law: Selected Years 1968 to 2023," U.S. Department of Labor, Wage and Hour Division, https://www.dol.gov/agencies/whd/state/minimum-wage/history.).

78.    Plaintiff's claims for unpaid "regular … and vacation wages" in violation of "California Labor Code §§ 1194, 1197, 1197.1, and 1198" are part of the "same case and controversy" as their preempted claims under California Labor Code § 510 (overtime), because Plaintiff alleges that the Defendants' rounding policy failed to capture both the regular and overtime hours, and the alleged "off-the-clock work "includes regular and overtime hours." (Ex. A—Complaint, ¶ 45-47.) ("The process of picking up the uniform, changing into and out of uniform, and dropping off the uniform is done off the clock and employees are not paid for this time …. The off the clock time described herein includes regular and overtime hours." Complaint ¶ 45.) This allegation indicates that Plaintiff's alleged regular and overtime wages claims are raised under the same alleged conduct of failing to capture or compensate for all hours worked, which would also result in alleged damage calculations that are directly related to each other. (*Id.*)

79.    Plaintiff's claims for failure to provide accurate itemized wage statements in violation of California Labor Code § 226(a) are part of the "same case and controversy" as their preempted claims under California Labor Code § 510 (overtime), because Plaintiff's wage statement claims are derivative of his regular and overtime wages claims. Plaintiff specifically alleges that "[t]he number of hours worked and/or the corresponding hourly rates are inaccurate as a consequence of Defendant's failure to pay regular, overtime, and vacation wages," which shows an alleged causal link between the wage statement claims and the overtime claims.

80.    Plaintiff's claims for failure to reimburse necessary business-related expenses in violation of California Labor Code § 2800 and 2802 are part of the "same case and controversy" because both the overtime wages claim and the business expenses claim stem from the same employment relationship and therefore from "a common nucleus of operative fact." (Ex. A—Complaint, ¶62 and 65, "[d]uring the relevant time period, Defendants have required Plaintiff and other class members to absorb those necessary expenditures and losses, wrongfully shifting Defendants' costs of doing business onto Plaintiff and other class members …. Plaintiff and other class members are entitled to recover … during the course and scope of their employment"). *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990) ("[A] district court may exercise pendent jurisdiction over state law claims arising from a [common] nucleus of operative fact.")

81.     Plaintiff's claims for violation of the Unfair Competition Law ("UCL") arise out of the "same case and controversy" because Plaintiff alleges that "Defendants' policy and practice of failing to pay Plaintiff and class members the proper hourly rate for all … overtime … hours [in] violat[ion] [of] California labor Code §§ 510" constitute violations of the UCL (Ex. A—Complaint, ¶69.) Therefore, the alleged violations of the UCL are simply derivative of, and are based upon, alleged violations of California Labor Code § 510.

82.     Pursuant to U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's remaining causes of action, which are substantially related to the claim for unpaid overtime wages. The UCL claim encompasses every cause of action, which further supports that all causes of action arise from the "same case or controversy." *See Nishimoto*, 903 F.2d at 714. ("[A] district court may exercise pendent jurisdiction over state law claims arising from a [common] nucleus of operative fact."). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint, and Plaintiff "would ordinarily be expected to try [all of her claims] in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-726 (1966).

## V.    VENUE

83.     Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(c).  This action originally was brought in the Superior Court of the State of California for the County of San Francisco, which is located within the Northern District of California.  28 U.S.C. § 84(c).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.    NOTICE TO STATE COURT AND TO PLAINTIFF

84.     Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of San Francisco. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Francisco as required under 28 U.S.C. § 1446(d).

1

## VII.    PRAYER FOR REMOVAL

2          85.       WHEREFORE, Defendants pray that this civil action be removed from Superior Court of

3   the State of California for the County of San Francisco to the United States District Court for the

4   Northern District of California.

5   DATED: February 26, 2024                                    SEYFARTH SHAW LLP

6

7                                                               By: _____

8                                                                   Eric E. Hill
                                                                    Leo Q. Li
9                                                                   Ping Wang

10                                                                  Attorneys for Defendants
                                                                    INTERCONTINENTAL HOTELS GROUP
11                                                                  RESOURCES, LLC; IHG MANAGEMENT
                                                                    (MARYLAND) LLC;
12                                                                  INTERCONTINENTAL HOTELS OF SAN
                                                                    FRANCISCO, INC; SIX CONTINENTS
13                                                                  HOTELS, INC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

308860120v.1

EXHIBIT A

EXHIBIT A

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992)<br>AEQUITAS LEGAL GROUP, 1156 E. Green Street, Ste, 200, Pasadena, CA 91106<br><br>TELEPHONE NO.: (213) 674-6080    FAX NO. (Optional): (213) 674-6081<br>E-MAIL ADDRESS: oscharrer@aequitaslegalgroup.com<br>ATTORNEY FOR (Name): Plaintiff MARK WISE | FOR COURT USE ONLY<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**12/29/2023**<br>**Clerk of the Court**<br>BY: JAMES FORONDA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
WISE v. INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>**CGC-23-611350** |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [x] Large number of separately represented parties
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [x] Substantial amount of documentary evidence
  d. [x] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Four (4)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 29, 2023

Ronald H. Bae
(TYPE OR PRINT NAME)         ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

1  Ronald H. Bae (SBN 186826)
2  Olivia D. Scharrer (SBN 291470)
   Carson M. Turner (SBN 345992)
3  AEQUITAS LEGAL GROUP
   A Professional Law Corporation
4  1156 E. Green Street, Suite 200
   Pasadena, California 91106
5  Telephone:    (213) 674-6080
   Facsimile:    (213) 674-6081
6  Emails:        rbae@aequitaslegalgroup.com
7                 oscharrer@aequitaslegalgroup.com
                  cturner@aequitaslegalgroup.com
8
   Attorneys for Plaintiff MARK WISE
9

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/29/2023**
**Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

10           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11        **COUNTY OF SAN FRANCISCO – CIVIC CENTER COURTHOUSE**

12                                                      **CGC-23-611350**

13  MARK WISE, individually, and on behalf of      **Case No.**
    other members of the general public similarly
14  situated,                                       **CLASS ACTION COMPLAINT**

15
16                   Plaintiff,                      (1)    Violation of California Labor Code
                                                            §§ 510, 1194, 1197, 1197.1, and 1198
17                                                          (Failure to Pay Regular and Overtime
            vs.                                             Wages);
18
19                                                   (2)    Violation of California Labor Code
    INTERCONTINENTAL HOTELS GROUP                          § 226(a) (Failure to Provide Accurate
20  RESOURCES, LLC, a Delaware limited                     Itemized Wage Statements);
    liability company; IHG MANAGEMENT
21  (MARYLAND) LLC, a Maryland limited             (3)    Violation of California Labor Code
    liability company; INTERCONTINENTAL                   §§ 2800 and 2802 (Failure to Reimburse
22  HOTELS OF SAN FRANCISCO, INC., a                      Necessary Business-Related Expenses);
    Delaware corporation; SIX CONTINENTS                  and
23  HOTELS, INC., a Delaware corporation; and
    DOES 1 through 100, inclusive,                 (4)    Violation of California Business &
24                                                         Professions Code §§ 17200, *et seq.*
25
26                   Defendants.
                                                    **JURY TRIAL DEMANDED**
27
28

Plaintiff MARK WISE, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## THE PARTIES

1.      Plaintiff MARK WISE ("Plaintiff") is at least 18 years of age and is a resident of the State of California.

2.      Defendant INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

3.      Defendant IHG MANAGEMENT (MARYLAND) LLC, was and is upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

4.      Defendant INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

5.      Defendant SIX CONTINENTS HOTELS, INC. was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county and in the State of California.

6.      Plaintiff is unaware of the true names or capacities of defendants sued herein under the fictitious names DOES 1 through 100, but prays for leave to amend and serve such fictitiously named defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known.

7.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of  and were acting on behalf of  at all relevant times.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

8.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., and SIX CONTINENTS HOTELS, INC., and DOES 1 through 100 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of Defendants.

9.      Plaintiff is informed and believes, and thereon alleges, that all named Defendants herein are part of an integrated enterprise whereby there exists a common ownership or financial control, common management, centralized control of labor relations, and interrelation of operations of the entities.

10.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to all named Defendants and DOES 1 through 100 as an integrated enterprise.  The acts of any and all Defendants were in accordance with, and represent the official policy of Defendants

11.     At all relevant times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

12.      Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

13.     This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The amount in controversy for each class representative, including claims for compensatory damages and pro rata

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

share of attorneys' fees, is less than $75,000.

14.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

15.    This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

16.    Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

18.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19.    Plaintiff's proposed class consists of and are defined as:

> All non-exempt employees who have worked for Defendants in the State of California at any time between four years prior to the filing of this complaint and the date of final judgment in this action.

20.    Plaintiff reserves the right to establish additional subclasses as appropriate.

21.    There is a well-defined community of interest in the litigation and the class is readily ascertainable:

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

(a)    Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

(c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff and his counsel have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)    Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid

to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

22.     There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendants paid Plaintiff and similarly situated employees less than the applicable minimum wage for all hours worked, as required by California law;

(b)     Whether Defendants paid Plaintiff and similarly situated employees for all of their overtime hours at the correct hourly rate, as required by California law;

(c)      Whether Defendants paid Plaintiff and similarly situated employees for all of their vacation wages at the correct hourly rate, as required by California law;

(d)     Whether Defendants provided accurate, itemized wage statements to Plaintiff and class members, as required by California law;

(e)     Whether Defendants reimbursed Plaintiff and similarly situated employees for all necessary business expenses;

(f)     Whether Defendants' conduct, as described above, was willful or reckless;

(g)     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq*.; and

(j)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

## <u>GENERAL ALLEGATIONS</u>

23.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as non-exempt employees who belong to the class as set forth above.

24.    Defendants have employed Plaintiff MARK WISE as a non-exempt, hourly-paid Sous Chef from approximately February 2008 to the present.  Plaintiff's primary job duties consist of preparing banquet food at the InterContinental San Francisco.

25.    At all relevant times set forth herein, Defendants have systematically failed to pay regular, overtime, and vacation wages to Plaintiff and other similarly situated non-exempt employees (sometimes collectively "employees" or "class members").

26.    Defendants require and/or suffer or permit Plaintiff and class members to don and doff their uniforms while off the clock.  Employees are required to wear uniforms, which they are not allowed to take home.  The uniforms are kept at the hotel.  Before the shift starts, employees pick up their uniforms from a machine that they open by swiping their employee ID card.  After the shift is over, the uniforms are dropped in a laundry chute.  Employees are required and expected to clock in and out in uniform and on time for their scheduled shift.  Being late is defined as clocking in at any time after the scheduled start time.  The process of picking up the uniform, changing into and out of uniform, and dropping off the uniform is done off the clock and employees are not paid for this time.  This process takes approximately 20 to 30 minutes per day. The off-the-clock time described herein includes regular and overtime hours.

27.    Further, Defendants unlawfully round employees' time.  Employees record their time using a time clock that captures the exact clock in and clock out times (for example, by swiping an employee ID card or using a fingerprint).  Defendants do not pay employees for the exact times recorded by the time clock (or the off-the-clock time described above).  Instead, Defendants round employees' hours to the nearest 15 minutes.  This rounding policy/practice causes employees to lose time, including because Defendants use a 7-minute grace period and expects employees to work their full scheduled shift.

28.    Moreover, employees are not paid for all of their earned wages because Defendants pay vacation time at an improperly low rate.  Defendants use a formula to calculate the vacation

1    rate.  As a result of the formula, the vacation rate is less than employees' regular rate of pay, and

2    at times less than minimum wage.

3        29.    At all relevant times set forth herein, Defendants have failed to provide Plaintiff

4    and other similarly situated employees with accurate itemized wage statements, as required by

5    California Labor Code § 226(a).  The number of hours worked and/or the corresponding hourly

6    rates are inaccurate as a consequence of Defendants' failure to pay regular, overtime, and vacation

7    wages, as set forth herein.  In addition, there are wage statements where only vacation wages are

8    paid, and these wage statements do not show the number of vacation hours or the hourly rate.

9        30.    At all relevant times set forth herein, Defendants have failed to reimburse Plaintiff

10    and other similarly situated employees for necessary business expenses, including, but not limited

11    to, using their personal cell phones for work (for example, to communicate with supervisors or to

12    call someone for help if the machine that dispensed the uniforms is not working).  Defendants'

13    pattern and practice is to unlawfully shift the costs of doing business onto Plaintiff and other

14    similarly situated employees by requiring them to pay these necessary work-related expenses out

15    of their own pockets.

16        31.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

17    mentioned, Defendants were advised by skilled lawyers and other professionals, employees and

18    advisors knowledgeable about California labor and wage law, employment and personnel

19    practices, and about the requirements of California law.

20        32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21    should have known that Plaintiff and similarly situated employees were entitled to receive

22    minimum wage for all hours worked as well as overtime pay at one-and-a-half times the regular

23    rate of pay or two-times the regular rate of pay, but that Plaintiff and similarly situated employees

24    were not paid all their hours worked and/or were not paid at the correct hourly rate.

25        33.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or

26    should have known that Plaintiff and similarly situated employees were entitled to receive

27    reimbursement for all necessary business-related expenses incurred by them, and that Plaintiff and

28    other similarly situated employees did incur such expenses and were not reimbursed.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other similarly situated employees were entitled to receive complete and accurate wage statements in accordance with California law, and that such wage statements were not provided.

35.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and other similarly situated employees, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other similarly situated employees that they were properly denied wages, all in order to increase Defendants' profits.

36.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194, 1197, 1197.1, and 1198

### (Against All Defendants)

37.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 36.

38.    California Labor Code § 1197 provides that the minimum wage for employees fixed by any applicable state or local law is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

39.    California Labor Code §§ 1194 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at the legal minimum wage and at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

40.    California Labor Code § 510 codifies the right to overtime compensation at one-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1    and-one-half times the regular hourly rate for hours worked in excess of 8 hours in a day or 40

2    hours in a week or for the first 8 hours worked on the seventh day of work, and to overtime

3    compensation at twice the regular hourly rate for hours worked in excess of 12 hours in a day or in

4    excess of 8 hours in a day on the seventh day of work.

5        41.    During the relevant time period, Plaintiff and class members consistently worked in

6    excess of 8 hours in a day and/or in excess of 40 hours in a week.

7        42.    California Labor Code § 1198 and the applicable Industrial Welfare Commission

8    ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at

9    a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on

10   the number of hours worked by the person on a daily or weekly basis.

11       43.    Specifically, the applicable IWC Wage Order provides that Defendants are and

12   were required to pay Plaintiff and class members employed by Defendants, and working more

13   than 8 hours in a day or more than 40 hours in a workweek, at the rate of time-and-one-half for all

14   hours worked in excess of 8 hours in a day or more than 40 hours in a workweek.

15       44.    During the relevant time period, Defendants willfully failed to pay all wages,

16   including regular, overtime, and vacation wages owed to Plaintiff and class members.

17       45.    Defendants require and/or suffer or permit Plaintiff and class members to don and

18   doff their uniforms while off the clock.  Employees are required to wear uniforms, which they are

19   not allowed to take home.  The uniforms are kept at the hotel.  Before the shift starts, employees

20   pick up their uniforms from a machine that they open by swiping their employee ID card.  After

21   the shift is over, the uniforms are dropped in a laundry chute.  Employees are required and

22   expected to clock in and out in uniform and on time for their scheduled shift.  Being late is defined

23   as clocking in at any time after the scheduled start time.  The process of picking up the uniform,

24   changing into and out of uniform, and dropping off the uniform is done off the clock and

25   employees are not paid for this time.  This process takes approximately 20 to 30 minutes per day.

26   The off-the-clock time described herein includes regular and overtime hours.

27       46.    Further, Defendants unlawfully round employees' time.  Employees record their

28   time using a time clock that captures the exact clock in and clock out times (for example, by

swiping an employee ID card or using a fingerprint).  Defendants do not pay employees for the exact times recorded by the time clock (or the off-the-clock time described above).  Instead, Defendants round employees' hours to the nearest 15 minutes.  This rounding policy/practice causes employees to lose time, including because Defendants use a 7-minute grace period and expects employees to work their full scheduled shift.

47.    Moreover, employees are not paid for all of their earned wages because Defendants pay vacation time at an improperly low rate.  Defendants use a formula to calculate the vacation rate.  As a result of the formula, the vacation rate is less than employees' regular rate of pay, and at times less than minimum wage.

48.    Defendants' failure to pay Plaintiff and class members the applicable regular, overtime, and vacation wage rates violates the provisions of California Labor Code §§ 510, 1194, 1197, 1197.1, and 1198, and is therefore unlawful.

49.    Plaintiff and class members are entitled to recover unpaid wages and such general and special damages as may be appropriate and interest thereon.

50.    Pursuant to California Labor Code § 1194, Plaintiff and class members are entitled to recover their unpaid regular, overtime, and vacation wages, as well as interest, costs, and attorneys' fees.

51.    Pursuant to California Labor Code § 1197.1, Plaintiff is additionally entitled to recover a penalty of $100.00 for the initial failure to timely pay minimum wages, and $250.00 for each subsequent failure to pay minimum wages.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code § 226(a)

### (Against All Defendants)

52.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 51.

53.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

writing showing the following information: (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee

54.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The number of hours worked and/or the corresponding hourly rates are inaccurate as a consequence of Defendants' failure to pay regular, overtime, and vacation wages, as set forth herein.  In addition, there are wage statements where only vacation wages are paid, and these wage statements do not show the number of vacation hours or the hourly rate.

55.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected rights.

56.    Specifically, Plaintiff and other class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).  Plaintiff and other class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) in that it has caused confusion over whether they had received all of the wages owed them, in addition to their difficulty and expense in reconstructing pay records and making mathematical computations to analyze whether the wages paid them did in fact compensate them for all hours worked

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

57.     Furthermore, Labor Code § 226(e)(2)(B) provides that an employee is deemed to suffer injury if the wage statement fails to accurately and completely provide certain pieces of information and the employee cannot promptly and easily determine such information from the wage statement alone.  In relevant part, Labor Code § 226(e)(2)(B) provides that an employee is deemed to suffer injury if the wage statement does not  accurately and completely state the total number of hours worked by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

58.     Plaintiff and class members are deemed to have suffered injury because their wage statements did not provide complete and accurate information regarding the total number of hours they worked in a given pay period, the applicable hourly rates in effect during the pay period, and/or the corresponding number of hours worked at each hourly rate.

59.     Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding $4,000 per employee.

### **THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 2800 and 2802**

**(Against All Defendants)**

60.     Plaintiff incorporates by references and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 59.

61.     At all material times set forth herein, California Labor Code § 2802 provides that an employer must reimburse employees for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.

62.     During the relevant time period, Defendants have required Plaintiff and other class members to absorb those necessary expenditures and losses, wrongfully shifting Defendants' cost of doing business onto Plaintiff and other class members.

63.     At all relevant times set forth herein, Defendants have failed to reimburse Plaintiff and other similarly situated employees for necessary business expenses, including, but not limited

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

to, using their personal cell phones for work (for example, to communicate with supervisors or to call someone for help if the machine that dispensed the uniforms is not working). Defendants' pattern and practice is to unlawfully shift the costs of doing business onto Plaintiff and other similarly situated employees by requiring them to pay these necessary work-related expenses out of their own pockets.

64.     Defendants' pattern and practice was to unlawfully shift the costs of doing business onto Plaintiff and other similarly situated employees by requiring them to pay these necessary work-related expenses out of their own pockets.

65.     Plaintiff and other class members are entitled to recover from Defendants their business-related expenses and the losses charged to them and incurred during the course and scope of their employment, plus interest and an award of costs and reasonable attorneys' fees pursuant to California Labor Code § 2802.

## **FOURTH CAUSE OF ACTION**

### **Violation of California Business & Professions Code §§ 17200, *et seq.***

### **(Against All Defendants)**

66.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 65.

67.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

68.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

69.     A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. In this case, Defendants' policy and practice of failing to pay Plaintiff and class members the proper hourly rates for all regular,

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

overtime, and vacation hours violates California Labor Code §§ 510, 1194, 1197, 1197.1, and 1198; Defendants' policy and practice of failing to provide accurate itemized wage statements violate California Labor Code § 226; and Defendants' policy and practice of not reimbursing Plaintiff and class members for necessary business-related expenses violates California Labor Code §§ 2800 and 2802.

70.    Plaintiff and putative class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

71.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Cause of Action

1.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194, 1197, 1197.1 and 1198 and applicable IWC Wage Orders by willfully failing to pay all wages, including regular, overtime, and vacation wages, due to Plaintiff and class members;

2.    For general unpaid wages at the applicable wage rates and such general and special damages as may be appropriate;

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

3.      For pre-judgment interest on any unpaid wages commencing from the date such amounts were due;

4.      For statutory penalties pursuant to California Labor Code § 1197.1;

5.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

6.      For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

7.      That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

8.      For all actual, consequential and incidental losses and damages, according to proof;

9.      For statutory penalties pursuant to California Labor Code § 226(e); and

10.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code § 2802 by unlawfully failing to indemnify Plaintiff and other class members for losses caused by Defendants' want of ordinary care and for the necessary expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

12.     For all actual damages, according to proof;

13.     For pre-judgment interest on any necessary expenditures or losses paid by Plaintiff and other class members, from the date such amounts were paid; and

14.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 2802(c).

<u>As to the Fourth Cause of Action</u>

15.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, *et seq*. by failing to pay Plaintiff and class members all

wages due to them, including regular, overtime, and vacation wages; failing to provide Plaintiff and class members with compliant wage statements under California Labor Code § 226; and failing to reimburse Plaintiff and class members for necessary business expenses.

16.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

17.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

18.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5; and

19.     For such other and further relief as the Court may deem equitable and appropriate.

Dated:  December 29, 2023                         AEQUITAS LEGAL GROUP

By: _____
        RONALD H. BAE
        OLIVIA D. SCHARRER
        CARSON M. TURNER
        Attorneys for Plaintiff MARK WISE

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**   **MAY 29, 2024**

**TIME:**   **10:30 am**

**PLACE:**   **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110
> no later than 15 days before the case management conference.  However, it would facilitate
> the issuance of a case management order   **without an appearance**   at the case
> management conference if the case management statement is filed and served twenty-five
> days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.   **This case is
eligible for electronic filing and service per Local Rule 2.11.  For more information,
please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place
of filing a written response to the complaint. You must file a written response with the
court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN
> MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR
> OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package
on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed
at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request
a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel
and provide clients with a copy of the ADR Information Package prior to filing the Case
Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
InterContinental Hotels Group Resources, LLC, a Delaware limited liability company;
IHG Management (Maryland) LLC, a Maryland limited liability company; (See Add'l Parties Attcht)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARK WISE, individually, and on behalf of other members of the general public similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse

400 McAllister Street, San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
**CGC-23-611350**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald H. Bae, Aequitas Legal Group, 1156 E. Green Street, Suite 200, Pasadena, CA 91106, Tel.: (213) 674-6080

DATE:
*(Fecha)* **01/03/2024**

Clerk, by
*(Secretario)* **JAMES FORONDA**

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SUM-200(A)

| SHORT TITLE:<br>WISE v. INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

InterContinental Hotels of San Francisco, Inc., a Delaware corporation; Six Continents Hotels, Inc., a Delaware corporation; and DOES 1 through 100, inclusive.

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



### Superior Court of California, County of San Francisco
### Alternative Dispute Resolution
### Information Package



---

The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

---

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*<u>Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint</u>\*\***

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2)  MEDIATION**
Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience  requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF  can  assist  with  mediator selection.  BASF  staff  handles  conflict  checks  and  full  case  management.  The  success  rate  for  the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco  Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional  malpractice, insurance coverage,  toxic torts and industrial accidents. Parties may utilize this  program  at  any  time  throughout  the  litigation  process.  Parties  interested  in  judicial  mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.  There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C)  PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*)

FOR COURT USE ONLY

TELEPHONE NO.:

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
| | **DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process** (describe) _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____
3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____          _____
Name of Party Stipulating                                    Name of Party Stipulating

_____          _____
Name of Party or Attorney Executing Stipulation        Name of Party or Attorney Executing Stipulation

_____          _____
Signature of Party or Attorney                              Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant        ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____                    Dated: _____

☐ *Additional signature(s) attached*

# EXHIBIT B

EXHIBIT B

1  Ronald H. Bae (SBN 186826)
2  Olivia D. Scharrer (SBN 291470)
   Carson M. Turner (SBN 345992)
3  AEQUITAS LEGAL GROUP
   A Professional Law Corporation
4  1156 E. Green Street, Suite 200
   Pasadena, California 91106
5  Telephone:    (213) 674-6080
   Facsimile:    (213) 674-6081
6  Emails:       rbae@aequitaslegalgroup.com
                 oscharrer@aequitaslegalgroup.com
7                cturner@aequitaslegalgroup.com
8
   Attorneys for Plaintiff MARK WISE
9

10        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11     **COUNTY OF SAN FRANCISCO – CIVIC CENTER COURTHOUSE**

12

13  MARK WISE, individually, and on behalf of     **Case No.  CGC-23-611350**
    other members of the general public similarly
14  situated,
                                                   **PROOF OF SERVICE OF SUMMONS**
15                                                 **AND COMPLAINT ON DEFENDANTS**

16              Plaintiff,

17
                vs.
18

19
    INTERCONTINENTAL HOTELS GROUP
20  RESOURCES, LLC, a Delaware limited
    liability company; IHG MANAGEMENT
21  (MARYLAND) LLC, a Maryland limited
    liability company; INTERCONTINENTAL
22  HOTELS OF SAN FRANCISCO, INC., a
    Delaware corporation; SIX CONTINENTS
23  HOTELS, INC., a Delaware corporation; and
    DOES 1 through 100, inclusive,
24

25              Defendants.

26                                                 [Complaint filed: December 29, 2023]

27

28

-1-
**PROOF OF SERVICE OF SUMMONS & COMPLAINT ON DEFENDANTS**

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that the Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution Information Package, and Notice of Case Management Conference have been served on the named Defendants.  A true and correct copy of the Notice and Acknowledgment of Receipt signed by Defendants' counsel on January 26, 2024 is attached hereto as **Exhibit A**.

Date:   January 31, 2024                              AEQUITAS LEGAL GROUP

                                                      By: _____
                                                           RONALD H. BAE
                                                           OLIVIA D. SCHARRER
                                                           CARSON M. TURNER
                                                      Attorneys for Plaintiff MARK WISE

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

# EXHIBIT  A

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992) AEQUITAS LEGAL GROUP, A Professional Law Corporation 1156 E. Green Street, Suite 200 Pasadena, CA 91106 TELEPHONE NO.: (213) 674-6080    FAX NO. *(Optional)*: (213) 674-6081 E-MAIL ADDRESS *(Optional)*: rbae@aequitaslegalgroup.com ATTORNEY FOR *(Name)*: Plaintiff MARK WISE | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Mark Wise

DEFENDANT/RESPONDENT: InterContinental Hotels Group Resources, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-23-611350 |
|---|---|

TO *(insert name of party being served)*: InterContinental Hotels Group Resources, LLC, et al.; (See MC-025 Attached)

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/8/2024

Michaela Murphy
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify)*:

Civil Case Cover Sheet; Alternative Dispute Resolution Packet; Notice of Case Management Conference

*(To be completed by recipient)*:

Date this form is signed: January 26, 2024

Eric E. Hill  on behalf of
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)
InterContinental Hotels Group Resources, LLC; IHG Management (Maryland) LLC; InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

► _____  Attorney for Defendants
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wise v. InterContinental Hotels Group Resources, LLC, et al. | CG-23-611350 |

**ATTACHMENT** *(Number):* 1 (One)

*(This Attachment may be used with any Judicial Council form.)*

IHG Management (Maryland) LLC; InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 1 **of** 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and my business address is 1156 E. Green Street, Suite 200, Pasadena, California 91106.

On January 31, 2024, I served the document described as **PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS** on the following interested parties and/or their counsel in this action by the method(s) noted below:

| | |
|---|---|
| Eric E. Hill<br>SEYFARTH SHAW LLP<br>560 Mission Street Suite 3100<br>San Francisco, CA 94105<br>Telephone:    (415) 544-1037<br>Facsimile:    (415) 839-9037<br>Emails:        ehill@seyfarth.com | Kiersten A. Wiens<br>SEYFARTH SHAW LLP<br>2029 Century Park East Suite 3500<br>Los Angeles, CA 90067<br>Telephone:    (310) 277-7200<br>Facsimile:    (310) 201-5219<br>Email:        kwiens@seyfarth.com |

Attorneys for Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., and SIX CONTINENTS HOTELS, INC.

☐    **(BY FIRST CLASS MAIL):**  I caused an envelope containing the above-described document to be deposited in the United States mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

☐    **(BY EXPRESS MAIL):**  I placed the above-described document in an envelope for collection and delivery on this date in accordance with the standard express mail procedures of the United States Postal Service.

☒    **(BY EMAIL):**  The above-described document was emailed to the above addressee(s)' email address(es) as full and complete service pursuant to California Code of Civil Procedure § 1010.6(a).

☐    **(BY ELECTRONIC SERVICE):**  I caused the above-described document to be served electronically via Green Filing (authorized and court-approved Electronic Filing Service Provider).

☐    **(BY PERSONAL SERVICE):**  I personally served the above-described document to the above addressee(s) on this day.

☒    **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 31, 2024, at Pasadena, California.

_____
MICHAELA MURPHY

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992)<br>AEQUITAS LEGAL GROUP, A Professional Law Corporation<br>1156 E. Green Street, Suite 200<br>Pasadena, CA 91106 | |

TELEPHONE NO.: (213) 674-6080　　　FAX NO. *(Optional):* (213) 674-6081
E-MAIL ADDRESS *(Optional):* rbae@aequitaslegalgroup.com
ATTORNEY FOR *(Name):* Plaintiff MARK WISE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARK WISE<br>DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CASE NUMBER:<br>CGC-23-611350 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons

   b. ☒ complaint

   c. ☒ Alternative Dispute Resolution (ADR) package

   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☒ other *(specify documents):* Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
      Defendant IHG Management (Maryland) LLC

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Eric E. Hill (counsel for Defendant IHG Management (Maryland) LLC)

4. Address where the party was served:
   EHill@seyfarth.com (counsel consented to electronic service)

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party   (1) on *(date):*                (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*                at *(time):*              I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*            from *(city):*              or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARK WISE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CGC-23-611350 |

5.  c.  ☒  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* January 8, 2024     (2) from *(city):* Pasadena

    (3) ☒ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):* IHG Management (Maryland) LLC

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☒ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a.  Name: Michaela Murphy

  b.  Address: 1156 E. Green Street, Suite 200, Pasadena, CA 91106

  c.  Telephone number: (213) 674-6080

  d.  **The fee for service was:** $ 0.00

  e.  I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner   ☐ employee   ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 16, 2024

Michaela Murphy
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992) AEQUITAS LEGAL GROUP, A Professional Law Corporation 1156 E. Green Street, Suite 200 Pasadena, CA 91106 | |

TELEPHONE NO.: (213) 674-6080      FAX NO. *(Optional):* (213) 674-6081
E-MAIL ADDRESS *(Optional):* rbae@aequitaslegalgroup.com
ATTORNEY FOR *(Name):* Plaintiff MARK WISE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Mark Wise

DEFENDANT/RESPONDENT: InterContinental Hotels Group Resources, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-23-611350 |
|---|---|

TO *(insert name of party being served):* InterContinental Hotels Group Resources, LLC, et al.; (See MC-025 Attached)

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/8/2024

Michaela Murphy
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

Civil Case Cover Sheet; Alternative Dispute Resolution Packet; Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed: January 26, 2024

Eric E. Hill on behalf of
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____ Attorney for Defendants
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

InterContinental Hotels Group Resources, LLC; IHG Management (Maryland) LLC;
InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

MC-025

| SHORT TITLE: Wise v. InterContinental Hotels Group Resources, LLC, et al. | CASE NUMBER: CG-23-611350 |
|---|---|

**ATTACHMENT** *(Number):* 1 (One)

*(This Attachment may be used with any Judicial Council form.)*

IHG Management (Maryland) LLC; InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and my business address is 1156 E. Green Street, Suite 200, Pasadena, California 91106.

On February 16, 2024, I served the document described as **PROOF OF SERVICE OF SUMMONS** on the following interested parties and/or their counsel in this action by the method(s) noted below:

| | |
|---|---|
| Eric E. Hill<br>Ping Wang<br>SEYFARTH SHAW LLP<br>560 Mission Street Suite 3100<br>San Francisco, CA 94105<br>Telephone:      (415) 544-1037<br>Facsimile:       (415) 839-9037<br>Emails:          ehill@seyfarth.com<br>                       pwang@seyfarth.com | Kiersten A. Wiens<br>SEYFARTH SHAW LLP<br>2029 Century Park East Suite 3500<br>Los Angeles, CA 90067<br>Telephone:      (310) 277-7200<br>Facsimile:       (310) 201-5219<br>Email:            kwiens@seyfarth.com |

Attorneys for Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., and SIX CONTINENTS HOTELS, INC.

☐ **(BY FIRST CLASS MAIL):**  I caused an envelope containing the above-described document to be deposited in the United States mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

☐ **(BY EXPRESS MAIL):**  I placed the above-described document in an envelope for collection and delivery on this date in accordance with the standard express mail procedures of the United States Postal Service.

☑ **(BY EMAIL):**  The above-described document was emailed to the above addressee(s)' email address(es) pursuant to Code of Civil Procedure § 1010.6(a).

☐ **(BY ELECTRONIC SERVICE):**  I caused the above-described document to be served electronically via Case Anywhere (authorized and court-approved Electronic Filing Service Provider).

☐ **(BY PERSONAL SERVICE):**  I personally served the above-described document to the above addressee(s) on this day.

☑ **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 16, 2024 at Pasadena, California.

_____
MICHAELA MURPHY

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992)<br>AEQUITAS LEGAL GROUP, A Professional Law Corporation<br>1156 E. Green Street, Suite 200<br>Pasadena, CA 91106 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (213) 674-6080      FAX NO. *(Optional):* (213) 674-6081
E-MAIL ADDRESS *(Optional):* rbae@aequitaslegalgroup.com
ATTORNEY FOR *(Name):* Plaintiff MARK WISE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARK WISE<br>DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CASE NUMBER:<br>CGC-23-611350 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
      Defendant InterContinental Hotels Group Resources, LLC
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Eric E. Hill (counsel for Defendant InterContinental Hotels Group Resources, LLC)

4. Address where the party was served:
   EHill@seyfarth.com (counsel consented to electronic service)

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):*                 (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*              at *(time):*              I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*              from *(city):*              **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

POS-010

| PLAINTIFF/PETITIONER:   MARK WISE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CGC-23-611350 |

5.  c.  [✗]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):* January 8, 2024        (2)  from *(city):* Pasadena

    (3)  [✗]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify):*

  c.  [ ]  as occupant.

  d.  [✗]  On behalf of *(specify):* InterContinental Hotels Group Resources, LLC

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [✗] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**

  a.  Name:  Michaela Murphy

  b.  Address:  1156 E. Green Street, Suite 200, Pasadena, CA 91106

  c.  Telephone number: (213) 674-6080

  d.  **The fee** for service was: $ 0.00

  e.  I am:

    (1)  [✗]  not a registered California process server.

    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [ ]  a registered California process server:

      (i)  [ ] owner   [ ] employee   [ ] independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  [✗]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 16, 2024

Michaela Murphy
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶   _____
             (SIGNATURE)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992)
AEQUITAS LEGAL GROUP, A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, CA 91106
TELEPHONE NO.: (213) 674-6080    FAX NO. *(Optional):* (213) 674-6081
E-MAIL ADDRESS *(Optional):* rbae@aequitaslegalgroup.com
ATTORNEY FOR *(Name):* Plaintiff MARK WISE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Mark Wise

DEFENDANT/RESPONDENT: InterContinental Hotels Group Resources, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-23-611350 |
|---|---|

TO *(insert name of party being served):* InterContinental Hotels Group Resources, LLC, et al.; (See MC-025 Attached)

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/8/2024

Michaela Murphy
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Civil Case Cover Sheet; Alternative Dispute Resolution Packet; Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed: January 26, 2024

Eric E. Hill  on behalf of
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
InterContinental Hotels Group Resources, LLC; IHG Management (Maryland) LLC;
InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

► _____  Attorney for Defendants
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wise v. InterContinental Hotels Group Resources, LLC, et al. | CG-23-611350 |

**ATTACHMENT** *(Number):* 1 (One)

*(This Attachment may be used with any Judicial Council form.)*

IHG Management (Maryland) LLC; InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 1 **of** 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and my business address is 1156 E. Green Street, Suite 200, Pasadena, California 91106.

On February 16, 2024, I served the document described as **PROOF OF SERVICE OF SUMMONS** on the following interested parties and/or their counsel in this action by the method(s) noted below:

| | |
|---|---|
| Eric E. Hill<br>Ping Wang<br>SEYFARTH SHAW LLP<br>560 Mission Street Suite 3100<br>San Francisco, CA 94105<br>Telephone:    (415) 544-1037<br>Facsimile:    (415) 839-9037<br>Emails:        ehill@seyfarth.com<br>                    pwang@seyfarth.com | Kiersten A. Wiens<br>SEYFARTH SHAW LLP<br>2029 Century Park East Suite 3500<br>Los Angeles, CA 90067<br>Telephone:    (310) 277-7200<br>Facsimile:    (310) 201-5219<br>Email:        kwiens@seyfarth.com |

Attorneys for Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., and SIX CONTINENTS HOTELS, INC.

☐ **(BY FIRST CLASS MAIL):** I caused an envelope containing the above-described document to be deposited in the United States mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

☐ **(BY EXPRESS MAIL):** I placed the above-described document in an envelope for collection and delivery on this date in accordance with the standard express mail procedures of the United States Postal Service.

☑ **(BY EMAIL):** The above-described document was emailed to the above addressee(s)' email address(es) pursuant to Code of Civil Procedure § 1010.6(a).

☐ **(BY ELECTRONIC SERVICE):** I caused the above-described document to be served electronically via Case Anywhere (authorized and court-approved Electronic Filing Service Provider).

☐ **(BY PERSONAL SERVICE):** I personally served the above-described document to the above addressee(s) on this day.

☑ **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 16, 2024 at Pasadena, California.

_____
MICHAELA MURPHY

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992)<br>AEQUITAS LEGAL GROUP, A Professional Law Corporation<br>1156 E. Green Street, Suite 200<br>Pasadena, CA 91106 | **FOR COURT USE ONLY** |

    TELEPHONE NO.: (213) 674-6080       FAX NO. *(Optional):* (213) 674-6081
E-MAIL ADDRESS *(Optional):* rbae@aequitaslegalgroup.com
ATTORNEY FOR *(Name):* Plaintiff MARK WISE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: MARK WISE<br>DEFENDANT/RESPONDENT:INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CASE NUMBER:<br>CGC-23-611350 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [✖] summons

   b. [✖] complaint

   c. [✖] Alternative Dispute Resolution (ADR) package

   d. [✖] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [✖] other *(specify documents):* Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
   Defendant InterContinental Hotels of San Francisco, Inc.

   b. [✖] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Eric E. Hill (counsel for Defendant InterContinental Hotels of San Francisco, Inc.)

4. Address where the party was served:
   EHill@seyfarth.com (counsel consented to electronic service)

5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*              at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*                **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   MARK WISE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CGC-23-611350 |

5.  c.  [×]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):* January 8, 2024            (2)  from *(city):* Pasadena

  (3)  [×]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

  (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

  [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of  *(specify):*

  c.  [ ]  as occupant.

  d.  [×]  On behalf of *(specify):* InterContinental Hotels of San Francisco, Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [×]  416.10 (corporation) | [ ]  415.95 (business organization, form unknown) |
| [ ]  416.20 (defunct corporation) | [ ]  416.60 (minor) |
| [ ]  416.30 (joint stock company/association) | [ ]  416.70 (ward or conservatee) |
| [ ]  416.40 (association or partnership) | [ ]  416.90 (authorized person) |
| [ ]  416.50 (public entity) | [ ]  415.46 (occupant) |
| | [ ]  other: |

7.  **Person who served papers**

  a.  Name:  Michaela Murphy

  b.  Address:  1156 E. Green Street, Suite 200, Pasadena, CA 91106

  c.  Telephone number: (213) 674-6080

  d.  **The fee** for service was: $ 0.00

  e.  I am:

    (1)  [×]  not a registered California process server.

    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [ ]  a registered California process server:

      (i)  [ ]  owner      [ ]  employee      [ ]  independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  [×]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 16, 2024

Michaela Murphy

▶

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992) <br> AEQUITAS LEGAL GROUP, A Professional Law Corporation <br> 1156 E. Green Street, Suite 200 <br> Pasadena, CA 91106 <br> TELEPHONE NO.: (213) 674-6080  FAX NO. *(Optional):* (213) 674-6081 <br> E-MAIL ADDRESS *(Optional):* rbae@aequitaslegalgroup.com <br> ATTORNEY FOR *(Name):* Plaintiff MARK WISE | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Mark Wise

DEFENDANT/RESPONDENT: InterContinental Hotels Group Resources, LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> CGC-23-611350 |
|---|---|

TO *(insert name of party being served):* InterContinental Hotels Group Resources, LLC, et al.; (See MC-025 Attached)

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/8/2024

Michaela Murphy
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*

Civil Case Cover Sheet; Alternative Dispute Resolution Packet; Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed:  January 26, 2024

Eric E. Hill  on behalf of
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
InterContinental Hotels Group Resources, LLC; IHG Management (Maryland) LLC;
InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

► _____  Attorney for Defendants
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |
|---|---|---|

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wise v. InterContinental Hotels Group Resources, LLC, et al. | CG-23-611350 |

**ATTACHMENT** *(Number):* 1 (One)

*(This Attachment may be used with any Judicial Council form.)*

IHG Management (Maryland) LLC; InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 1 **of** 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and my business address is 1156 E. Green Street, Suite 200, Pasadena, California 91106.

On February 16, 2024, I served the document described as **PROOF OF SERVICE OF SUMMONS** on the following interested parties and/or their counsel in this action by the method(s) noted below:

| | |
|---|---|
| Eric E. Hill<br>Ping Wang<br>SEYFARTH SHAW LLP<br>560 Mission Street Suite 3100<br>San Francisco, CA 94105<br>Telephone:    (415) 544-1037<br>Facsimile:    (415) 839-9037<br>Emails:    ehill@seyfarth.com<br>            pwang@seyfarth.com | Kiersten A. Wiens<br>SEYFARTH SHAW LLP<br>2029 Century Park East Suite 3500<br>Los Angeles, CA 90067<br>Telephone:    (310) 277-7200<br>Facsimile:    (310) 201-5219<br>Email:    kwiens@seyfarth.com |

Attorneys for Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., and SIX CONTINENTS HOTELS, INC.

☐  **(BY FIRST CLASS MAIL):** I caused an envelope containing the above-described document to be deposited in the United States mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

☐  **(BY EXPRESS MAIL):** I placed the above-described document in an envelope for collection and delivery on this date in accordance with the standard express mail procedures of the United States Postal Service.

☑  **(BY EMAIL):** The above-described document was emailed to the above addressee(s)' email address(es) pursuant to Code of Civil Procedure § 1010.6(a).

☐  **(BY ELECTRONIC SERVICE):** I caused the above-described document to be served electronically via Case Anywhere (authorized and court-approved Electronic Filing Service Provider).

☐  **(BY PERSONAL SERVICE):** I personally served the above-described document to the above addressee(s) on this day.

☑  **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 16, 2024 at Pasadena, California.

_____
MICHAELA MURPHY

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992)<br>AEQUITAS LEGAL GROUP, A Professional Law Corporation<br>1156 E. Green Street, Suite 200<br>Pasadena, CA 91106 | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.: (213) 674-6080          FAX NO. *(Optional):*  (213) 674-6081
E-MAIL ADDRESS *(Optional):*  rbae@aequitaslegalgroup.com
ATTORNEY FOR *(Name):*  Plaintiff MARK WISE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: MARK WISE

DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al.

CASE NUMBER:
CGC-23-611350

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  [✱] summons

    b.  [✱] complaint

    c.  [✱] Alternative Dispute Resolution (ADR) package

    d.  [✱] Civil Case Cover Sheet *(served in complex cases only)*

    e.  [ ] cross-complaint

    f.  [✱] other *(specify documents):* Notice of Case Management Conference

3.  a.  Party served *(specify name of party as shown on documents served):*
        Six Continents Hotels, Inc.

    b.  [✱] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
            under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
            Eric E. Hill (counsel for Defendant Six Continents Hotels, Inc.)

4.  Address where the party was served:
    EHill@seyfarth.com (counsel consented to electronic service)

5.  I served the party *(check proper box)*

    a.  [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
            receive service of process for the party  (1) on *(date):*                (2) at *(time):*

    b.  [ ]  **by substituted service.** On *(date):*                at *(time):*            I left the documents listed in item 2 with or
            in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                address of the person to be served, other than a United States Postal Service post office box. I informed
                him or her of the general nature of the papers.

        (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                *(date):*                from *(city):*                    **or** [ ]  a declaration of mailing is attached.

        (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER:   MARK WISE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, et al. | CGC-23-611350 |

5.  c.  ☒  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):* January 8, 2024     (2)  from *(city):* Pasadena

  (3)  ☒  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

  (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*


  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of  *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):* Six Continents, Inc.

  under the following Code of Civil Procedure section:

  ☒  416.10 (corporation)        ☐  415.95 (business organization, form unknown)
  ☐  416.20 (defunct corporation)     ☐  416.60 (minor)
  ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
  ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
  ☐  416.50 (public entity)       ☐  415.46 (occupant)
                   ☐  other:

7.  **Person who served papers**

  a.  Name:  Michaela Murphy

  b.  Address:  1156 E. Green Street, Suite 200, Pasadena, CA 91106

  c.  Telephone number: (213) 674-6080

  d.  **The fee** for service was: $ 0.00

  e.  I am:

   (1)  ☒  not a registered California process server.

   (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

   (3)  ☐  a registered California process server:

    (i)  ☐  owner     ☐  employee     ☐  independent contractor.

    (ii)  Registration No.:

    (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  February 16, 2024

Michaela Murphy
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ronald H. Bae (186826); Olivia D. Scharrer (291470); Carson M. Turner (345992)<br>AEQUITAS LEGAL GROUP, A Professional Law Corporation<br>1156 E. Green Street, Suite 200<br>Pasadena, CA 91106<br>TELEPHONE NO.: (213) 674-6080     FAX NO. *(Optional):* (213) 674-6081<br>E-MAIL ADDRESS *(Optional):* rbae@aequitaslegalgroup.com<br>ATTORNEY FOR *(Name):* Plaintiff MARK WISE | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: Same as above<br>CITY AND ZIP CODE: San Francisco 94102<br>BRANCH NAME: Civic Center Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Mark Wise<br><br>DEFENDANT/RESPONDENT: InterContinental Hotels Group Resources, LLC, et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-23-611350 |

TO *(insert name of party being served):* InterContinental Hotels Group Resources, LLC, et al.; (See MC-025 Attached)

| **NOTICE** |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.<br><br>If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: 1/8/2024

Michaela Murphy
_____         ►  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*

   Civil Case Cover Sheet; Alternative Dispute Resolution Packet; Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed: January 26, 2024

Eric E. Hill  on behalf of                              ►  _____  Attorney for Defendants
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
InterContinental Hotels Group Resources, LLC; IHG Management (Maryland) LLC;
InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Wise v. InterContinental Hotels Group Resources, LLC, et al. | CG-23-611350 |

**ATTACHMENT** *(Number):* 1 (One)

*(This Attachment may be used with any Judicial Council form.)*

IHG Management (Maryland) LLC; InterContinental Hotels of San Francisco, Inc.; and Six Continents Hotels, Inc.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

**Page** 1 **of** 1

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in the county of Los Angeles, State of California.  I am over the age of 18, and my business address is 1156 E. Green Street, Suite 200, Pasadena, California 91106.

4

On February 16, 2024, I served the document described as **PROOF OF SERVICE OF SUMMONS** on the following interested parties and/or their counsel in this action by the method(s) noted below:

5

6

7

8

9

10

11

| | |
|---|---|
| Eric E. Hill<br>Ping Wang<br>SEYFARTH SHAW LLP<br>560 Mission Street Suite 3100<br>San Francisco, CA 94105<br>Telephone:    (415) 544-1037<br>Facsimile:    (415) 839-9037<br>Emails:        ehill@seyfarth.com<br>                    pwang@seyfarth.com | Kiersten A. Wiens<br>SEYFARTH SHAW LLP<br>2029 Century Park East Suite 3500<br>Los Angeles, CA 90067<br>Telephone:    (310) 277-7200<br>Facsimile:    (310) 201-5219<br>Email:          kwiens@seyfarth.com |

12

13

Attorneys for Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., and SIX CONTINENTS HOTELS, INC.

14

☐    **(BY FIRST CLASS MAIL):**  I caused an envelope containing the above-described document to be deposited in the United States mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

15

16

☐    **(BY EXPRESS MAIL):**  I placed the above-described document in an envelope for collection and delivery on this date in accordance with the standard express mail procedures of the United States Postal Service.

17

18

☑    **(BY EMAIL):**  The above-described document was emailed to the above addressee(s)' email address(es) pursuant to Code of Civil Procedure § 1010.6(a).

19

20

☐    **(BY ELECTRONIC SERVICE):**  I caused the above-described document to be served electronically via Case Anywhere (authorized and court-approved Electronic Filing Service Provider).

21

22

☐    **(BY PERSONAL SERVICE):**  I personally served the above-described document to the above addressee(s) on this day.

23

☑    **(STATE):**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

Executed on February 16, 2024 at Pasadena, California.

25

26

27

_____

MICHAELA MURPHY

28

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

# EXHIBIT C

# EXHIBIT C

1

**SEYFARTH SHAW LLP**
Eric E. Hill (SBN 173247)

2

ehill@seyfarth.com
Ping Wang (SBN 351428)

3

pwang@seyfarth.com
560 Mission Street, 31st Floor

4

San Francisco, California 94105-2930
Telephone:    (415) 397-2823

5

Facsimile:    (415) 397-8549

6

Leo Q. Li (SBN 293539)

7

lli@seyfarth.com
2029 Century Park East, Suite 3500

8

Los Angeles, California 90067-3021
Telephone:    (310) 277-7200

9

Facsimile:    (310) 201-5219

Attorneys for Defendants

10

INTERCONTINENTAL HOTELS GROUP
RESOURCES, LLC; IHG MANAGEMENT

11

(MARYLAND) LLC; INTERCONTINENTAL HOTELS
OF SAN FRANCISCO, INC; SIX CONTINENTS

12

HOTELS, INC

13

14

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

15

### COUNTY OF SAN FRANCISCO – CIVIC CENTER COURTHOUSE

16

17

MARK WISE, individually, and on behalf of other
members of the general public similarly situated,

Case No.:  CGC-23-611350

18

19

Plaintiff,

**DEFENDANTS' ANSWER TO
PLAINTIFF'S UNVERIFIED CLASS
ACTION COMPLAINT**

v.

20

INTERCONTINENTAL HOTELS GROUP

Complaint Filed: December 29, 2023

21

RESOURCES, LLC, a Delaware limited liability
company; IHG MANAGEMENT (MARYLAND)

22

LLC, a Maryland limited liability company;
INTERCONTINENTAL HOTELS OF SAN

23

FRANCISCO, INC., a Delaware corporation; SIX
CONTINENTS HOTELS, INC., a Delaware

24

corporation; and DOES 1 through 100, inclusive,

25

Defendants.

26

27

28

308787741v.1

1      Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG

2    MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO,

3    INC, and SIX CONTINENTS HOTELS, INC. ("Defendants"), hereby answer the unverified Class

4    Action Complaint ("Complaint") filed by Plaintiff MARK WISE ("Plaintiff") as follows:

5                          **GENERAL DENIAL**

6      Pursuant to California Code of Civil Procedure section 431.30, Defendants deny, generally and

7    specifically, each and every allegation, statement, matter and each purported cause of action contained

8    in Plaintiff's Complaint, and without limiting the generality of the foregoing, deny generally and

9    specifically that Plaintiff or any individual he seeks to represent has been damaged in any way by reason

10   of any acts or omissions of Defendants.

11             **AFFIRMATIVE AND OTHER DEFENSES**

12      Defendants assert the following affirmative and other defenses without assuming any burdens of

13   production or proof that, pursuant to law, belong to Plaintiff.  Defendants reserve the right to amend

14   their answer and to assert any additional defenses and affirmative defenses as may become available or

15   apparent during the course of this litigation.

16                     **FIRST DEFENSE**

17             **(Failure to State a Cause of Action)**

18      1.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against

19   Defendants.

20                  **SECOND DEFENSE**

21               **(Statute of Limitations)**

22      2.     Plaintiff's purported causes of action are barred, in whole or in part, by the applicable

23   statutes of limitations, including, but not limited to, the limitations contained in California Code of Civil

24   Procedure sections 338, 340, 343, and California Business and Professions Code section 17208.

25                  **THIRD DEFENSE**

26                  **(Laches)**

27      3.     The Complaint, and each and every cause of action alleged therein, is barred by the

28   doctrine of laches.

308787741v.1

## FOURTH DEFENSE

### (Waiver)

4.    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## FIFTH DEFENSE

### (Estoppel)

5.    Plaintiff, and those individuals he seeks to represent, are estopped by their conduct to assert any cause of action against Defendants.

## SIXTH DEFENSE

### (Unclean Hands)

6.    Plaintiff's claims, and the claims of those he seeks to represent, are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

7.    Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

## EIGHTH DEFENSE

### (Consent)

8.    Plaintiff, and those individuals he seeks to represent, are precluded from recovery for any alleged wrongs to which they consented.

## NINTH DEFENSE

### (Release)

9.    Plaintiff's claims, and the claims of those he seeks to represent, are barred in whole or in part to the extent that Plaintiff and/or any individual he seeks to represent entered into a valid release, or is covered by a valid release, in relation to the subject claims.

## TENTH DEFENSE

### (Res Judicata and Collateral Estoppel)

10.    Plaintiff's Complaint, and each and every claim for relief alleged therein, is barred by the

2

doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff and/or any employee he seeks to represent has asserted in any prior legal or administrative proceeding that he or she was entitled to payment of wages, damages, liquidated damages, penalties, or other amounts, and did not prevail on such claim.

## ELEVENTH DEFENSE

### (Contribution by Plaintiff's Own Acts)

11.    If the injuries and/or alleged damages in the Complaint occurred at all (which Defendants deny), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act, or those acts, omissions, and/or failures to act, of any employee he seeks to represent.

## TWELFTH DEFENSE

### (Not Employed by Defendants)

12.    Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent that Plaintiff alleges claims for time periods during which he and/or anyone he seeks to represent was not employed by one or more of the Defendants.

## THIRTEENTH DEFENSE

### (Indemnity/Contribution)

13.    Defendants allege as to each and every cause of action that they are entitled to indemnification and contribution by apportionment against all parties, persons or entities whose acts or omissions directly or proximately caused or contributed to the incident alleged in the Complaint, or to the damages allegedly sustained by Plaintiff and those he seeks to present, if any, either as alleged in the Complaint or otherwise.

## FOURTEENTH DEFENSE

### (Accord and Satisfaction)

14.    Plaintiff's claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and those he seeks to represent were properly and fully compensated for all work performed for Defendants, and any acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants to Plaintiff and/or those he seeks to represent.

**FIFTEENTH DEFENSE**

**(Failure To Use Ordinary Care)**

15.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those he seeks to represent received good consideration in agreement to serve as employees, yet failed to use ordinary care and diligence during their employment, or employment-related duties, pursuant to California Labor Code Section 2854.

**SIXTEENTH DEFENSE**

**(Failure To Follow Employer's Directions)**

16.    Plaintiff and those he seeks to represent are not entitled to recover from Defendants as alleged in the Complaint for any damages, penalties or other relief, due to their failure to comply with all directions of their employer concerning the service on which they were engaged, in violation of California Labor Code section 2856.

**SEVENTEENTH DEFENSE**

**(Not Compensable Time)**

17.    Plaintiff's claims, and those of the employees he seeks to represent, are precluded to the extent that all, or part, of the time for which pay is claimed is not compensable time worked.

**EIGHTEENTH DEFENSE**

**(*De Minimis* Doctrine)**

18.    Plaintiff's Complaint fails to the extent that, even if Plaintiff and/or those he seeks to represent were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine.  Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial, insignificant, irregular, or brief periods of purported off-the-clock work. *See Troester v. Starbucks Corporation*, 5 Cal. 5th 829 (2018).

**NINETEENTH DEFENSE**

**(Failure To Inform Employer of Alleged Violations)**

19.    Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendants of any alleged unlawful conduct or purported complaints, including, but not limited to, any alleged failure to pay wages or premium wages, any alleged failure to reimburse

4

308787741v.1

business expenses, or any alleged inaccuracies regarding pay stubs, prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

## TWENTIETH DEFENSE

### (Avoidable Consequences)

20.    Plaintiff's claims, and the claims of those he seeks to represent, are barred to the extent they failed to take advantage of any preventative or corrective opportunities provided by Defendants.

## TWENTY-FIRST DEFENSE

### (Substantial Compliance)

21.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendants complied with their statutory obligations, and to the extent it is determined that there was technical non-compliance, Defendants substantially complied with their obligations and are not liable in whole or in part for the claims of Plaintiff and/or some, or all, of the others he seeks to represent.

## TWENTY-SECOND DEFENSE

### (Penalties Unconstitutionally Excessive)

22.    Plaintiff and those he seeks to represent are not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the Labor Code establish penalties that are mandatory and are disproportionate to any damage or loss incurred as a result of Defendants' conduct, and therefore are unconstitutional under the 8th Amendment of the United States Constitution and Article I section VII of the California Constitution.

## TWENTY-THIRD DEFENSE

### (Exclusions, Exceptions, Setoffs, and Credits)

23.    Plaintiff's claims and those of the employees he seeks to represent are barred, in whole or in part, by statutory and regulatory exclusions, exceptions, setoffs or credits under state or federal law, including the Fair Labor Standards Act.

## TWENTY-FOURTH DEFENSE

### (Offset)

308787741v.1

24.    Defendants are entitled to an offset for any overpayments of wages or other consideration previously provided to Plaintiff and/or those he seeks to represent.

### TWENTY-FIFTH DEFENSE

### (Failure To Show Adequate Damages)

25.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff and/or those he seeks to represent.

### TWENTY-SIXTH DEFENSE

### (No Knowledge of Violations)

26.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any purported violations, including, but not limited to, unpaid wages, or overtime or off-the-clock work allegedly performed by Plaintiff and/or those he seeks to represent. Defendants also did not have actual or constructive knowledge that Plaintiff and/or those he seeks to represent incurred any unreimbursed business expenses.  *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

### TWENTY-SEVENTH DEFENSE

### (No Knowing and Intentional Violation)

27.    To the extent Defendants violated California Labor Code section 226(a), if at all, Plaintiff's claims for penalties under Section 226(e) are barred because no such violations were knowing and intentional.

### TWENTY-EIGHTH DEFENSE

### (No Injury)

28.    Plaintiff's claim for penalties pursuant to California Labor Code section 226 fails because he and the individuals he purports to represent have not suffered any injury as a result of the alleged

308787741v.1

statutory violations.

## TWENTY-NINTH DEFENSE

### (Failure To Show The Lack Of Itemized Or Accurate Wage Statements)

29.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff cannot show that Defendants failed to furnish an accurate, itemized statement in writing at the time of each payment of wages.

## THIRTIETH DEFENSE

### (Failure To Show Intentional Violation Of Wage Statement Requirements)

30.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff has failed to allege any facts showing that Defendants, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages or overtime wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code Section 226.

## THIRTY-FIRST DEFENSE

### (Lack of Standing to Pursue Class Claims)

31.    Plaintiff does not have standing to pursue some or all of the claims he purports to assert on behalf of others or a class.  Plaintiff additionally lacks standing to represent any individual who worked for any entity other than the Defendant he worked for, or any subsidiary, division, or location of Defendant(s) other than the one at which Plaintiff worked.

## THIRTY-SECOND DEFENSE

### (Lack Of Standing For Injunctive Relief)

32.    Plaintiff's Complaint for injunctive and other equitable relief is barred because Plaintiff is not entitled to the equitable relief sought insofar as he has an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

## THIRTY-THIRD DEFENSE

### (Cal. Labor Code Section 514)

33.    Plaintiff's claims are precluded to the extent Plaintiff and/or the individuals he seeks to represent were covered by a valid collective bargaining agreement and otherwise meet the requirements

308787741v.1

of Section 514 of the California Labor Code.

## THIRTY-FOURTH DEFENSE

### (LMRA Preemption)

34.    Plaintiff's Complaint, and each claim for relief alleged therein, is preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent its resolution depends on interpretation of provisions of any collective bargaining agreement between Defendants and any union representing Plaintiff and/or the individuals he seeks to represent.

## THIRTY-FIFTH DEFENSE

### (NLRA Preemption)

35.    Plaintiff's Complaint, and each claim for relief alleged therein, is preempted by sections 7 and 8 of the National Labor Relations Act (29 U.S.C. section 151 *et seq.*) to the extent its resolution depends on interpretation of any collective bargaining agreement between Defendants and any union representing Plaintiff and/or the individuals he seeks to represent.

## THIRTY-SIXTH DEFENSE

### (Failure to Exhaust Contractual Remedies)

36.    Plaintiff's Complaint, and each cause of action therein, is barred to the extent Plaintiff or any individual he seeks to represent failed to exhaust the contract remedies of any applicable collective bargaining agreement.

## THIRTY-SEVENTH DEFENSE

### (No Liquidated Damages)

37.    Plaintiff is not entitled to liquidated damages because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith, and the Defendants had reasonable grounds for believing that their actions or omissions did not violate the law.

## THIRTY-EIGHTH DEFENSE

### (No Attorneys' Fees)

38.    Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim for attorneys' fees against Defendants. Plaintiff's Complaint, and each purported cause of action alleged therein, also fails to the extent that Plaintiff seeks attorneys' fees and

costs because Plaintiff cannot show the enforcement of an important right affecting the public interest.

## THIRTY-NINTH DEFENSE

### (Failure to Mitigate)

39.     To the extent Plaintiff and/or any individual he seeks to represent failed to mitigate their damages, any damages, if awarded, should be reduced to the extent they have failed to mitigate them.

## FORTIETH DEFENSE

### (Good Faith)

40.     Plaintiff and those he seeks to represent are not entitled to any penalty because, at all times relevant and material herein, Defendants did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable wage order.

## FORTY-FIRST DEFENSE

### (Arbitration)

41.     To the extent that Plaintiff and/or any those he seeks to represent have agreed to arbitrate their claims alleged in the Complaint by signing an arbitration agreement with a class action or collective action waiver, their claims are barred by their contractual agreement to arbitrate their individual claims only.

## FORTY-SECOND DEFENSE

### (Unreasonable and Unnecessary Expenses)

46.     Plaintiff's expense reimbursement claims are barred in whole or in part to the extent Plaintiff and/or any individual he seeks to represent seeks reimbursement for expenses that were not incurred in direct consequence of the discharge of their duties or were not necessary or reasonable.

## FORTY-THIRD DEFENSE

### (No Knowledge Of Reasonable And Necessary Business Expenses)

47.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff and/or those he seeks to represent did not inform Defendants of or seek indemnification for reasonably and necessarily incurred business expenses.  An employer cannot be held

308787741v.1

liable for failing to indemnify an employee's necessary expenses if it does not know or have reason to know that the employee has incurred the expense.

## FORTY-FOURTH DEFENSE

### (Grace Period/Rounding)

48.     Each purported cause of action in the Complaint alleging nonpayment of wages due to an unlawful rounding policy is barred because Defendants' timekeeping and pay policies/practices are fair and neutral on their face and are used in such a manner that they will not result, over a period of time, in failure to compensate employees properly for all the time they have actually worked.

## ADDITIONAL DEFENSES

Defendants do not presently know all of the facts and circumstances respecting the claims of Plaintiff and those he seeks to represent, and have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated defenses. Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent through discovery or further investigation of Plaintiff's claims. Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff takes nothing by his Complaint;

2.      That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.      That the Court enter an order denying certification of any proposed class and denying any certification of the case to proceed in any other representative capacity;

4.      That Defendants be awarded reasonable attorneys' fees according to proof;

5.      That Defendants be awarded the costs of suit incurred herein; and

6.      That Defendants be awarded such other and further relief as the Court may deem appropriate.

308787741v.1

DATED:  February 23, 2024

SEYFARTH SHAW LLP

By: _____
     Leo Q. Li
     Eric E. Hill
     Ping Wang

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP
RESOURCES, LLC, IHG MANAGEMENT
(MARYLAND) LLC, INTERCONTINENTAL
HOTELS OF SAN FRANCISCO, INC, SIX
CONTINENTS HOTELS, INC

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

308787741v.1

1

## **PROOF OF SERVICE**

2   I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.
3 On February 23, 2024, I served the within document(s):

4   DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

5 ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
in the United States mail at San Francisco, California, addressed as set forth below.
6

7 ☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
sealed envelope or package provided by an overnight delivery carrier with postage paid on
account and deposited for collection with the overnight carrier at San Francisco, California,
8 addressed as set forth below.

9 ☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
below.
10

11 ☐ electronically by using the Court's ECF/CM System.

12
   Ronald H. Bae
13   Olivia D. Scharrer
   Carson M. Turner
14   AEQUITAS LEGAL GROUP
   A Professional Law Corporation
15   1156 E. Green Street, Suite 200
   Pasadena, California 91106
16   Tel:  (213) 674-6080
   Fax:  (213) 674-6081
17   rbae@aequitaslegalgroup.com
   oscharrer@aequitaslegalgroup.com
18   cturner@aequitaslegalgroup.com

19
   Attorneys for Plaintiff MARK WISE
20

21   I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
22 postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
23 after date of deposit for mailing in affidavit.

24   I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.
25

26   Executed on February 23, 2024, at San Francisco, California.

27          _Juliana Blackwell_
   Juliana Blackwell
28

PROOF OF SERVICE