**SEYFARTH SHAW LLP**
Eric E. Hill (SBN 173247)
ehill@seyfarth.com
Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:      (415) 397-2823
Facsimile:      (415) 397-8549

Leo Q. Li (SBN 293539)
lli@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:      (310) 277-7200
Facsimile:      (310) 201-5219

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP
RESOURCES, LLC; IHG MANAGEMENT
(MARYLAND) LLC; INTERCONTINENTAL
HOTELS OF SAN FRANCISCO, INC; SIX
CONTINENTS HOTELS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK WISE, individually, and on behalf of
other members of the general public similarly
situated,

                 Plaintiff,

       v.

INTERCONTINENTAL HOTELS GROUP
RESOURCES, LLC, a Delaware limited liability
company; IHG MANAGEMENT
(MARYLAND) LLC, a Maryland limited
liability company; INTERCONTINENTAL
HOTELS OF SAN FRANCISCO, INC., a
Delaware corporation; SIX CONTINENTS
HOTELS, INC., a Delaware corporation; and
DOES 1 through 100, inclusive,

                 Defendants.

Case No. 4:24-cv-01161-AMO

**DEFENDANTS' NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**

Removal Filed:     February 26, 2024
Complaint Filed:    December 29, 2023

Pursuant to Local Rule 3-13, Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC; IHG MANAGEMENT (MARYLAND) LLC; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC; SIX CONTINENTS HOTELS, INC. ("Defendants") hereby files this Notice of Pendency of Other Action or Proceeding identifying the following action with substantially the same parties and a material part of the same subject matter:

***Robert Martinez, et al. v. IHG Management (Maryland) LLC*, et al., United States District Court, Southern District of California, Case No. 3:24-cv-00210-L-DEB.**[1]

**Description:** Class action filed by Plaintiff Robert Martinez against Defendants IHG Management (Maryland) LLC, InterContinental Hotels Group Resources, LLC, and Inter-Continental Hotels Corporation, on December 28, 2023. Martinez, who seeks to represent all current and former employees of Defendants in California who worked during the relevant period, alleges Defendants failed to pay overtime and minimum wages, failed to issue accurate itemized wage statements, failed to provide meal and rest periods, failed to reimburse business expenses, failed to pay all wages during employment in a timely fashion, failed to pay all wages due at termination, and unfair business practices. A copy of the operative complaint in *Martinez* is attached hereto as Exhibit A.

**Procedural Posture:** The Court has scheduled an Early Neutral Evaluation ("ENE") in *Martinez* on May 22, 2024, and will conduct a Case Management Conference on that date if the Parties do not settle the case at the ENE.

**Relationship of *Martinez* to this action:** Plaintiffs Wise and Martinez both allege claims against IHG Management (Maryland) LLC and InterContinental Hotels Group Resources, LLC, and seek to represent non-exempt employees who worked at California hotels managed by these entities. Each action alleges (1) that employees were not paid for all hours worked, (2) unreimbursed business expenses, and (3) derivative Labor Code claims.

**Whether proceedings should be transferred/coordinated:** Plaintiff in this case works at the InterContinental San Francisco Hotel and is part of the Local 2 union. In contrast, the plaintiff in *Martinez* worked at the InterContinental Hotel San Diego and was part of a different union—Local

---

[1] Defendants have concurrently filed a Notice of Related Cases in the *Martinez* Action to identify this case as a related action.

30. Both plaintiffs worked at different hotels and were subject to different collective bargaining agreements and policies and procedures.

Defendants have been actively meeting and conferring with counsel in the first-filed *Martinez* action to narrow the scope of the proposed class and identify the claims that will be pursued in that action. Because it is unclear which employees plaintiffs Martinez and Wise will ultimately seek to represent, which of each plaintiff's claims will ultimately apply to which hotels, Defendants currently are not in a position to evaluate the extent to which this case will overlap with the claims asserted in the *Martinez* action. Defendants also intend to meet and confer with counsel for Plaintiff in this case to determine the scope of the proposed class and claims to be pursued.

Accordingly, Defendants do not believe the actions should be transferred or coordinated at this time. Within the next 60 days, Defendants expect to complete the respective meet and confer in both cases to better evaluate the most efficient and effective approach in managing these cases.

DATED: May 1, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Eric E. Hill*
    Leo Q. Li
    Eric E. Hill
    Ping Wang

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC; IHG MANAGEMENT (MARYLAND) LLC; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC; SIX CONTINENTS HOTELS, INC.

EXHIBIT A

EXHIBIT A

JAMIE K. SERB, ESQ. (SBN 289601)
jamie@crosnerlegal.com
BRANDON BROUILLETTE, ESQ. (SBN 273156)
bbrouillette@crosnerlegal.com
ZACHARY M. CROSNER, ESQ. (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

Attorneys for Plaintiff ROBERT MARTINEZ
As an individual on behalf of PLAINTIFF and
on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/28/2023** at 05:23:16 P.M.
Clerk of the Superior Court
By Ines Quirarte, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.: 37-2023-00056196-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  **Recovery of Unpaid Minimum Wages and Liquidated Damages**<br><br>2.  **Recovery of Unpaid Overtime Wages**<br><br>3.  **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br><br>4.  **Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br><br>5.  **Failure to Furnish Accurate Itemized Wage Statements**<br><br>6.  **Failure to Timely Pay All Wages Due Upon Separation of Employment**<br><br>7.  **Failure to Reimburse Business Expenses** *and*<br><br>8.  **Unfair Competition**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MARTINEZ, ("PLAINTIFF"), an individual on behalf of PLAINTIFF, and all other similarly situated Class Members (as defined below), hereby files this Complaint against Defendants IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1.     This court possesses original subject matter jurisdiction over this matter. Venue is proper in the County of San Diego pursuant to California Code of Civil Procedure section 395.5 because DEFENDANTS transact business within this judicial district, DEFENDANTS employed PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct alleged by PLAINTIFF herein occurred in this this judicial district.

## THE PARTIES

2.     PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of California and a citizen of the State of California.

3.     PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s) from in or around April 2023 through on or around October 1, 2023.  PLAINTIFF worked for DEFENDANTS at DEFENDANTS' San Diego, California locations(s).

4.     Defendant IHG MANAGEMENT (MARYLAND) LLC is a Maryland Limited Liability Company that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

5.     Defendant INTER-CONTINENTAL HOTELS CORPORATION is a Delaware Corporation that, at all relevant times, was authorized to do business within the State of California and is doing business in the State of California.

6.     Defendant INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC is a

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  Delaware Limited Liability Company that, at all relevant times, was authorized to do business within

2  the State of California and is doing business in the State of California.

3      7.   DEFENDANTS own, operate, manage and/or staff its employees to work at the

4  hotels, resorts, restaurants and/or other facilities and/or other location(s) in California, including but

5  not limited to, hotels and/or resorts and/or restaurants and/or other facilities located in San Diego,

6  California.  Based on information and belief, IHG operates multiple hotels, resorts and/or other

7  facilities including but not limited to, hotels and/or resorts operating under at least nineteen (19)

8  brand names, including but not limited to, hotels and/or resorts operating under the brand name(s)

9  "Intercontinental" and/or "Intercontinental Hotels & Resorts". DEFENDANTS, through its various

10  locations, serve the hospitality industry.[1]

11      8.   The true names and capacities of the DOE Defendants sued herein as DOES 1

12  through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such

13  Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally

14  responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this

15  Complaint to reflect the true names and capacities of the Doe Defendants when such identities

16  become known.

17      9.   PLAINTIFF is further informed and believes that, at all relevant times, each

18  Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director,

19  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

20  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

21  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

22  of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this

23  complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant

24  acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

25  times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,

26  controlled, aided and abetted the conduct of all other Defendants.

27  _____

28  [1] *See* https://www.ihg.com/content/us/en/about/brands.  Last visited on December 28, 2023.

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## JOINT LIABILITY

10.     Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

11.     During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class Members to work for them.

12.     PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

across all of their locations/facilities and subjected all of the Class Members to these same policies and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is informed and believes that: (1) there is common ownership in, and financial control, in DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control over the day-to-day operations and employment matters, including the power to hire and fire, set schedules, issue employee policies, and determine rates of compensation across its locations in California; (3) DEFENDANTS utilize the same policies and procedures for all California employees, including issuing the same employee handbooks and other form agreements; (4) DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee employment matters; and, (6) DEFENDANTS share employees.

13. For example, DEFENDANTS, and each of them, maintain the same agent for service of process and principal business office as provided to the California Secretary of State and based on information and belief, maintain some of the same attorneys and/or human resources personnel to oversee employment related matters. PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members.

14. Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, reimbursement of business expenses and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members'

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  employment with or without cause. Upon information and belief, DEFENDANTS further
2  collectively represented to PLAINTIFF and Class Members in writing the details of their
3  compensation, and the manner in which they were to take meal and rest periods, the procedures
4  required by DEFENDANTS collectively for recordation of hours worked and the policies applicable
5  to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage
6  rates of PLAINTIFF and Class Members.

7       15.    Thus, DEFENDANTS collectively exercised the right to control the wages, hours
8  and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively
9  held the right to control virtually every aspect of PLAINTIFF's and the Class Members'
10  employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF
11  seeks relief in this Complaint.

12      16.    PLAINTIFF is informed and believes that DEFENDANTS exercised the same
13  control over, applied the same policies and practices, and engaged in the same acts and omissions
14  with regard to the other Class Members.

15                              **CLASS ALLEGATIONS**

16      17.    PLAINTIFF brings this action on behalf of PLAINTIFF, and all others similarly
17  situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF
18  seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

19              All current and former non-exempt employees that worked either
20              directly or via a staffing agency for any one or more of the
21              DEFENDANTS at any location in California at any time within the
22              four years prior to the filing of the initial Complaint ("Class Period").

23          a. Numerosity. While the exact number of Class Members is unknown to
24              PLAINTIFF at this time, the Class is so numerous that the individual joinder of
25              all members is impractical under the circumstances of this case. PLAINTIFF is
26              informed and believes the Class consists of at least 100 individuals.

27          b. Common Questions of Law and Fact. This lawsuit is suitable for class treatment
28              because common questions of law and fact predominate over individual issues.

Common questions include, but are not limited to, the following: (1) whether DEFENDANTS understated hours worked and failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and overtime wages, under California law; (2) whether DEFENDANTS provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANTS provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANTS provided PLAINTIFF and Class Members with accurate, itemized wage statements in compliance with California law, displaying, including but not limited to, the total hours worked during the pay period; (5) whether DEFENDANTS timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANTS failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANTS violated California Business and Professions Code sections 17200, *et seq.*

c. <u>Ascertainable Class.</u> The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to timely pay all wages due upon separation of employment.

e. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other

Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## FACTUAL AND LEGAL ALLEGATIONS

18. During the relevant period, PLAINTIFF and each of the Class Members worked for DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

19. PLAINTIFF worked for DEFENDANTS as a server and/or similar title(s) and/or job position(s) from in or around April 2022 through in or around April 2023, and then PLAINTIFF worked for DEFENDANTS as a non-exempt supervisor and/or similar job title(s) and/or position(s)

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

from in or around April 2023 through on or around October 1, 2023.

20. PLAINTIFF worked for DEFENDANTS at DEFENDANTS' San Diego, California location(s). DEFENDANTS assigned PLAINTIFF to work at DEFENDANTS' facilities located in San Diego, California, including but not limited to, at DEFENDANTS' restaurants and/or bars and/or other facilities located within one of DEFENDANTS' hotel(s) and/or resort(s) in San Diego, California.

21. PLAINTIFF regularly worked at least ten (10) hours per day when working for DEFENDANTS as a server and/or similar title(s) and/or position(s), and at least eight (8) to sixteen (16) hours per day hours when working as a non-exempt supervisor and/or similar title(s) and/or position(s). PLAINTIFF regularly worked at least five (5) days per week.

22. DEFENDANTS paid PLAINTIFF an hourly rate for time counted by DEFENDANTS as hours worked. At all relevant times, PLAINTIFF was a non-exempt employee that was paid on an hourly basis for time counted by DEFENDANTS as hours worked.

23. **Unpaid Minimum and Overtime Wages**. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise unlawful practices for missed or improper meal periods, as explained below.

24. Based on information and belief, DEFENDANTS implemented a policy and/or practice of rounding meal period start and end times and/or automatically deducting at least thirty minutes per shift for meal periods, despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and Class Members of all wages owed.

25. Based on information and belief, Class Members were not paid for all hours worked due to DEFENDANTS' policy and/or practice of paying according to scheduled hours worked instead of actual time worked, and/or mandated off-the-clock work policies and/or practices.

26.     For example, as explained below, based on information and belief, DEFENDANTS would unlawfully edit the clock in and out times for PLAINTIFF's and other Class Members' meal periods in order to display at least a thirty minute off-duty meal period during most if not all shifts worked, notwithstanding the fact that DEFENDANTS had actual and/or constructive knowledge that DEFENDANTS had required PLAINTIFF and other Class Members' to perform work-related tasks during their meal periods.

27.     Based on information and belief, DEFENDANTS required Class Members to be at their assigned workstations at the start of a scheduled shift, thereby forcing Class Members to gather work-related equipment and/or safety gear, make any necessary adjustments to tools/equipment and/or perform maintenance/cleaning tasks, don work clothing/uniforms and/or protective equipment, and/or complete other work tasks prior to their scheduled shift and/or prior to clocking in/signing in, thereby resulting in pre-shift off-the-clock work.

28.     Based on information and belief, Class Members were required to complete other off-the-clock work tasks after clocking out for the end of their shifts and/or during uncompensated meal periods, resulting in off-the-clock work and the underpayment of minimum and overtime wages owed to Class Members.

29.     For example, based on information and belief, DEFENDANTS required Class Members to clock out for the end of their shifts but to continue working due to the need to return/maintain tools, clean and/or organize their work stations/areas, provide shift status updates and/or debriefings and/or participate in work meetings, respond to work-related communications and/or perform other work tasks off-the-clock, resulting in the underpayment of minimum wages and overtime wages owed to Class Members.

30.     Based on information and belief, DEFENDANTS did not compensate Class Members for time spent donning and doffing personal protective equipment and/or uniforms (e.g., rubber gloves, hairnets, aprons, hats, and/or face masks) during meal periods, before the start of a scheduled shift, and/or after completing a scheduled shift, resulting in the underpayment of wages owed to Class Members.

31.     Based on information and belief, at times, Class Members were required to complete

off-the-clock work outside of scheduled shifts due to work-related phone calls and/or messages they received to their phones/mobile devices and were required to respond to, including but not limited to, communications from supervisors regarding scheduling and/or other work tasks, resulting in the underpayment of wages owed to Class Members.

32. PLAINTIFF and other Class Members were required to perform other off-the-clock work for which they were not compensated. For example, based on information and belief, at times, DEFENDANTS' biometric/electronic/POS employee time-keeping system malfunctioned such that Class Members were required to either reinitiate and/or otherwise troubleshoot the system prior to being able to clock in and/or were unable to clock in at all for the start of their shifts and/or clock back in from meal periods, resulting in off-the-clock work and the underpayment of wages owed to Class Members. Based on information and belief, Class Members experienced the same issues when clocking out for shifts and/or back in for meal periods. This time spent under DEFENDANTS' control was not recorded and not compensated and resulted in unpaid minimum wages owed to Class Members.

33. Moreover, based on information and belief, Class Members who opened their work locations were required to first unlock the doors, turn on all the lights in the restaurant/facility and/or deactivate the alarm before clocking in for work, resulting in pre-shift off-the-clock work and the underpayment of wages owed to Class Members. Based on further information and belief, Class Members in charge of closing their location(s) were required to first clock out for their shifts before enabling the alarm, turning off all the lights in the facility and/or locking the doors. This resulted in additional off-the-clock post-shift work that was not compensated and the underpayment of wages owed to Class Members.

34. Based on information and belief, DEFENDANTS required Class Members to undergo COVID-19 temperature screenings and/or complete questionnaires prior to beginning their scheduled shift and/or prior to clocking/signing in, thereby, resulting in pre-shift off-the-clock work.

35. Based on information and belief, at times, DEFENDANTS require/required Class Members to travel around and/or between DEFENDANTS' restaurants, hotels, offices, facilities and/or locations without compensating Class Members for the travel time.

36.     For example, based on information and belief, due to scheduling issues and/or understaffing, Class Members were at times required after working at their scheduled facility location to cover a shift at another of DEFENDANTS' restaurants/facilities/locations but were not compensated for the time spent driving to the second restaurant/facility, resulting in the underpayment of minimum and overtime wages owed to Class Members. Based on information and belief, DEFENDANTS failed to compensate Class Members for all time spent completing DEFENDANTS' required trainings and/or courses (e.g., food safety and/or food handler courses) and/or testings and/or certifications (e.g., food handler certifications).

37.     Based on information and belief, DEFENDANTS failed to pay Class Members the applicable minimum wage for the county and/or city within which the Class Member worked in California.

38.     Moreover, based on information and belief, DEFENDANTS failed to pay PLAINTIFF and/or other Class Members split shift premium wages when they worked split shifts during the relevant period.  For example, based on information and belief, at times, DEFENDANTS required PLAINTIFF and/or other Class Members to work two separate shifts in the same day. Based on information and belief, DEFENDANTS failed to pay PLAINTIFF and/or other Class Members split shift compensation whenever PLAINTIFF's and/or other Class Members' work schedules were interrupted by non-paid non-working periods established by DEFENDANTS, which resulted in a violation of the applicable Wage Order (See section 4 of all applicable Wage orders, "When an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday…). See, also, Cal. Code Regs. Tit. 8, § 11050 (when an employee works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment). DEFENDANTS also failed to separately itemize these split shift premium wages on PLAINTIFF's and/or other Class Members' wage statements, in violation of Labor Code sections 510, 1194 and all applicable IWC Wage Orders. See, https://www.dir.ca.gov/dlse/split_shift.htm. (The employer must itemize the premium payment on the pay stub provided to the employee, and it should be shown as a separate category such as "Split Shift Premium" and should not be lumped

into another category such as wages, bonus, etc. DEFENDANTS failed to separately account for the split shift premiums earned by PLAINTIFF and/or other Class Members on their wage statements.

39.     Based on information and belief, DEFENDANTS failed to pay Class Members for time they were required to spend completing orientation, policy questionnaires, and/or time spent completing the onboarding process including but not limited to reviewing various documents and policies provided by DEFEDANTS. Based on information and belief, this work time was completed off-the-clock and was not compensated.

40.     Based on further information and belief, DEFENDANTS implemented a time-rounding system that as applied systematically deprived PLAINTIFF and other Class Members of compensable time because the time-rounding system implemented by DEFENDANTS would almost always, if not always, result in understating actual compensable work time.

41.     DEFENDANTS' failure to pay for all time worked by virtue of its time rounding, auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for those Class Members who worked more than eight (8) hours in a day and/or more than forty (40) hours in a week.

42.     Based on information and belief, DEFENDANTS had actual and/or constructive knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to provide lawful meal periods (as described below) and/or other off-the-clock work resulted in the underpayment of minimum wages owed to PLAINTIFF and other Class Members, in violation of California's minimum and overtime wage laws.

43.     Based on information and belief, DEFENDANTS failed and continue to fail to pay Class Members two times their regular rate of pay for time worked beyond twelve (12) hours per workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in violation of California's overtime laws.

44.     Based on information and belief, DEFENDANTS failed to incorporate all non-

13

discretionary remuneration, including but not limited to, shift differential pay, bonus pay, and/or other non-discretionary pay into the regular rate of pay used to calculate the owed overtime rate(s), resulting in the miscalculation and underpayment of overtime wages owed to PLAINTIFF and other Class Members.

45. **Meal Period Violations**. PLAINTIFF and other Class Members consistently worked shifts of at least five and one-half hours or more, entitling them to at least one meal period. However, PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first and second meal periods. Based on information and belief, Class Members were consistently unable to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late meal periods, interrupted meal periods, and/or work through part or all their meal periods due to understaffing, the nature and constraints of their job duties and/or commentary from supervisors pressuring them to take non-compliant meal periods or skip meal periods completely.

46. For example, based on information and belief, Class Members were forced to take late meal periods in order to complete assigned job duties. Based on information and belief, Class Members were at times interrupted during purported meal periods and/or had meal periods cut short and/or restricted to DEFENDANTS' premises due to the need to continue assigned job duties.

47. For example, when working for DEFENDANTS as a server and/or similar title(s) and/or position(s), PLAINTIFF was required to sometimes take his meal periods late and/or take shortened and/or interrupted meal periods and/or work through his meal periods completely.

48. When working for DEFENDANTS as a non-exempt supervisor and/or similar title(s) and/or position(s), PLAINTIFF was forced to work through his first meal periods during approximately at least half of his shifts due to understaffing and/or lack of relief workers.

49. For example, at times, PLAINTIFF worked shifts lasting at least sixteen (16) hours long without receiving any meal periods during those shifts.

50. Also, per DEFENDANTS' unlawful meal period policies and practices, DEFENDANTS failed to relieve PLAINTIFF and other Class Members of all duties and DEFENDANTS' control during unpaid meal periods by including but not limited to, restricting PLAINTIFF and other Class Members to the worksite premises during purportedly off-duty meal

14

1 periods, resulting in denied meal periods as well as DEFENDANTS' failure to compensate
2 PLAINTIFF and other Class Members for all hours worked.

3     51.    Based on information and belief, other Class Members were consistently suffered
4 and permitted to take meal periods past the fifth hour of work and/or had their meal periods
5 interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to
6 commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or
7 the need to meet DEFENDANTS' goals and expectations.

8     52.    Based on information and belief, DEFENDANTS implemented policies and/or
9 practices that failed to relieve Class Members of all duties and DEFENDANTS' control during
10 unpaid meal periods.

11     53.    Based on information and belief, DEFENDANTS required Class Members to
12 complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take
13 into account when scheduling meal periods for Class Members. Based on information and belief,
14 meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

15     54.    Based on information and belief, despite DEFENDANTS' failure to provide lawful
16 meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end
17 times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at
18 least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having
19 actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive
20 lawful meal periods.

21     55.    Moreover, per DEFENDANTS' uniform policy and practice, Class Members who
22 worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute
23 second meal period.

24     56.    For example, when PLAINTIFF worked shifts lasting longer than ten (10) and/or
25 twelve (12) hours, PLAINTIFF was not provided with any second meal period.

26     57.    Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and
27 other Class Members as to the timing and duty-free nature of meal periods. Based on further
28 information and belief, DEFENDANTS did not have a written meal period policy, nor did

1   DEFENDANTS have any sort of compliant policy in practice.

2       58.     Moreover, based on information and belief, DEFENDANTS failed to keep accurate

3   records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based

4   on information and belief, to the extent meal period were recorded, DEFENDANTS illegally

5   rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class

6   Members not being paid for all time worked as well as late and/or shortened meal periods. *See*

7   *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

8       59.     Based on information and belief, DEFENDANTS had actual and/or constructive

9   knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which

10  were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation

11  of California's meal period laws.

12      60.     DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional

13  hour of wages at their respective regular rates of compensation for each workday a lawful meal

14  period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each

15  workday a lawful meal period was not provided and/or failed to pay the proper meal period premium

16  for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses,

17  shift differential pay and/or other non-discretionary compensation into the regular rate or

18  compensation for purposes of calculating the owed meal period premium.

19      61.     **Rest Period Violations**. DEFENDANTS did not properly authorize and provide

20  PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4)

21  hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the

22  work period, as required by law.

23      62.     PLAINTIFF and other Class Members were not adequately informed, authorized,

24  instructed about, nor permitted an opportunity to take proper rest periods per California law. Based

25  on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of

26  duty-free rest periods.

27      63.     Based on information and belief, DEFENDANTS did not have a have a compliant

28  written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in

1 practice.

2     64.    For example, based on information and belief, Class Members were unable to take

3 compliant rest periods due to their need to complete assigned job duties and/or were unable to take

4 a net ten-minute rest period in a suitable rest area and/or had purported rest periods restricted to

5 DEFENDANTS' premises.

6     65.    Based on information and belief, Class Members' rest periods were interrupted, cut

7 short, on duty, restricted to premises and/or late due to understaffing, the nature and constraints of

8 their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest

9 periods completely or otherwise take non-compliant rest periods.

10     66.    Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts

11 lasting longer than ten hours.

12     67.    Based on information and belief, DEFENDANTS implemented policies and/or

13 practices that failed to relieve PLAINTIFF and other Class Members of all duties and

14 DEFENDANTS' control during rest periods.

15     68.    Based on information and belief, Class Members were pressured to complete their

16 work duties according to a designated schedule such that rest periods were only taken once tasks

17 were completed, and/or as time permitted.

18     69.    Furthermore, DEFENDANTS failed to pay a rest period premium for each day in

19 which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of

20 California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a

21 proper rest period was not provided and/or failed to pay the proper rest period premium for failure

22 to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift

23 differential pay, and/or other non-discretionary compensation into the regular rate of compensation

24 for purposes of calculating the owed rest period premium.

25     70.    **Inaccurate Wage Statements.** During the relevant period, DEFENDANTS failed to

26 provide PLAINTIFF and other Class Members with accurate wage statements that complied with

27 Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with

28 meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS

1  issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross

2  wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect

3  during the pay period and the corresponding number of hours worked at each hourly rate by the

4  employee.

5      71.    DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also

6  failed to indicate the earned gross and net wages earned during the pay period, the correct applicable

7  rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members

8  (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class

9  Members of all duties and employer control during unpaid meal periods, payment according to

10  scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies

11  and practices) which results in a violation of Labor Code section 226(a).

12      72.    Separately, and independent of the above allegations, based on information and

13  belief, DEFENDANTS issued wage statements to Class Members that failed to list the total hours

14  worked, in violation of including but not limited to, Labor Code section 226 (a)(2).

15      73.    As described herein, based on information and belief, DEFENDANTS also failed to

16  incorporate all forms of non-discretionary compensation earned during the pay period into the

17  overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour

18  of overtime worked by PLAINTIFF and other Class Members.

19      74.    Based on information and belief, wage statements issued by DEFENDANTS failed

20  to list the inclusive dates of the pay period for which the Class Member is being paid.

21      75.    For example, based on information and belief, wage statements issued by

22  DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is

23  being paid. For example, based on information and belief, at times, DEFENDANTS issued wage

24  statements to Class Members containing payment for hours worked during previous pay periods,

25  yet DEFENDANTS' wage statements do not  include the inclusive dates of the accurate pay period

26  for that retroactive pay, further failing to list the total hours worked for the pay period, including but

27  not limited to, the total hours worked for the pay period the retroactive pay corresponds with.

28      76.    For example, based on information and belief, at times, DEFENDANTS issued wage

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  statement(s) to Class Members that list a category for "Retro" pay without including the inclusive

2  dates of the accurate pay period for that "Retro" pay, further failing to list the total hours worked

3  for the pay period, including but not limited to, the total hours worked for the pay period the

4  retroactive pay corresponds with, in violation of including but not limited to, Labor Code section

5  226(a)(2) and/or Labor Code section 226(a)(6).

6      77.   Based on information and belief, wage statements issued by DEFENDANTS failed

7  to list all applicable hourly rates in effect during the pay period and the corresponding number of

8  hours worked at hear hourly rate by the employee, in violation of including but not limited to, Labor

9  Code section 226(a)(9).

10     78.   For example, based on information and belief, wage statements issued by

11  DEFENDANTS to Class Members failed to list all applicable hourly rates in effect during the pay

12  period and the corresponding number of hours worked at each hourly rate by the employee, in

13  violation of Labor Code section 226(a)(9) due to DEFENDANTS' failure to list an overtime rate

14  category at all and/or failure to list a category containing the proper overtime rate.

15     79.   As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class

16  Members that were not accurate and did not include all of the statutorily required information. As

17  such, DEFENDANTS violated Labor Code section 226.

18     80.   **Failure to Timely Pay All Wages Upon Separation of Employment**. Based on

19  information and belief, DEFENDANTS failed to timely pay Class Members all wages that were due

20  and owing upon termination or resignation. Based on information and belief, DEFENDANTS

21  untimely provide final wages to Class Members without regard to the timing requirements of Labor

22  Code sections 201-202.

23     81.   Upon separation of employment, Class Members' final paychecks were not timely

24  provided and/or were not timely provided with all owed vacation pay and/or paid time off.

25  Moreover, PLAINTIFF's and Class Members' final paychecks, once provided, did not include all

26  wages owed as they were devoid of, including but not limited to, all owed minimum wages, overtime

27  wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the

28  properly accrued rates (including but not limited to, all owed vacation pay/paid time off paid at the

1 | final rate including non-discretionary compensation, including but not limited to, shift
2 | differentials)..

3 | 82. Based on further information and belief, DEFENDANTS failed to timely provide all
4 | owed wages immediately upon discharge of employment. Based on information and belief, at times,
5 | Class Members experienced breaks in employment caused by DEFENDANTS whereby Class
6 | Members would not be called in for work for longer than a single pay period due to including but
7 | not limited to DEFENDANTS' lack of work or lack of assignments. Such instances qualify as a
8 | discharge of employment. Yet, DEFENDANTS failed to timely pay all owed wages at the end of
9 | such periods of employment, in violation of including but not limited to Labor Code section 201-
10 | 202.

11 | 83. These violations subject DEFENDANTS to civil penalties under Labor Code section
12 | 203, 210, and/or 256.

13 | 84. **Unreimbursed Business Expenses**. Based on information and belief,
14 | DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct
15 | consequence of the performance of their job duties without providing reimbursement, in violation
16 | of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members
17 | were improperly required to provide and maintain work tools that are supposed to be the
18 | responsibility of the employer.

19 | 85. Based on information and belief, DEFENDANTS shifted the costs of doing business
20 | onto PLAINTIFF and other Class Members requiring them to pay for business expenses including
21 | but not limited to, uniforms/work clothing/work shoes, personal protective/safety gear and/or the
22 | use of Class Members' personal mobile phone and data usage for work-related purposes including
23 | but not limited to receiving and responding to work-related messages and/or phone calls.

24 | 86. For example, on information and belief, Class Members received calls/messages to
25 | their personal cell phones/mobile devices from supervisors and/or other Class Members regarding
26 | scheduling and/or other work tasks but were not provided any and/or full reimbursement from
27 | DEFENDANTS for these business expenses incurred as a result of being required to use their
28 | personal cell phone(s)/mobile device(s) to carry out their assigned job duties.

1    87.    For example, PLAINTIFF was required to use his personal cell phone/mobile device
2  for work, including but not limited to, to make and/or receive work-related calls and/or messages.
3  For example, oftentimes PLAINTIFF's supervisor(s) called PLAINTIFF on PLAINTIFF's personal
4  mobile device including but not limited to, during work hours.  DEFENDANTS did not provide
5  PLAINTIFF with any and/or full reimbursement for the business expenses PLAINTIFF incurred in
6  connection with being required to use his personal cell phone/mobile device to carry out his assigned
7  job duties, including without limitation, expenses associated with increased data plan charges.
8  Based on information and belief, Class Members were not reimbursed for the cost of using their
9  personal phone for work-related purposes and/or the cost of purchasing and/or maintaining work
10  uniforms/work clothing/work shoes, personal protective/safety gear.

11    88.    For example, based on information and belief, Class Members were not reimbursed
12  for the costs of purchasing and/or maintaining work uniforms/work clothing/work shoes, personal
13  protective/safety gear, such as, but not limited to, face masks, gloves, hairnets and/or work shoes.
14  Based on information and belief, at times, DEFENDANTS required Class Members to use their
15  personal vehicles for work without reimbursing them for the personal vehicle expenses they incurred
16  in connection therewith.

17    89.    For example, based on information and belief, at times, DEFENDANTS required
18  Class Members to travel from one of DEFENDANTS' hotels/resorts/facilities/restaurants to a
19  second of DEFENDANTS' hotels/resorts/facilities/restaurants for work and/or otherwise required
20  Class Members to use their personal vehicles to carry out their assigned job duties without
21  reimbursing Class Members for the expenses incurred in connection with DEFENDANTS' business
22  use of their personal vehicles.

23    90.    As such, DEFENDANTS failed to reimburse Class Members at the legally mandated
24  Internal Revenue Service (IRS) per mile compensation rates in effect during the relevant period.

25    91.    As explained above, based on information and belief, Class Members were not
26  reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of
27  purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety
28  gear.

1    92.    Based on information and belief, DEFENDANTS regularly failed to reimburse and

2  indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802,

3  PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses

4  associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by

5  DEFENDANTS.

6    93.    DEFENDANTS' failure to provide Class Members with full reimbursement for all

7  reasonable expenses associated with carrying out their duties required that Class Members

8  subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

9    94.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS

10  engaged in these same herein described unlawful practices and that DEFENDANTS applied these

11  same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

12                          **FIRST CAUSE OF ACTION**

                    **Recovery of Unpaid Minimum Wages and Liquidated Damages**
13               **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

14    95.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

15    96.    It is fundamental that an employer must pay its employees for all time worked.

16  California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages.

17  Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 224 only

18  permits deductions from wages when the employer is required or empowered to do so by state or

19  federal law or when the deduction is expressly authorized in writing by the employee for specified

20  purposes that do not have the effect of reducing the agreed upon wage. Labor Code section 223

21  prohibits the pay of less than a statutory or contractual wage scale.

22    97.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage

23  Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up

24  to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage.

25  Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll

26  period is unlawful.

27    98.    DEFENDANTS violated California's minimum wage laws by failing to compensate

28  PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

1 DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work
2 completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work,
3 and/or payment according to scheduled hours worked rather than actual hours worked (described
4 above), which resulted in the failure to account for all hours worked and thus the denial of minimum
5 wages.

6     99.    DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and
7 Class Members for all hours worked.

8     100.   Based on information and belief, DEFENDANTS had actual or constructive
9 knowledge that its time-rounding policies and practices, auto-deduction policies and practices for
10 meal periods, failure to relieve employees of all duties and employer control during unpaid meal
11 periods, policy and practice of payment according to scheduled work time rather than actual work
12 time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages
13 owed to PLAINTIFF and other Class Members.

14     101.   Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class
15 Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus
16 attorney's fees and costs, in an amount to be proved at trial.

17 **SECOND CAUSE OF ACTION**
**Recovery of Unpaid Overtime Wages**
18 **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

19     102.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

20     103.   Employees in California must be paid overtime, equal to one and one-half times the
21 employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including
22 12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of
23 work in a workweek, and they must be paid double the regular rate of pay for all hours worked in
24 excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh
25 consecutive day of work in a workweek, unless they are exempt.

26     104.   PLAINTIFF and the Class Members worked overtime hours for which they were not
27 compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' time rounding,
28 automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods,

1 other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to
2 scheduled hours worked rather than actual hours worked (described above), and/or other unlawful
3 policies and/or practices described above which resulted in unpaid minimum and overtime wages
4 which resulted in the failure to account for all hours worked and thus the denial of all owed overtime
5 wages.

6     105.   Based on information and belief, DEFENDANTS failed to pay twice Class
7 Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for
8 time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in
9 violation of California's overtime laws.

10     106.   Based on information and belief, DEFENDANTS further violated California's
11 overtime wage laws by failing to incorporate all non-discretionary compensation, including but not
12 limited to, non-discretionary bonus compensation, shift differentials, and/or other non-discretionary
13 compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to
14 include non-discretionary compensation into the regular rate of pay resulted in a miscalculation of
15 the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and
16 other Class Members.

17     107.   DEFENDANTS' conduct described above is in violation of California Labor Code
18 sections 510 and 1194 and all applicable Wage Orders.

19     108.   PLAINTIFF and the Class Members are entitled to recover all unpaid overtime
20 wages, plus attorney's fees and costs, in an amount to be proved.

21
**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
22
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

23     109.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

24     110.   Pursuant to Labor Code section 512 and all applicable IWC Wage Orders,
25 DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute
26 meal break free from all duties and employer control for all shifts longer than 5 hours, and a second
27 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be
28 waived, but only under the following circumstances: (1) if an employee's total work period in a day

1  is over five (5) hours but no more than six (6) hours, the required meal period may be waived by
2  mutual consent of the employer and employee, and (2) if an employee's total work period in a day
3  is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be
4  waived by mutual consent of the employer and employee, but only if the first meal period was not
5  waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their
6  employees for at least one meal period for shifts over five hours (see above), and (2) to record having
7  done so.

8      111.   Employers must pay employees an additional hour of wages at the employees'
9  regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted
10 meal period, first meal period provided after five (5) hours, second meal period provided after 10
11 hours). Lab. Code § 226.7.

12     112.   As explained above, PLAINTIFF and other Class Members were consistently unable
13 to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being
14 forced to take late meal periods, interrupted meal periods, and/or work through part or all of their
15 meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary
16 from supervisors pressuring them to take non-compliant meal periods or skip meal periods
17 completely.

18     113.   Based on information and belief, DEFENDANTS had and continue to have a policy
19 of rounding the start and end times of employees' meal periods and/or automatically deducting thirty
20 minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class
21 Members did not receive compliant meal periods.

22     114.   Moreover, based on information and belief, Class Members did not receive a timely,
23 uninterrupted second meal period when working shifts over ten (10) hours in a workday.

24     115.   PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had
25 actual and/or constructive knowledge that its time-rounding and auto-deduction policies and
26 practices, other unlawful policies and practices resulted in the denial of compliant meal periods in
27 violation of California's meal period laws.

28     116.   DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal

periods in violation of California law and/or failed to pay the proper meal period premium for failure to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift differential pay and/or other non-discretionary compensation into the regular rate or compensation for purposes of calculating the owed meal period premium.

117. As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members are entitled to one additional hour's pay at the employee's regular rate of compensation for each day a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs, all in an amount to be proved at trial.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

118. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

119. Labor Code section 226.7 and all applicable IWC Wage Orders require an employer to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012), the California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10 hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029). The rest period requirement obligates employers to permit and authorize employees to take off-duty rest periods, meaning employers must relieve employees of all duties and relinquish control over how employees spend their time. *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257.

120. If the employer fails to provide any required rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide at least one legally required rest period, pursuant to Labor Code section 226.7.

121. Moreover, under California law rest periods must be a "net" ten minutes in a suitable rest area. *Id.* at 268 (relying on January 3, 1986 and February 22, 2002 Division of Labor Standards Enforcement (DLSE) Letters wherein the DLSE ruled that the net ten-minute language for rest

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

periods means ten minutes of time in a rest area and cannot include time it takes to get to and from the rest area).  The employer must show that it clearly articulates the right to a net ten minutes, which means it must clearly communicate what "net" ten minutes means (i.e., regardless of what happens along the way to and from a rest area, employees are entitled to a full ten minutes of rest in the rest area). *Id.*; see also, *Bufil v. Dollar Fin. Grp., Inc.*, (2008) 162 Cal. App. 4th 1193, 1199 (the "onus is on the employer to clearly communicate the authorization and permission [to take rest periods] to its employees.").

122.    PLAINTIFF and the Class Members did not receive legally compliant, timely 10-minute rest periods for every four (4) hours worked or major fraction thereof. As explained above, any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to DEFENDANTS' control due to the nature and constraints of Class Members' job duties, understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to skip rest periods completely or otherwise take non-compliant rest periods.

123.    Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer control during rest periods.  Based on further information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

124.    As a result, PLAINTIFF and Class Members did not receive legally compliant first, second, or third rest periods as required by California law.

125.    Moreover, based on information and belief, DEFENDANTS failed to pay a rest period premium to PLAINTIFF and other Class Members for each workday in which there was a missed or otherwise unlawful rest period. Based on further information and belief, when a rest premium was paid, DEFENDANTS failed to include non-discretionary compensation including but not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of determining the owed rest period premium.

126.    DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one hour of additional pay at the regular rate of compensation for each workday that a required rest

period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION
### Failure to Furnish Accurate Itemized Wage Statements
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

127. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

128. Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

129. As DEFENDANTS failed to provide PLAINTIFF and other Class Members with meal and rest periods that complied with Labor Code section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

130. Moreover, due to violations detailed above, including but not limited to, DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide

28

meal and rest break premiums, and failure to pay all sick leave wages at the proper rates, DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross and net wages earned and the correct applicable rates of pay for all hours worked. Based on information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary compensation earned during the pay period into the regular rate of pay for purposes of calculating the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of overtime worked by PLAINTIFF and other Class Members.

131.  As explained above, wage statements issued by DEFENDANTS failed to list the "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class Members of all duties and employer control during unpaid meal periods, payment according to scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies and practices all described in greater detail *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v. Epsilon Plastics, Inc.,* (2018) 22 Cal.App.5th 1308, 1337).

132.  Separately, and independent from the above allegations, DEFENDANTS issued wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by failing to list the correct name and/or address of the legal entity that is the employer.

133.  Based on information and belief, wage statements issued by DEFENDANTS failed to list the inclusive dates of the pay period for which the Class Member is being paid.

134.  DEFENDANTS' failure to accurately list all hours worked on all wage statements caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class Members over whether they received all wages owed to them.

135.  As a result, PLAINTIFF and other Class Members have suffered injury as they could not easily determine whether they received all wages owed to them and whether they were paid for all hours worked.

136.  Based on information and belief, wage statements issued by DEFENDANTS failed

1    to list all applicable hourly rates in effect during the pay period and the corresponding number of
2    hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

3        137.    DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and
4    Class Members with accurate, itemized wage statements.

5        138.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members
6    have suffered injury. The absence of accurate information on their wage statements has prevented
7    earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and
8    mathematical computations to determine the amount of wages owed, and will cause difficulty and
9    expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the
10   submission of inaccurate information about wages and amounts deducted from wages to state and
11   federal government agencies. As a result, PLAINTIFF and Class Members are required to
12   participate in this lawsuit and create more difficulty and expense from having to reconstruct time
13   and pay records than if DEFENDANT had complied with its legal obligations.

14       139.    Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members
15   are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226
16   violation occurred and one hundred dollars per employee per violation for each subsequent pay
17   period, not to exceed an aggregate penalty of four thousand dollars per employee.

18       140.    Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are
19   entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with
20   California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to
21   provide currently employed Class Members with inaccurate wage statements in violation of
22   California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy
23   for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful
24   conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance
25   with California Labor Code § 226(a).

26       141.    Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class
27   Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable
28   attorneys' fees, and costs of suit.

## SIXTH CAUSE OF ACTION
### Failure to Timely Pay All Wages Due Upon Separation of Employment
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

142.    PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

143.    California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

144.    California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

145.    Based on information and belief, DEFENDANTS failed and continue to fail to timely pay final wages to PLAINTIFF and Class Members upon separation of employment in violation of Labor Code section 201-202. Moreover, final paychecks once provided to PLAINTIFF and Class Members do not include all wages owed as they are devoid of, including but not limited to, all owed minimum wages, overtime wages, premium wages, vacation pay, and all owed sick leave and/or paid time off wages at the properly accrued rates.

146.    Under Labor Code section 203, PLAINTIFF and the Class Members who are no longer employed by DEFENDANTS are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

## SEVENTH CAUSE OF ACTION
### Failure to Reimburse Business Expenses
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

147.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

148.    California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

incurred by the employee enforcing the rights granted by this section."

149. Among other things, under California law, when employees must use their personal cellphones for work-related purposes, the employer must reimburse them for a reasonable percentage of their cell phone bills. See *Cochran v. Schwan's Home Services, Inc.* (2014) 228 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. *Id.* 1144-1145. California law also requires employers to reimburse employees for automobile expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

150. As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer.

151. DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

152. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

153. Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

### EIGHTH CAUSE OF ACTION
#### Unfair Competition
#### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

154. PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

155. DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq*. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices;

DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to reimburse business expenses; DEFENDANTS' failure to timely pay all wages owed upon separation of employment; and DEFENDANTS' failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and practices, payment according to scheduled hours worked and/or other off-the-clock work policies and practices).

156. Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed minimum and overtime wages and to pay all wages due upon separation of employment of their employees.

157. As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, et seq., PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

158. PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class Members, enjoining DEFENDANTS and any and all persons acting in concert with them from engaging in each of the unlawful practices and policies set forth herein.

159. PLAINTIFF also seeks an award of attorney's fees pursuant to Code Civ. Proc

1   Section 1021.5 and as permitted by law, and an award for costs reasonably incurred, as permitted

2   by law.

3   ///

4   ///

5   ///

6   ///

7   ///

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF ROBERT MARTINEZ'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated: December 28, 2023

CROSNER LEGAL, PC

By: _____

Jamie K. Serb, Esq.
Brandon Brouillette, Esq.
Zachary M. Crosner, Esq.
Attorneys for Plaintiff,
ROBERT MARTINEZ

# DEMAND FOR JURY TRIAL

PLAINTIFF demands a trial by jury on all claims so triable.

Dated: December 28, 2023

**CROSNER LEGAL, PC**

By: _____

Jamie K. Serb, Esq.
Brandon Brouillette, Esq.
Zachary M. Crosner, Esq.
Attorneys for Plaintiff,
ROBERT MARTINEZ