Ronald H. Bae (SBN 186826)
rbae@AequitasLegalGroup.com
Olivia D. Scharrer (SBN 291470)
oscharrer@AequitasLegalGroup.com
Carson M. Turner (SBN 345992)
cturner@AequitasLegalGroup.com
AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106
Telephone:     (213) 674-6080
Facsimile:     (213) 674-6081

Attorneys for Plaintiff MARK WISE

(*Additional counsel on following page*)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WISE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware limited liability company; IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., a Delaware corporation; SIX CONTINENTS HOTELS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No.   3:24-cv-01161-AMO**<br>[Assigned to the Hon. Araceli Martinez-Olguin]<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          June 20, 2024<br>Time:          10:00 a.m.<br>Ctrm.:         10 (19th Floor)<br><br><br><br>[Complaint filed:   December 29, 2023]<br>[Removal filed:      February 26, 2024] |

-1-

**JOINT CASE MANAGEMENT STATEMENT**

**3:24-cv-01161-AMO**

-2-

SEYFARTH SHAW LLP
Eric E. Hill (SBN 173247)
ehill@seyfarth.com
Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone: (415) 397-2823
Facsimile:  (415) 397-8549

Leo Q. Li (SBN 293539)
lli@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Yoon-Woo Nam (SBN 284644)
ynam@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile:  (916) 558-4839

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP
RESOURCES, LLC; IHG MANAGEMENT
(MARYLAND) LLC; INTERCONTINENTAL
HOTELS OF SAN FRANCISCO, INC; SIX
CONTINENTS HOTELS, INC.

JOINT CASE MANAGEMENT STATEMENT

3:24-cv-01161-AMO

**TO THIS HONORABLE COURT:**

Pursuant to Civil Local Rule 16-9 and the Court's order setting the Initial Case Management Conference, Plaintiff MARK WISE ("Plaintiff") and Defendants INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, IHG MANAGEMENT (MARYLAND) LLC, INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., and SIX CONTINENTS HOTELS, INC. (collectively, "Defendants") by and through their counsel of record, jointly submit this Joint Case Management Statement in connection with the initial Case Management Conference set for 10:00 a.m. on June 20, 2024.

In addition, Defendants intend to file a motion to stay this class action under the first-to-file rule, so that the earlier-filed class action may proceed first. As discussed in detail below, there is a related class action filed against Defendants pending in the Southern District of California, entitled *Robert Martinez v. IHG Management (Maryland) LLC, et al.*, Case No. 37-2023-00056196-CU-OE-CTL. The *Martinez* class action contains overlapping claims and wholly encompasses the proposed class in this case. The *Martinez* case has made significant progress, and the court in *Martinez* has already set a class certification deadline of September 27, 2024, which is approximately three months away. Thus, Defendants respectfully request that the Case Management Conference be continued to a future date, after the Court rules on Defendants' motion to stay the duplicative *Wise* action.

## I.   JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1441.  Venue in the Northern District of California is proper because the state court action was filed in San Francisco County. All defendants were served with the summons and complaint on January 26, 2024.

## II.   FACTS

### A.   Plaintiff's Statement

Plaintiff has worked for the InterContinental San Francisco as a non-exempt, hourly-paid sous chef from approximately February 2008 to the present.  Plaintiff has

brought putative class claims under the California Labor Code for failure to pay regular, overtime, and vacation wages; failure to provide accurate wage statements; failure to reimburse necessary business-related expenses; and unfair competition pursuant to California Business & Professions Code §§ 17200–17210.

The claim for unpaid wages alleges that Defendants: (1) requires employees to don and doff their uniforms while off the clock; (2) unlawfully rounds employees' time; and (3) pays employees' vacation time at an improperly low rate. As to the donning and doffing claim, employees are required to wear uniforms that are kept at the hotel. Before clocking in for the day, employees have to pick up their uniforms from a machine that dispenses them when an employee swipes their ID card. Employees then go to the locker room, put on their uniform, and clock in. At the end of the day, employees clock out, change out of uniform, and drop the dirty uniforms in a laundry chute. This takes about 20-30 minutes per day, which is all unpaid time.

As to the rounding claim, Defendant uses a timekeeping system that records work time to the minute, but the time entries are rounded for payroll purposes. Employees lose time because of the rounding.

Further, vacation time is paid according to a proprietary formula that results in vacation hours being paid at less than the regular rate. Sometimes, the vacation rate is below minimum wage.

The claim for unreimbursed business expenses alleges that Defendants failed to reimburse employees for work-related expenses, including using their personal cell phones for work, such as communicating with supervisors or calling someone for help if the uniform-dispensing machine was not working.

The putative class is defined as all of Defendants' non-exempt California employees between December 29, 2019 and the present.

Plaintiff alleges that Defendants acted as joint employers of Plaintiff and the putative class members.

/ / /

**B.    Defendants' Statement**

Defendants deny all of Plaintiff's allegations, and deny that Plaintiffs' claims are amenable to class treatment.

As to the donning and doffing claim, not all putative class members are required to wear uniforms. For those who do, Defendants' Dress and Grooming Policy explicitly states that employees "are free to change in/out of uniforms at home." Employees are allowed to take their uniforms home and to change into and out of their uniforms at home. For the employees who choose to change at work, many do so on the clock and individualized issues will predominate.

As to the rounding claim, the hotels utilize different timekeeping systems and grace periods, and there is no common policy or practice that violates California law regarding compensating for all "hours worked."

As to the vacation wages claim, the payment of vested vacation pay at termination is governed by the relevant collective bargaining agreements, as allowed under Labor Code Section 227.3.

As to the reimbursement claim, any employees who are required to utilize their cell phones for work are reimbursed for a portion of those cell phone expenses, and many employees are issued company-owned radios or other communication devices. Although some employees may have used their cell phones voluntarily to communicate with co-workers, there were no policies or procedures requiring them to do so.  Any inquiry into the liability question of reimbursement of cell phone expenses will turn on myriads of individualized issues, such as whether the use of personal cell phone was required, whether the expenses incurred was both necessary and reasonable, whether the employee received reimbursement, and whether they made a reimbursement request if they did not receive a reimbursement payment, etc.

The proposed class covers multiple hotels under four differentiated brands. These hotels range from large full-service hotels with hundreds of employees to smaller limited-service hotels with far fewer employees. Each hotel has differing levels of business and

different staffing needs. Different hotels are also governed by different employee handbooks and policies based on whether the hotel was unionized. Within each hotel, there are hotel-specific and department-specific policies and procedures tailored to different functionality and job responsibilities—e.g., housekeeping, food and beverage, customer service, etc. The proposed class also covers both unionized and non-unionized hotels. Some employees work at hotels that are covered by collective bargaining agreements. Some employees work at non-union hotels, but are subject to arbitration agreements with a class action waiver.

## III.    LEGAL ISSUES

Plaintiff contends the primary legal issues arising from Plaintiff's complaint are:

- Whether Defendants were required  to pay Plaintiff and the putative class members for time spent donning and doffing their uniforms;;

- Whether Defendants  rounded Plaintiff's and the putative class members' work time in violation of California law;

- Whether Defendants paid Plaintiff's and the putative class members' vacation wages at less than the required rate;

- Whether Plaintiff and the putative class members received reimbursement for all reasonable and necessary business-related expenses;

- Whether Plaintiff and the putative class members received accurate, itemized wage statements, and whether any wage statement violations were willful;

- Whether Defendants engaged in unfair business practices under California Business & Professions Code §§ 17200–17210 as a result of the above issues; and

- Whether a class should be certified under Federal Rule of Civil Procedure 23(b)(3).

Defendants contend there are numerous additional legal issues presented in this case, largely because Plaintiff seeks to represent an overbroad group of current and former

employees without an understanding of the policies, procedures, or working conditions at other hotels under different brands. For example, whether donning and doffing time is compensable where employees are not required to change into and out of their uniforms at work. Moreover, some claims at some hotels may be preempted by the Labor Management Relations Act. Some claims at some hotels may be preempted under the mandatory grievance procedures as set forth under the applicable bargaining agreements. Some claims at some hotels may be subject to binding arbitration agreements. Some claims may not apply at certain hotels because the relevant policies, practices, and procedures differ at each hotel. Some claims at some hotels may not be pursued because Defendants did not own, manage, or operate the hotel, or employ any of the workers at the hotels. Some claims at some hotels may be subject to a release in connection with a prior settlement. Thus, Defendants have many serious concerns about manageability of the class action claims.

## IV.   MOTIONS

### A.   Plaintiff's Statement

Plaintiff anticipates filing a motion for class certification as soon as practicable after conducting necessary discovery.  Plaintiff may also file a motion for summary judgment at an appropriate stage of the case.

### B.   Defendants' Statement

Defendants intend to file a Motion to Stay this action under the first-to-file rule and the Court's inherent authority to stay a later-filed case, based on the earlier-filed *Martinez* case discussed below. A stay of this later-filed class action is appropriate to avoid any duplicative efforts and confusions in simultaneously litigating both cases with overlapping claims.

Depending on how the litigation proceeds, Defendants may also file a Motion for Summary Judgment or in the alternative a Motion for Summary Adjudication.  Defendants do not anticipate filing any additional motions, with the exception of discovery motions if required.

## V.    AMENDMENT OF PLEADINGS

### A.    Plaintiff's Statement

Plaintiff anticipates amending his complaint within the next 30 to 45 days.  Plaintiff will seek a stipulation from Defendants regarding the proposed amendment.

### B.    Defendants' Statement

Defendants object to any effort by Plaintiff to amend the operative Class Action Complaint, unless the amendment seeks to narrow the scope of this lawsuit. Also, Defendants object to Plaintiff amending the complaint because this case should be stayed subject to the resolution of the class certification issue in the earlier-filed *Martinez* action.

## VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties agree that an appropriately tailored ESI protocol may be useful and will further meet and confer about this. The parties do not anticipate an issue arising in this action regarding the preservation of evidence.  Both parties are aware of the need to preserve evidence related to this matter.

## VII.    DISCLOSURES

### A.    Plaintiff's Statement

Plaintiff proposes that the parties will provide their initial disclosures by June 12, 2024.

### B.    Defendants' Statement

It is Defendants' position that the Motion to Stay should be decided before the parties are required to provide their initial disclosures.

## VIII.    DISCOVERY

### A.    Plaintiff's Statement

Plaintiff intends to propound written discovery requests consisting of Requests for Production, Interrogatories, and/or Requests for Admission seeking the putative class

members' names and contact information, relevant policy documents, and the putative class members' time and payroll records.  Plaintiff will request a list of the putative class members' names and contact information pursuant to a stipulated protective order.  Upon receipt of the putative class members' contact information, Plaintiff plans to interview them as a source of evidence independent of Defendants' internal records.  In addition, Plaintiff expects to conduct Rule 30(b)(6) depositions, expert depositions, and/or individual depositions after sufficient written discovery has been conducted.

Plaintiff believes that bifurcation of discovery is unnecessary and would create confusion, as there is typically significant overlap between class certification issues and merits issues.  Plaintiff does not presently anticipate conducting a significant amount of e-discovery.  Plaintiff is willing to enter into a stipulated e-discovery order and/or a protective order regarding confidential or otherwise sensitive information if necessary.

**B.    Defendants' Statement**

Most of the requested discovery has already been furnished in the *Martinez* case, or is subject to parties' agreement after several rounds of lengthy meetings and discussions between counsel. As noted, Defendants intend to file a Motion to Stay this case, which should be decided before discovery is permitted in this case.

**IX.    CLASS ACTIONS**

**A.    Plaintiff's Statement**

Plaintiff intends to seek certification of a class of all of Defendants' non-exempt California employees between December 29, 2019 and the present.  Plaintiff reserves the right to modify the class definitions based on information obtained during certification discovery.

Plaintiff's counsel has reviewed the Procedural Guidance for Class Action Settlements.

Plaintiff's position as to the information required by Civil Local Rule 16-9(b) is provided below.

/ / /

**JOINT CASE MANAGEMENT STATEMENT**

**3:24-cv-01161-AMO**

**1.      The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action**

Plaintiff will seek certification under Federal Rule of Civil Procedure 23(b)(3), which permits class certification when the Court finds that common questions of law or fact predominate over individual questions and that a class action is superior to other methods for fairly and efficiently adjudicating the controversy.

**2.      A description of the class or classes on whose behalf the action is brought**

Plaintiff brings this action on behalf of all non-exempt employees who have worked for Defendants in California at any time between December 29, 2019 and the date of final judgment in this action.

**3.      Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b)**

The class is so numerous that joinder of all members is impracticable.  Defendants operate 5 InterContinental hotels in California, along with numerous other hotels under different brands, including Crowne Plaza, Hotel Indigo, Holiday Inn, and Staybridge Suites.  Plaintiff estimates that there are over 1,000 putative class members.  The putative class members will be identified by the time, payroll, and personnel records maintained by Defendants.

There are common issues of law and fact that predominate over common issues, including (1) whether Defendants' policy and practice of not paying employees for the time they spent donning and doffing their uniforms is unlawful; (2) whether Defendant's policy and practice of rounding employees' time violated California law; (3) whether it was unlawful for Defendants to pay vacation time at less than the regular rate and, at times, less than minimum wage; (4) whether Defendants failed to reimburse employees for necessary business expenses; and (5) whether Defendants failed to provide accurate wage statements as a result of the donning and doffing and rounding claims, and/or because wage statements that only had vacation pay did not show the number of vacation hours or

JOINT CASE MANAGEMENT STATEMENT

3:24-cv-01161-AMO

the hourly rate.

Plaintiff's claims are typical of the putative class members' claims. Plaintiff is not aware of any conflicts of interest between him and the putative class members, and he is committed to vigorously prosecuting the claims on behalf of the putative class. Plaintiff and his counsel, who have extensive experience with wage-and-hour and PAGA actions, will fairly and adequately protect the interests of the putative class.

A class action is superior to other methods of resolution, such as numerous individual lawsuits. Without class representation, many class members would likely be hesitant to file their own individual lawsuits, due to the fear of retaliation and the high cost of litigation compared to the possible recovery. Class treatment is more efficient, will avoid duplicative lawsuits, and a class trial will be manageable.

**4. A proposed date for the Court to consider whether the case can be maintained as a class action**

Plaintiff proposes that the deadline to file a motion for class certification be set for April 18, 2025.

**B. Defendants' Statement**

Under Civil Local Rule 16-9(b), only the party "seeking to maintain a case as a class action must include in the Case Management Statement" the information provided above. However, as discussed above, Plaintiff's class action is overbroad and seeks to represent employees who cannot participate in this lawsuit. Defendants also disagree with Plaintiff's overly simplified characterization of the class certification issues in this case.

**X. RELATED CASES**

**A. Plaintiff's Statement**

On May 23, 2024, Plaintiff filed a PAGA complaint in San Francisco Superior Court (Case No. CGC-24-614959). The complaint involves the same defendants and seeks PAGA penalties for the same violations alleged in this case, plus penalties for violations of Labor Code §§ 201-204.

Plaintiff is aware of two other cases that allege partially overlapping claims against

-11-

IHG Management (Maryland) LLC and InterContinental Hotels Group Resources, LLC.

*Robert Martinez, et al. v. IHG Management (Maryland) LLC, et al.* (Case No. 3:24-cv-00210-L-DEB) is a putative class action that was filed on December 28, 2023 and is currently pending in the Southern District of California.  This case alleges claims for failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to provide accurate wage statements, failure to pay waiting time penalties, failure to reimburse business expenses, and unfair competition.  The putative class is defined as all non-exempt California employees who worked for IHG Management (Maryland) LLC and InterContinental Hotels Group Resources, LLC between December 28, 2019 and the present.

*Robert Martinez, et al. v. IHG Management (Maryland) LLC, et al.* (Case No. 37-2024-00008504-CU-OE-CTL) is a PAGA action filed on February 23, 2024 that is pending in San Diego Superior Court.  This case mirrors the *Martinez* class action and is currently stayed.

**B.    Defendants' Statement**

Defendants filed a Notice of Pendency of Other Action or Proceeding on May 1, 2024 (Dkt. 11).  In the Notice, Defendants provided notice of the following action: *Robert Martinez, et al. v. IHG Management (Maryland) LLC, et al*., United States District Court, Southern District of California, Case No. 3:24-cv-00210-L-DEB.

The *Martinez* class action wholly encompasses the proposed class in this case. Specifically, Martinez seeks to represent all current and former employees of Defendants in California who worked during the relevant period. Because *Martinez* was filed first, the proposed class period is longer than the proposed class period in this case.

The *Martinez* class action also asserts overlapping claims, alleging Defendants failed to pay overtime and minimum wages, failed to issue accurate itemized wage statements, failed to provide meal and rest periods, failed to reimburse business expenses, failed to pay all wages during employment in a timely fashion, failed to pay all wages due at termination, and unfair business practices.

**JOINT CASE MANAGEMENT STATEMENT**

**3:24-cv-01161-AMO**

The *Martinez* class action has already been actively litigated for months. The parties in *Martinez* already exchanged approximately 2,000 pages of documents and employment data. The parties in *Martinez* also completed a court-mandated Early Neutral Evaluation, where a Magistrate Judge has spent several hours with the parties to discuss the various issues pertaining to the class action and potential resolution. The Court in *Martinez* has issued a detailed Scheduling Order and set a deadline for Plaintiff's class certification brief of September 27, 2024. Moreover, the parties in *Martinez* are in discussion of mediation. In contrast, this case has been largely dormant since its inception.

## XI. RELIEF

### A. Plaintiff's Statement

On behalf of himself and the putative class, Plaintiff seeks to recover unpaid regular, overtime, and vacation wages; reimbursement for necessary business expenses, such as the costs of employes using their personal cell phones for work; wage statement penalties and/or actual damages for non-compliant wage statements; and interest, attorneys' fees, and costs.  The precise total amount of damages is presently unknown and will be determined through discovery.

### B. Defendants' Statement

At the outset, Defendants seek to have this case stayed. Ultimately, if Defendants are deemed the prevailing party they will seek their fees and costs associated with this litigation. Defendants do not seek any other recovery and have not filed any counter claim at this time.

## XII. SETTLEMENT AND ADR

### A. Plaintiff's Statement

The parties have not engaged in any settlement discussions to date.  Plaintiff believes the case is best suited for private mediation after sufficient discovery has been conducted for the mediation to be productive.

In order for mediation to be productive, Plaintiff will need the following, at a minimum: (1) the putative class members' names and contact information, (2) Defendants'

policies relating to the violations alleged in the complaint that were in effect during the relevant time period, and (3) a sampling of the putative class members' time and payroll records (in electronic format to the extent possible).

Plaintiff proposes a mediation completion date of January 30, 2026.

### B.    Defendants' Statement

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), the Parties have (1) discussed with each other the available dispute resolution options provided by the Court and private entities; and (2) considered whether this case might benefit from any of the available dispute resolution options.  Although Defendants agree with Plaintiff that private mediation may be more appropriate for this lawsuit, mediation or any other forms of dispute resolution option is premature. Defendants are currently in discussion of mediation with Martinez and contend that this case should be stayed.

## XIII.    OTHER REFERENCES

The parties do not believe that the case should be referred to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.    NARROWING OF ISSUES

### A.    Plaintiff's Statement

Plaintiff is currently unaware of any issues that can be narrowed.

### B.    Defendants' Statement

As discussed above, Plaintiff's class action complaint is overbroad. However, at this juncture, it is Defendants' position that this case should be stayed.

## XV.    SCHEDULING

### A.    Plaintiff's Statement

Plaintiff believes that it is premature to schedule a trial date or discovery-related dates in this matter prior to class certification.  Given the nature of the claims, it will take time for the parties to conduct pre-certification discovery.  If the class is certified, Plaintiff will need to conduct merits discovery.  With that in mind, Plaintiff proposes the following tentative schedule, which is subject to change depending on how discovery proceeds:

| Event | Date |
|---|---|
| **Last Day to File Class Certification Motion** | April 18, 2025 |
| **Opening Expert Witness Disclosure** (90 days before Trial per FRCP 26(a)(2)(D)(i)) | January 16, 2026 |
| **Mediation Completion Date** | January 30, 2026 |
| **Discovery Cut-Off** (60 days before Final Pretrial Conference) | February 9, 2026 |
| **Rebuttal Expert Witness Disclosure** (30 days after Opening Expert Witness Disclosure per FRCP 26(a)(2)(D)(ii)) | February 17, 2026 |
| **Last Day to File Discovery Motion (related to non-expert discovery)** (14 days after Discovery Cut-Off) | February 23, 2026 |
| **Expert Discovery Cut-Off** | March 6, 2026 |
| **Last Day to File Discovery Motion (related to expert discovery)** (14 days after Expert Discovery Cut-Off) | March 20, 2026 |
| **Final Pretrial Conference** (7 days before trial; "conference must be held as close to the start of trial as is reasonably possible" per FRCP 16(e)) | April 10, 2026 |
| **Jury Trial** | April 17, 2026 |

### B.      Defendants' Statement

This case should be stayed for the reasons discussed above. It is Defendants' position that the Motion to Stay should be decided before the parties' propose a schedule for the case.

However, if the case is not stayed, Defendant proposes the following tentative schedule, which is subject to change depending on how discovery proceeds:

| Event | Date |
|---|---|
| **Last Day to File Class Certification Motion** | January 13, 2025 |
| **Opening Expert Witness Disclosure** (90 days before Trial per FRCP 26(a)(2)(D)(i)) | September 2, 2025 |

**JOINT CASE MANAGEMENT STATEMENT**

**3:24-cv-01161-AMO**

| Mediation Completion Date | September 16, 2025 |
|---|---|
| **Discovery Cut-Off** (60 days before Final Pretrial Conference) | September 25, 2025 |
| **Rebuttal Expert Witness Disclosure** (30 days after Opening Expert Witness Disclosure per FRCP 26(a)(2)(D)(ii)) | October 2, 2025 |
| **Last Day to File Discovery Motion (related to non-expert discovery)** (14 days after Discovery Cut-Off) | October 9, 2025 |
| **Expert Discovery Cut-Off** | October 16, 2025 |
| **Last Day to File Discovery Motion (related to expert discovery)** (14 days after Expert Discovery Cut-Off) | October 30, 2025 |
| **Final Pretrial Conference** (7 days before trial; "conference must be held as close to the start of trial as is reasonably possible" per FRCP 16(e)) | November 25, 2025 |
| **Jury Trial** | December 2, 2025 |

## XVI.  TRIAL

### A.    Plaintiff's Statement

Plaintiff has requested a trial by jury.  Plaintiff estimates that the case would take 15 to 20 court days to try if it proceeds as a class action.

### B.    Defendants' Statement

Defendants contend it is premature to estimate the length of trial without knowing what claims will be at issue and which claims will proceed as a class action. However, Defendants' best estimate is that trial will last approximately 15 court days.

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A.    Plaintiff's Statement

On June 7, 2024, Plaintiff filed the Certification of Conflicts and Interested Parties or Persons required by Local Rule 3-15, wherein Plaintiff certified that there is no conflict or interest (other than the named parties) to report.

-16-

**B.      Defendants' Statement**

Defendants have filed the Certification of Conflicts and Interested Parties or Persons required by Local Rule 3-15. Defendants IHG Management (Maryland) LLC, a Maryland limited liability company, InterContinental Hotels Group Resources, LLC, a Delaware limited liability company, Inter-Continental Hotels of San Francisco, Inc., a Delaware corporation, and Six Continents Hotels, Inc., a Delaware corporation, disclose that they have an ultimate parent, InterContinental Hotels Group PLC, the shares of which are listed on the London Stock Exchange.

InterContinental Hotels Group PLC facilitates foreign investment in its shares by means of American Depositary Receipts (evidencing American Depositary Shares), which are issued by JP Morgan Chase & Co. and tradable on the New York Stock Exchange. InterContinental Hotels Group PLC is listed on the New York Stock Exchange as "IHG."

No publicly held company owns 10% or more of InterContinental Hotels Group PLC's shares.  Therefore, no publicly held corporation owns 10% or more of IHG's stock. [Restate information in the documents, as required.

**XVIII. PROFESSIONAL CONDUCT**

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XIX.   OTHER MATTERS**

At this time, the parties are not aware of any other matters that require the Court's attention.

Date:   June 11, 2024                              AEQUITAS LEGAL GROUP

                                                   */s/ Olivia D. Scharrer*
                                        By: _____
                                                   RONALD H. BAE
                                                   OLIVIA D. SCHARRER
                                                   CARSON M. TURNER
                                        Attorneys for Plaintiff MARK WISE

**JOINT CASE MANAGEMENT STATEMENT**

**3:24-cv-01161-AMO**

Date:   June 11, 2024                    SEYFARTH SHAW LLP

                                         */s/ Eric E. Hill*
                                    By: _____
                                         LEO Q. LI
                                         ERIC E. HILL
                                         YOON-WOO NAM
                                         PING WANG
                                    Attorneys for Defendants
                                    INTERCONTINENTAL HOTELS GROUP
                                    RESOURCES, LLC, IHG MANAGEMENT
                                    (MARYLAND) LLC;
                                    INTERCONTINENTAL HOTELS OF SAN
                                    FRANCISCO, INC, and SIX CONTINENTS
                                    HOTELS, INC.

**JOINT CASE MANAGEMENT STATEMENT**

**3:24-cv-01161-AMO**