**SEYFARTH SHAW LLP**
Leo Q. Li (SBN 293539)
lli@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP
RESOURCES, LLC; IHG MANAGEMENT
(MARYLAND) LLC; INTERCONTINENTAL
HOTELS OF SAN FRANCISCO, INC; SIX
CONTINENTS HOTELS, INC.

*[additional counsel on the next page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WISE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware limited liability company; IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., a Delaware corporation; SIX CONTINENTS HOTELS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-01161-AMO<br><br>Honorable Araceli Martinez-Olguin<br><br>**DEFENDANTS' REPLY TO PLAINTIFF MARK WISE'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>[Removed From San Francisco County Superior Court Case No. CGC-23-611350]<br><br>Date:        October 3, 2024<br>Time:        2:00 p.m.<br>Ctrm:        10<br>Judge:       Hon. Araceli Martinez-Olguin<br><br>Complaint Filed: December 29, 2023<br>Trial Date: None Set |

Eric E. Hill (SBN 173247)
ehill@seyfarth.com
Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:     (415) 397-2823
Facsimile:      (415) 397-8549

Yoon-Woo Nam (SBN 284644)
ynam@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:     (916) 448-0159
Facsimile:      (916) 558-4839

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC; IHG MANAGEMENT (MARYLAND) LLC; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC; SIX CONTINENTS HOTELS, INC.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS

# **TABLE OF CONTENTS**

**Page**

I. Introduction ................................................................................................................... 1

II. Plaintiff Offers No Justification For Transferring The First-Filed Case To This Court ........... 2

    A. The First-To-File Rule Should Not Be Disregarded Lightly ....................................... 2

    B. Wise Has Not Presented Any Compelling Circumstances To Depart From The First-To-File Rule ................................................................................................... 2

III. All Factors Of The First-To-File Rule Are Met ........................................................... 4

    A. The *Martinez* Action Has Made Significant Progress In The Litigation Process And Is Far Ahead Of The *Wise* Action ........................................................................... 4

    B. The Parties Are Substantially Similar Because Of The Significant Overlap Of Parties In *Martinez* And *Wise* ........................................................................................... 6

    C. The Claims In *Wise* Are Wholly Encompassed By The Claims In *Martinez* ............... 7

IV. Wise Has Not Shown Any Unfair Prejudice By A Temporary Stay ........................................ 8

    A. *American Pipe* Tolling Is Inapplicable In This Case ....................................... 8

    B. Wise's Reliance On *Adoma* Is Misplaced Because This Is Not An FLSA Action ........ 9

    C. There Is No Evidence To Suggest That Martinez And His Counsel Will Not Protect The Interest Of The Absent Class Members ............................................. 10

V. Conclusion .................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*,
   2018 WL 573576 (N.D. Cal. Jan. 26, 2018) ...............................................................................10

*Adoma v. Univ. of Phoenix, Inc.*,
   711 F. Supp. 2d 1142 (E.D. Cal. 2010) ........................................................................................9

*American Pipe & Const. Co. v. Utah*,
   414 U.S. 538 (1974) ..................................................................................................................8, 9

*China Agritech v. Michael H. Resh*,
   584 U.S. 732 (2018) ..................................................................................................................8, 9

*Douglass v. Reliant Life Shares LLC*,
   2023 WL 8882606 (C.D. Cal. Apr. 7, 2023) ................................................................................5

*Figueroa v. Autozoners, LLC*,
   2019 WL 11023547 (C.D. Cal. Jan. 31, 2019) ............................................................................8

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
   179 F.R.D. 264 (C.D. Cal. 1998) .................................................................................................3

*Iglesias v. Arizona Beverages USA, LLC*,
   2023 WL 6795416 (N.D. Cal. Oct. 13, 2023) ..............................................................................2

*Koehler v. Pepperidge Farm Inc.*,
   2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ..............................................................................7

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
   787 F.3d 1237 (9th Cir. 2015) .................................................................................................6, 7

*Manuel v. Convergys Corp.*,
   430 F.3d 1132 (11th Cir. 2005) ...................................................................................................3

*Mekanism, Inc. v. Red Tettemer, Inc.*,
   2008 WL 11454784 (N.D. Cal. Nov. 5, 2008) .............................................................................3

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*,
   2012 WL 3277222 (N.D. Cal. Aug. 9, 2012) ...............................................................................5

*Recoton Corp. v. Allsop, Inc.*,
   999 F. Supp. 574 (S.D.N.Y. 1998) ...............................................................................................5

*Scholl v. Mnuchin*,
   483 F. Supp. 3d 822 (N.D. Cal. 2020) .........................................................................................5

*Spirit Clothing Co. v. Boxercraft Inc.*,
   2014 WL 12585663 (C.D. Cal. May 22, 2014) ...........................................................................3

*Van v. Rasier, LLC*,
   2018 WL 11347243 (C.D. Cal. Jun. 6, 2018) ..................................................................8

*VBConversions LLC v. Buildertrend Sols., Inc.*,
   2017 WL 2469969 (C.D. Cal. June 5, 2017) ...................................................................3

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
   967 F. Supp. 2d 1289 (N.D. Cal. 2013) ..........................................................................6

*Young v. L'Oreal USA, Inc.*,
   526 F. Supp. 3d 700 (N.D. Cal. 2021) ............................................................................8

*Z–Line Designs, Inc. v. Bell'O Int'l LLC*,
   218 F.R.D. 663 (N.D. Cal. 2003) ....................................................................................5

**I.     Introduction**

The Ninth Circuit has cautioned district courts against disregarding the first-to-file rule lightly. In this case, the first-filed action has been actively litigated and is approaching a class certification deadline of September 27, 2024, approximately two months away. In contrast, this second-filed action has been largely dormant. Based on the procedural postures of these cases, the first-to-file rule strongly favors a temporary stay of this second-filed case, so the issues of class certification can be resolved in the first-filed case without unnecessary disruptions and delays.

However, Plaintiff Mark Wise ("Wise") opposes Defendants' Motion to Stay and asks this Court in the second-filed case to disregard the first-to-file rule because he is "working together" with Robert Martinez ("Martinez"), who filed the first class action. There is a strong presumption across the federal circuits that favors the forum of the first-filed lawsuit. Wise has failed to articulate any justification for pursuing his second-filed case in this Court, as opposed to the district court presiding over the first-filed case. As such, Wise's proposal is nothing but an improper attempt at forum shopping.

Wise also argues that the first-to-file rule should not apply because the parties and claims are not "identical" in both cases. Specifically, Wise identifies two entity defendants named in this case that are not named in the first-filed case. However, Wise offers no facts to show the relationship between these entities and the other named entities. Wise also offers no facts to show whether these additional entities owned or operated any hotels in California, or employed any workers in California. Wise also argues that he has a vacation pay claim that was not asserted in the first-filed case. However, he is mistaken, as Martinez expressly identifies vacation pay as one of the theories of recovery in the first-filed case.

In any event, the first-to-file rule does not require identical parties or identical claims, as long as the parties and claims are substantially similar in both cases. Here, both cases assert overlapping claims for alleged violations of the California Labor Code on behalf of other similarly situated non-exempt employees in California. Accordingly, there can be no question that the parties and claims are substantially similar to warrant the application of the first-to-file rule.

Wise also argues that he and the proposed class will be harmed by a temporary stay because the statute of limitations for class action claims are not tolled during the pendency of another class action. However, this is a red herring, as Wise has already filed his class action, and he is not pursuing any

1

untimely claims that would require tolling the statute of limitations during the pendency of a class certification decision in the first-filed case.

In sum, Wise has not presented any justification, let alone "compelling circumstances," to warrant an exception to the first-to-file rule. Thus, the Court should decline Wise' invitation to disrupt the proceedings in the first-file case and instead temporarily stay this second-filed case until a class certification decision is issued in the first-filed class action.

## II. Plaintiff Offers No Justification For Transferring The First-Filed Case To This Court

### A. The First-To-File Rule Should Not Be Disregarded Lightly

Wise relies on the decision in *Iglesias v. Arizona Beverages USA, LLC*, 2023 WL 6795416, at *3 (N.D. Cal. Oct. 13, 2023), and argues that the Court should disregard the first-to-file rule because it is "discretionary." (Opp., 4.)

However, Plaintiff conveniently omits the other part of the decision, where the district court cautioned that the first-to-file rule "**should not be disregarded lightly**." *Iglesias*, 2023 WL 6795416, at *3 (emphasis added). The district court further held that "[c]ourts will typically make exceptions to the rule if there has been bad faith, anticipatory suit, or forum shopping." *Id.*

Here, none of these factors exist to warrant an exception to the rule. Indeed, Wise has not presented any argument that any of these exceptions apply to render the first-to-file rule inapplicable.

### B. Wise Has Not Presented Any Compelling Circumstances To Depart From The First-To-File Rule

Wise argues that the first-to-file rule is "no longer relevant" because the plaintiffs in *Wise* and *Martinez* have agreed to work together. (Opp., 4.) But Wise has not identified any authority to support this purported exception to the first-to-file rule.

Even assuming *arguendo* that "working together" can be an exception to the first-to-file rule, Wise has not offered any reason to support transferring the *first-filed case* (i.e., *Martinez*) to this Court, as opposed to transferring this *later-filed case* to the district court presiding over the *first-filed case*. Nor has Wise explained why this determination should be decided by this Court, as opposed to the district court presiding over the *first-filed case*.

"Where two actions involving overlapping issues and parties are pending in two federal courts,

2

there is *a strong presumption* across the federal circuits that favors *the forum of the first-filed suit* under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Spirit Clothing Co. v. Boxercraft Inc.*, 2014 WL 12585663, at *1 (C.D. Cal. May 22, 2014) (holding that "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action").

"An exception to the first-filed rule is warranted if there are '*compelling circumstances*' that favor giving precedence to the second-filed action." *VBConversions LLC v. Buildertrend Sols., Inc.*, 2017 WL 2469969, at *4 (C.D. Cal. June 5, 2017) (emphasis added); *Mekanism, Inc. v. Red Tettemer, Inc.*, 2008 WL 11454784, at *1 (N.D. Cal. Nov. 5, 2008) (holding that "unless compelling circumstances justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action") (citing *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998)).

Moreover, district courts have routinely held that "it is the court in which the *first-filed* action was brought that should decide whether an exception to the first-filed rule applies." *VBConversions LLC*, 2017 WL 2469969, at *4; *see also Spirit Clothing Co.*, 2014 WL 12585663, at *2 (holding that the "equitable determination should normally be made by 'the court with the first-filed action'").

Here, "working together" does not justify a departure from the rule requiring the first-filed case to proceed. Even if consolidation of the cases is appropriate, Wise has not offered any reason or "compelling circumstances" to warrant transferring the first-filed case to the second filed case.

Indeed, there is no justification for proceeding in this Court with the *later-filed* case, as opposed to the Southern District of California with the *earlier-filed* case. Doing so would upend the proceedings in the earlier-filed case, especially considering that the parties in the earlier-filed case had already engaged in significant litigation activities, including attending a full session of the Early Neutral Evaluation, proposing pretrial schedules, completing a scheduling conference with the Court, exchanging 2,000 pages of informal discovery, propounding and responding written discovery, and scheduling the deposition of the plaintiff and the corporate representative. (*See* Li Decl. Dkt. 18, ¶5-7.)

More importantly, the district court in *Martinez* has already set a class certification deadline for September 27, 2024, which is approximately two months away. (Li Decl., ¶8, Ex. C.) Leading up to the

class certification deadline, the parties in *Martinez* have been moving at full speed to complete the necessary pre-certification discovery. (Li Supp. Decl., ¶¶4-7.) For example, the parties have already negotiated an agreed-upon sample for the time and pay records of the proposed class members. (*Id.* at ¶4.) The parties in *Martinez* have also negotiated an agreed-upon sample of the class list and the permissive use of the private contact information of the potential class members. (*Id.* at ¶4.) Counsel for *Martinez* has issued a deposition notice for the person most knowledgeable under Rule 30(b)(6) and identified 16 topics to be covered at the deposition, as well as 29 separate document requests to be produced at deposition. (*Id.* at ¶5.)

Despite the extensive amount of active litigation in the earlier-filed *Martinez* case, Wise proposes that the parties should agree to start over in this Court, where they have only exchanged the initial disclosures and filed this instant Motion to Stay. Wise's attempt to proceed in this Court is not only unjustified but also a blatant attempt at improper forum shopping and disrupting the proceedings in the first-filed case.

### III. All Factors Of The First-To-File Rule Are Met

#### A. The *Martinez* Action Has Made Significant Progress In The Litigation Process And Is Far Ahead Of The *Wise* Action

Wise argues that the Court should overlook the chronology of these lawsuits because they "were filed just one day apart," thereby suggesting there is not a "meaningful" difference between the two cases. (Opp, 8-9.) Not so.

Although *Wise* and *Martinez* were filed only one day apart, these cases are in very different stages of litigation. As discussed in Defendant's moving papers, it is uncontroverted that there have been significant activities in the *Martinez* Action. (Motion [Dkt. 18-1], 4.) Even after the filing of this Motion, the parties in *Martinez* have made additional progress towards the class certification deadline: 1) the parties have negotiated an agreed-upon sample for the time and pay records of the proposed class members; 2) the parties have also negotiated an agreed-upon sample of the class list and the permissive use of the private contact information of the potential class members; 3) the defendants have produced the agreed-upon class list in June 2024; 4) the counsel for *Martinez* has issued a deposition notice of the defendants' person most knowledgeable under Rule 30(b)(6); 5) the parties have exchanged their first

sets of discovery requests, including the requests for production of documents and special interrogatories from both the plaintiff and defendants; 6) the plaintiff has provided his responses to the defendants' first set of requests for production of documents; and 7) the parties have completed Martinez's deposition for July 24, 2024. (Li Supp Decl. ¶6.)

In contrast, it is uncontroverted that this later-filed case has been largely dormant. (Mot., 4.) To date, the parties in this case have not exchanged any documents. No discovery plan is in place. No depositions have been taken or scheduled in this case. In fact, no scheduling order was issued and no deadlines have been set by this Court. Nor have the parties participated in any settlement conferences or exchanged information to discuss a possible early resolution of this lawsuit. (Li Supp. Decl. ¶8.)

For these reasons, all the cases relied upon by Wise (Opp. 5-6) are distinguishable because, in those instances, both the first-filed and second-filed cases were at the ***same*** initial stage of litigation, with no significant progress made in either case. *See, e.g.*, *Scholl v. Mnuchin*, 483 F. Supp. 3d 822, 827 (N.D. Cal. 2020) (declining to apply the first-to-file rule because "***the cases are in their infancy and neither case has clearly expended more effort or made more progress***, the rule's motivation and rationale is diminished"); *Z–Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (concluding that where the initial action was filed only two days before the second, the importance of the earlier filing date was diminished because of "***the lack of progress in either litigation***"); *Recoton Corp. v. Allsop, Inc.*, 999 F. Supp. 574, 578 (S.D.N.Y. 1998) (granting the motion to transfer because "***no further progress has been made in this action*** that would militate against transfer to another district"). *Accord Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, 2012 WL 3277222, at *3-9 (N.D. Cal. Aug. 9, 2012) (holding that an exception to the first-to-file rule applied because the second-filed case had "already proceeded to the initial discovery phase…, leading to briefing dispositive motions," whereas the first-filed case "remain[ed] in its infancy with no substantive motions having come before this court").[1]

---

[1] Wise also cites to *Douglass v. Reliant Life Shares LLC*, 2023 WL 8882606, at *1 (C.D. Cal. Apr. 7, 2023). (Opp., 6.) However, *Douglass* does not involve the application of the first-to-file rule. Thus, the decision in *Douglass* is inapplicable.

5
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS

### B. The Parties Are Substantially Similar Because Of The Significant Overlap Of Parties In *Martinez* And *Wise*

Wise argues that the second prong—similarity of the parties—is not satisfied because his lawsuit named "two additional defendants that are not named in *Martinez*." (Opp., 6.) Specifically, Wise refers to Intercontinental Hotels of San Francisco and Six Continents Hotels, Inc. (*Id.*)

However, Wise offers no facts to explain the relationship between these entities and the other defendants named in this lawsuit. Wise offers no facts to show if these two entities owned or operated any hotels in California during the proposed class period. Wise offers no facts to show if these two entities employed any workers (directly or indirectly) in California during the proposed class period.

Wise also argues that the second prong of the first-to-file rule is not met because "Defendants intend to narrow the putative classes in both *Wise* and *Martinez*." (Opp., 7.) Wise argues that the parties are not substantially similar because Defendants stated in their Notice of Pendency of Other Action or Proceeding (Dtk. 11) that they "have been actively meeting and conferring with counsel in the first-filed *Martinez* action to narrow the scope of the proposed class and identify the claims that will be pursued in that action." (Opp., 7.)

Yet, Wise offers no facts or details as to whether the plaintiff in *Martinez* has already agreed to narrow the scope of the proposed class or claims in the *Martinez* case. This is because Martinez has not agreed to narrow the scope of the proposed class or abandon any claims that were asserted in the *Martinez* lawsuit. (Li Supp. Decl., ¶3.)

The omission speaks volumes. Since Wise and Martinez are "working together," it is reasonable to expect a declaration from Martinez or his counsel to articulate with specificity which groups of employees are not covered in the *Martinez* lawsuit and which claims are not pursued in the *Martinez* lawsuit. Yet, Wise offers no details and merely relies on unfounded speculations.

More importantly, even if the proposed classes in *Martinez* and *Wise* are not identical, that does not weigh against the application of the first-to-file rule. It is well-settled that the first-to-file rule does not require identical parties. Rather, it is satisfied as long as "some of the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013); *see also Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (holding that "the

first-to-file rule does not require exact identity of the parties"); *Koehler v. Pepperidge Farm Inc.*, 2013 WL 4806895, at *3-4 (N.D. Cal. Sept. 9, 2013) (holding that the first-to-file rule was satisfied because the proposed classes substantially overlapped where the plaintiff in the second action "will become part of [the plaintiff in the second action]'s nationwide class, at least as to the common law claims, if that class is certified").

### C. The Claims In *Wise* Are Wholly Encompassed By The Claims In *Martinez*

Wise argues that the third prong—the similarity of the issues—is not met because he has raised a claim for failure to pay vacation wages, which he contends is not at issue in *Martinez*. (Opp., 8.) However, Wise is incorrect. The *Martinez* complaint expressly includes a claim for failure to provide "all owed vacation pay and/or paid time off." (Li Decl., Ex. A, ¶81.) The *Martinez* complaint also specifies that the "vacation pay/paid time off" was not "paid at the final rate including non-discretionary compensation…." (*Id.*)

In fact, Martinez has sought to take the deposition of a person most knowledgeable under Rule 30(b)(6) regarding his vacation pay claim: he seeks 1) "software, programs, databases, and/or platforms used by DEFENDANT to process payroll during the CLASS PERIOD. This topic will cover … ***the accrual and use of vacation pay***;" and 2) "DEFENDANT'S policies and practices for paying final wages to CLASS MEMBERS upon separation of employment, including the calculation of the employee's final rate of pay for purposes of unused, ***accrued vacation pay***…." (Li Supp. Decl., ¶5, Ex. A.) If Martinez has decided to abandon the vacation pay claim in *Martinez*, he has not informed Defendants. (*Id.*) Nor has Wise submitted any declaration from Martinez or his counsel to indicate their intention to abandon the vacation pay claim in *Martinez*.

Wise also argues that he has a wage statement claim that is predicated on the vacation pay claim. (Opp., 8.) However, Martinez has already asserted a wage statement claim in the earlier-filed lawsuit. Given that Martinez has also asserted a vacation pay claim, Wise's wage statement claim is entirely duplicative.

In any event, the first-to-file rule does not require identical issues or "exact parallelism," as long as "the two proceedings are "substantially similar." *Kohn Law Grp., Inc.*, 787 F.3d at 1240. As Defendants outlined in their moving papers, which Wise does not dispute, both *Wise* and *Martinez* share

significant overlap with respect to the claims asserted. (Mot., 6.) These claims include (1) failure to pay minimum wages, (2) failure to pay overtime wages, (3) failure to furnish accurate wage statements, (4) failure to reimburse business expenses, and (5) violation of the Unfair Competition Law. (*Id.* at 6-7.)

Wise relies on three district court decisions to argue against the application of the first-to-file rule. (Opp., 8.) However, all three cases support Defendants' Motion because, in each instance, the district court applied the first-to-file rule despite variations in the claims asserted between the first-filed and second-filed cases. *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) (holding that first-to-file rule applies because the "legal issues" in the two actions were "substantially similar even when the subsequently filed action brought its claims under ***different*** state law" and based on ***different*** products); *Figueroa v. Autozoners, LLC*, 2019 WL 11023547, at *2 (C.D. Cal. Jan. 31, 2019) (granting the defendants' motion to stay, even though "[t]he court is cognizant of the fact that Plaintiff's FAC ***included causes of action that were not pleaded*** in [the first-filed action] …."); *Van v. Rasier, LLC*, 2018 WL 11347243, at *4-5 (C.D. Cal. Jun. 6, 2018) (granting the defendant's motion to stay, even though the second-filed case ***includes additional claims***, such as "fraudulent concealment, conversion, and UCL violations" that were not asserted in the first-filed case).

## IV. Wise Has Not Shown Any Unfair Prejudice By A Temporary Stay

### A. *American Pipe* Tolling Is Inapplicable In This Case

Wise erroneously argues that if his case "is stayed until *Martinez* is resolved, Plaintiff will not be able to litigate this claim [i.e., the vacation pay claim] and the statute of limitations will not be tolled for the class claims." (Opp., 9.)

Wise's argument is both factually incorrect and legally unsound. As discussed above, Wise is factually incorrect to claim that the earlier-filed *Martinez* lawsuit does not contain a claim for vacation pay. More importantly, Wise is completely off base about the statute of limitations and the tolling rules set forth in *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), and *China Agritech v. Michael H. Resh*, 584 U.S. 732, 732 (2018).

Under *American Pipe*, the U.S. Supreme Court "established that 'the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action

8

status.'" *China Agritech*, 584 U.S. at 739 (citing *American Pipe*, 414 U.S. at 553) (modification in original). In the subsequent decision of *China Agritech*, the U.S. Supreme Court explored whether the so-called "*American Pipe* tolling" applies to "time-barred class claims." *China Agritech*, 584 U.S. at 740. The U.S. Supreme Court concluded that the "[t]ime to file a class action falls outside the bounds of *American Pipe*." *Id.* at 747.

Here, Wise incorrectly claims that his class action "is ***not*** tolled pending the class certification ruling in *Martinez*." (Opp., 10.) However, neither *American Pipe* nor *China Agritech* applies in this context. Wise has already filed a class action against Defendants, and he is not seeking to pursue untimely class action claims that would require tolling the statute of limitations during the pendency of a class certification decision in *Martinez*. In other words, Wise's class action claims will not become untimely by a temporary stay.

### B.    Wise's Reliance On *Adoma* Is Misplaced Because This Is Not An FLSA Action

Wise also relies on the decision in *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010), for the proposition that a stay would cause undue prejudice to himself and other potential class members he seeks to represent. (Opp., 9.) However, there is an important factual distinction that renders *Adoma* inapplicable here.

As Wise acknowledged, *Adoma* involved a claim under the federal Fair Labor Standards Act ("FLSA"). (Opp., 9.) Unlike class actions under Rule 23, collective actions under the FLSA require absent plaintiffs to "affirmatively opt-in through written and filed consent." *Adoma*, 711 F. Supp. 2d at 1147. Until the absent plaintiffs opt-in to the collective action, the statute of limitations continues to run. *Id.* ("The requirement for the filing of the 'written consent to become a party plaintiff' is for the specific purpose of determining the applicability of the statute of limitations."). As *Adoma* explained, there are unique differences between a class action claim and a collective action claim:

> unlike in a class action where the statute of limitations is tolled while a plaintiff seeks class certification, the rights members of a proposed collective action are not so protected. […] Accordingly, the statute of limitations for members of plaintiff's proposed collective action runs until the class member opts in to the action.

*Id.* at 1150. In this case, Wise does not assert a collection action claim under the FLSA. As such, no opt-in requirement applies. More importantly, the statute of limitations for the class action claims are tolled

9

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS

while the plaintiff seeks class certification. Thus, there can be no prejudice by the stay.

### C. There Is No Evidence To Suggest That Martinez And His Counsel Will Not Protect The Interest Of The Absent Class Members

Wise also argues that he and the proposed class members "will face further harm, such as the risk that 'witness memories may fade, turnover of employees may result in diminished access to material witnesses, and it may become more too difficult to locate and notify putative class members as time lapses.'" (Opp., 10.) These arguments are unavailing for several reasons.

*First*, Wise erroneously ignores the fact that Martinez and his counsel have been diligently prosecuting the class action claims in the earlier-filed case. As discussed above, Martinez has already obtained voluminous amount of information through informal and formal discovery. The parties in the *Martinez* lawsuit have also begun scheduling and taking depositions. (Li Supp. Decl., ¶5-6.) Given that Martinez is actively prosecuting his case, discoverable information will not be lost during the stay of this case.

*Second*, Defendants' request for a stay is temporary through a certification decision in *Martinez*. The stay will only span a few months, considering that the class certification deadline in *Martinez* is set for September 27, 2024, which is only two months away. (Li Decl., ¶8, Ex. C.) If the district court certifies the class in *Martinez*, the absent class members will be represented by class counsel. Given that Wise and Martinez are already "working together," there can be no argument that Martinez or his counsel cannot adequately protect the interest of the proposed class.

*Third*, Wise's argument is disingenuous. Like the *Martinez* lawsuit, Wise filed this class action almost a year ago in October 2023. Yet, unlike *Martinez*, who already obtained a significant amount of discovery and made significant progress towards seeking class certification, no discovery has been conducted in this case, except the exchange of the initial disclosures, which was ordered by this Court. Given that *Wise* has been dormant for almost a year, it is disingenuous to claim that a temporary stay of a few months will be unduly prejudicial.[2]

---

[2] Wise also cites to *Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*, 2018 WL 573576, at *3 (N.D. Cal. Jan. 26, 2018), to argue against the application of the first-to-file rule. (Opp., 10.) However, *Abante Rooter* involves actions filed in two different states with entirely unrelated parties and does not involve the application of the first-to-file rule. Thus, the decision in *Abante Rooter* is inapplicable.

10

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS

## V.     Conclusion

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion and stay this action temporarily until the class certification decision can be decided in the *Martinez* litigation.

DATED: July 26, 2024                                    SEYFARTH SHAW LLP

By: _____
Leo Q. Li
Eric E. Hill
Yoon-Woo Nam
Ping Wang

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC; IHG MANAGEMENT (MARYLAND) LLC; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC; SIX CONTINENTS HOTELS, INC.

11

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS