**SEYFARTH SHAW LLP**
Leo Q. Li (SBN 293539)
lli@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:     (310) 201-5219

Attorneys for Defendants
INTERCONTINENTAL HOTELS
GROUP RESOURCES, LLC; IHG
MANAGEMENT (MARYLAND)
LLC; INTERCONTINENTAL
HOTELS OF SAN FRANCISCO,
INC; SIX CONTINENTS HOTELS,
INC.

*[additional counsel on the next page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WISE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware limited liability company; IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC., a Delaware corporation; SIX CONTINENTS HOTELS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-01161-AMO<br><br>Honorable Araceli Martinez-Olguin<br><br>**SUPPLEMENTAL DECLARATION OF LEO Q. LI IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF MARK WISE'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>Date:            October 3, 2024<br>Time:           2:00 p.m.<br>Ctrm:           10<br><br>Complaint Filed:   December 29, 2023<br>Trial:                      None Set |

SUPPLEMENTAL DECLARATION OF LEO Q. LI ISO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

Eric E. Hill (SBN 173247)
ehill@seyfarth.com
Ping Wang (SBN 351428)
pwang@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

Yoon-Woo Nam (SBN 284644)
ynam@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone:    (916) 448-0159
Facsimile:    (916) 558-4839

Attorneys for Defendants
INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC; IHG MANAGEMENT (MARYLAND) LLC; INTERCONTINENTAL HOTELS OF SAN FRANCISCO, INC; SIX CONTINENTS HOTELS, INC.

## SUPPLEMENTAL DECLARATION OF LEO Q. LI

I, Leo Q. Li, declare and state as follows:

1. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify as to their accuracy.

2. I am admitted to practice in the State of California, and I am a partner at the law firm of Seyfarth Shaw LLP. I am also the counsel for Defendants InterContinental Hotels Group Resources, LLC, IHG Management (Maryland) LLC, Intercontinental Hotels of San Francisco Inc., and Six Continents Hotels, Inc. (collectively as "IHG") in the above-captioned matter ("*Wise*").

3. To date, Plaintiff Robert Martinez ("Martinez") and his counsel have not agreed to narrow the scope of the proposed class or abandon any claims that were asserted in *Martinez*.

4. Since the filing of the Motion to Stay in this case, the parties in *Martinez* have made further substantial progress in completing the necessary pre-class certification discovery. The parties have negotiated an agreed-upon sample for the time and pay records of the proposed class members. The parties have also negotiated an agreed-upon sample of the class list and the permissive use of the private contact information of the potential class members, which the defendants produced on June 24, 2024.

5. Counsel for Martinez has issued a deposition notice for the person most knowledgeable under Rule 30(b)(6) and identified 16 topics to be covered at the deposition, as well as 29 separate document requests to be produced at deposition. A true and correct copy of the deposition notice is attached herein as **Exhibit A**.

6. The parties in *Martinez* have completed Martinez's deposition on July 24, 2024.

7. The parties in *Martinez* have exchanged their first sets of discovery requests, including the requests for production of documents and special interrogatories. Martinez has provided his responses to the defendants' first set of requests for production of documents.

8. The parties in *Wise* have not made any substantial progress. The parties have not exchanged any documents. No discovery plan is in place. No depositions have been taken or scheduled in *Wise*. No scheduling order was issued and no deadlines have been set by this Court. Nor have the parties participated in any settlement conferences or exchanged information to discuss a possible early resolution of *Wise*.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of July, 2024, in Los Angeles, California.

_____
LEO Q. LI

SUPPLEMENTAL DECLARATION OF LEO Q. LI ISO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

# EXHIBIT A

Brandon Brouillette (SBN 273156)
bbrouillette@crosnerlegal.com
Karen L. Wallace (SBN 272309)
karen@crosnerlegal.com
Zachary Crosner (SBN 272295)
zach@crosnerlegal.com
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel.  (866) 276-7637
Fac. (310) 510-6429

Attorneys for Plaintiff
ROBERT MARTINEZ

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARTINEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland Limited Liability Company; INTER-CONTINENTAL HOTELS CORPORATION, a Delaware Corporation; INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 3:24-cv-00210-L-DEB<br><br>*[Assigned to the Hon. Daniel E. Butcher, Crtrm 2B]*<br><br>**PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT IHG MANAGEMENT (MARYLAND) LLC'S PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R. CIV. P. 30(b)(6)**<br><br>Date:     July 30, 2024<br>Time:    9:30 a.m.<br>Place:    Virtually / By Remote Access<br>              Steno Connect<br><br>Complaint filed:  December 28, 2023<br>Trial date:           None set |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE THAT**, pursuant to Rule 30 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiff ROBERT MARTINEZ will take the deposition(s) upon oral examination of Defendant IHG MANAGEMENT (MARYLAND) LLC ("Defendant"), for use in discovery and at trial, **by remote audio-video conference, on July 30, 2024, at 9:30 a.m. PST**, continuing from day to day thereafter, Sundays and holidays excepted, until completed. Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on Defendant's behalf, and may set forth, for each person designated, the matters on which the person will testify as enumerated in **Exhibit A**. The person so designated shall testify as to matters known or reasonably available to Defendant.

  **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, the deposition will be taken, under oath, before a certified court reporter or other officer authorized to administer oaths. Pursuant to Fed. R. Civ. P. 30(b)(4) and 32(a), Plaintiff intends to have the deposition recorded stenographically, by audiotape, and/or by videotape, and to use a method of instant visual display of the testimony and reserves the right to use the recordings at trial. If the parties agree that the deposition may be taken by remote means, please contact Plaintiff's counsel at least five (5) calendar days prior to confirm.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Fed. R. Civ. P. Rules 30(b)(2) and 34, Deponent shall appear at the deposition with all documents, ESI, and/or other things responsive to Plaintiff's production demands as described and listed in **Exhibit B** to this notice.

  **PLEASE TAKE FURTHER NOTICE** that if an interpreter will be required, Defendant's counsel is requested to advise Plaintiff no later than five (5) days before the date of the deposition.

Dated:  July 2, 2024       **CROSNER LEGAL, P.C.**

                  _/s/ Karen L. Wallace_
                  Karen L. Wallace
                  Attorneys for Plaintiff
                  ROBERT MARTINEZ

**DEFINITIONS FOR EXHIBITS A, B**

1. PLAINTIFF means ROBERT MARTINEZ, the named plaintiff in this action.

2. DEFENDANT means IHG MANAGEMENT (MARYLAND) LLC, a named defendant in this action, and any person(s) acting or authorized to act on its behalf.

3. "COMPLAINT" refers to PLAINTIFF's original complaint filed in this action, San Diego Superior Court Case No. 37-2023-00056196-CU-OE-CTL and removed to the United States District Court for the Southern District of California on April 20, 2023, and currently designated as Case No. 3:24-cv-00210-L-DEB. (*See* ECF No. 1-2.)

4. "CLASS MEMBERS" means all current and former non-exempt employees, including PLAINTIFF, who worked either directly or via a staffing agency for DEFENDANT in California at any time during the CLASS PERIOD.

5. "CLASS PERIOD" means from December 28, 2019, to the present.

6. "DOCUMENT(S)" means any writing or recorded matter as defined by Fed. R. Evid. 1001 and Fed. R. Civ. P. 34(a)(1).

# EXHIBIT A

## TOPICS OF EXAMINATION

1. Employment-related records kept and maintained by DEFENDANT during the CLASS PERIOD, including timekeeping and payroll records. This topic will cover, without limitation: the contents and scope of the information maintained; where such records are currently located; how they are kept and accessed; and the identity of personnel with special knowledge or permissions with respect to any databases used.

2. Software, programs, databases, and/or platforms used by DEFENDANT during the CLASS PERIOD to track and/or record the hours worked by non-exempt employees. This topic will cover, without limitation: the names and versions of any such timekeeping system(s); the time periods any such timekeeping system was used; features intended to ensure compliance with applicable law; and how to interpret the data maintained.

3. Software, programs, databases, and/or platforms used by DEFENDANT to process payroll during the CLASS PERIOD. This topic will cover, without limitation, compensation with respect to: non-discretionary remuneration, including bonuses and other incentive pay; the calculation of rates of pay for premium wages; the accrual and use of vacation pay, paid sick leave, and/or paid time off; the calculation and payment of final wages on separation of employment; meal period and rest period premiums; reporting time pay; split shift premiums; and gratuities and/or service charges.

4. DEFENDANT'S policies and practices that pertain to adjustments, corrections, and/or other edits to CLASS MEMBERS' timekeeping records during the CLASS PERIOD. This topic will cover, without limitation: capturing work performed off-the-clock; audit trails and other DOCUMENTS maintained by DEFENDANT to track such adjustments; entry of all such adjustments, including whether information is overwritten; and personnel authorized to make such adjustments.

5. DEFENDANT'S policies and practices that pertain to adjustments, corrections, and/or other edits to CLASS MEMBERS' payroll records during the CLASS PERIOD. This topic will cover, without limitation: audit trails and other DOCUMENTS maintained by DEFENDANT

to track such adjustments; entry of all such adjustments, including whether information is overwritten; and personnel authorized to make such adjustments.

6. DEFENDANT'S rest period policies and practices during the CLASS PERIOD.

7. DEFENDANT'S meal period policies and practices during the CLASS PERIOD.

8. The format and content of wage statements and/or paystubs issued by DEFENDANT during the CLASS PERIOD, including all payroll and earning codes.

9. DEFENDANT'S policies and practices for paying CLASS MEMBERS gratuities and/or service charges paid by customers/guests.

10. DEFENDANT'S method for calculating the employee's regular rate of pay for purposes of premium wages during the CLASS PERIOD.

11. DEFENDANT'S policies and practices for paying final wages to CLASS MEMBERS upon separation of employment, including the calculation of the employee's final rate of pay for purposes of unused, accrued vacation pay, paid sick leave, and/or other paid time off.

12. DEFENDANT'S policies and practices for scheduling CLASS MEMBERS' work hours. This topic will cover, without limitation: attendance; coverage for breaks; and any employment agreement in effect during the CLASS PERIOD that changes or modifies applicable law with respect to non-exempt employees.

13. All job titles and/or positions of CLASS MEMBERS.

14. DEFENDANT'S policies and practices for the use of personal cell phones, radios, and/or other hand-held communication devices during the CLASS PERIOD.

15. DEFENDANT'S policies and practices for the use of personal vehicles during the CLASS PERIOD.

16. DEFENDANT'S policies and practices for the review of CLASS MEMBERS' overall performance and productivity.

# EXHIBIT B

# REQUESTS FOR PRODUCTION

**INSTRUCTIONS:**

1. **Partial Production.** Whenever DEFENDANT objects to a particular demand or portion thereof, DEFENDANT must produce all DOCUMENTS called for that are not subject to that objection. Similarly, wherever a DOCUMENT is not produced in full, please state with particularity the reason(s) it is not being produced in full and describe, to the best of DEFENDANT's knowledge, information, and belief and with as much particularity as possible, those portions of the DOCUMENT that are not produced.

2. **Orderly Response.** Where it is reasonably practicable, please produce DOCUMENTS in manner that will facilitate their identification with the demand(s) to which they are responsive.

3. **Construction of "And" and "Or".** As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of these Requests any DOCUMENT that would otherwise not be brought within their scope.

4. **Construction of the Singular and Plural Forms.** As used herein, the singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of these Requests any DOCUMENT that would otherwise not be brought within their scope. In responding to these requests, DEFENDANT is required to produce all requested DOCUMENTS in the possession, custody, or control of DEFENDANT or DEFENDANT's agents, accountants, employees, representatives, investigators, experts, attorneys, or anyone acting on DEFENDANT's behalf or anyone over whom DEFENDANT exercises control with respect to DOCUMENTS in that PERSON's possession, regardless of where the DOCUMENTS may be located.

5. In responding to these discovery requests, DEFENDANT is requested to respond in writing and state as to each of these discovery requests:

   a. That there are such DOCUMENTS and whether they will be produced in full or in

part;

b. That there are such DOCUMENTS, but DEFENDANT refuses to produce them because of a claim of privilege or privacy right or for some other reason; or

c. That there are no such DOCUMENTS responsive to the particular discovery request in DEFENDANT's possession, custody, and/or control.

6. If any requested DOCUMENT was but is no longer in DEFENDANT's possession, custody, and/or control, or is no longer in existence, DEFENDANT must identify the DOCUMENT and state whether: (i) it has been destroyed; (ii) it has been lost, misplaced or stolen; or (iii) it has never been or is no longer in DEFENDANT's possession, custody, and/or control, in which case the name and address of any PERSON known or believed to have possession, custody or control of that DOCUMENT or category of DOCUMENTS should be identified. In each such instance, DEFENDANT should explain the circumstances surrounding the disposition of the DOCUMENTS and identify all PERSONS who have knowledge of such disposition.

7. If any DOCUMENT covered by any discovery request is withheld by reason of a claim of privilege and/or privacy right, a list is to be furnished at the time the DOCUMENTS are due to be produced, identifying any such DOCUMENT for which the privilege and/or privacy right is claimed, together with the following information for such document:

a. The author(s) of the DOCUMENT;

b. The addressee(s), if any, and those PERSONS, if any, specified in the DOCUMENT to receive a copy thereof;

c. All known recipients of the DOCUMENT;

d. The sender of the DOCUMENT;

e. The title of the DOCUMENT;

f. Whether there are, or were indicated, blind copies of that DOCUMENT;

g. The date the DOCUMENT was created;

h. The date on which the DOCUMENT was sent or received;

i. The general subject-matter of the DOCUMENT; and

j. The specific privilege(s) and/or privacy right(s) that PLAINTIFF contends apply to

7

the DOCUMENT, e.g., attorney-client privilege, attorney work product or other applicable privilege.

8. If DEFENDANT objects to production of any DOCUMENT on any other ground, such objection must be fully and specifically stated, including the grounds therefor.

9. These discovery requests require the production of DOCUMENTS either in the same form and in the same order as they are kept in their normal course or organized and labeled to correspond with the particular demand set forth below. If DEFENDANT chooses the former method, the DOCUMENTS are to be produced in boxes, file folders, binders or any other containers in which the DOCUMENTS are found. The titles or other descriptions on the boxes, file folders, binders, or containers are to be left intact.

**REQUEST NO. 1:**

All DOCUMENTS bearing PLAINTIFF'S signature.

**REQUEST NO. 2:**

PLAINTIFF'S PERSONNEL FILE. This request expressly includes PLAINTIFF'S timekeeping and other payroll records.

**REQUEST NO. 3:**

A list of all job titles or positions held by CLASS MEMBERS.

**REQUEST NO. 4:**

All DOCUMENTS that explain or describe tasks CLASS MEMBERS in each job title and/or position are required to perform at the beginning and/or end of shifts during the CLASS PERIOD.

**REQUEST NO. 5:**

All DOCUMENTS that list and/or describe uniforms or other standardized clothing and/or equipment, including PPE, CLASS MEMBERS in each job title and/or position were required to wear in the performance of their duties.

**REQUEST NO. 6:**

All DOCUMENTS that explain or describe DEFENDANT'S timekeeping system(s) in effect during the CLASS PERIOD, including any manual or reference guide, or their equivalent.

///

**REQUEST NO. 7:**

All DOCUMENTS that explain or describe DEFENDANT'S timekeeping policies and practices in effect during the CLASS PERIOD.

**REQUEST NO. 8:**

All manuals or reference guides, or their equivalent, for the payroll system DEFENDANT used during the CLASS PERIOD. This request expressly contemplates the disclosure of DEFENDANT'S payroll codes.

**REQUEST NO. 9:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for rounding CLASS MEMBERS' time punches.

**REQUEST NO. 10:**

All DOCUMENTS that pertain to DEFENDANT'S policies and practices in effect during the CLASS PERIOD for paying shift differentials.

**REQUEST NO. 11:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for paying split shift premiums during the CLASS PERIOD.

**REQUEST NO. 12:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for paying reporting time pay during the CLASS PERIOD.

**REQUEST NO. 13:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for the provision, timing, and enforcement of rest periods during the CLASS PERIOD.

**REQUEST NO. 14:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for the provision, timing, and enforcement of meal periods during the CLASS PERIOD.

**REQUEST NO. 15:**

All DOCUMENTS, excluding wage statements, that explain or describe monies deducted from CLASS MEMBERS' pay during the CLASS PERIOD, including the amount and purpose of

each such deduction.

**REQUEST NO. 16:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for reimbursing non-exempt employees for expenditures necessarily incurred in the performance of their duties during the CLASS PERIOD.

**REQUEST NO. 17:**

All DOCUMENTS that explain or demonstrate DEFENDANT'S method of calculating the employee's regular rate of pay for purposes of premium wages during the CLASS PERIOD.

**REQUEST NO. 18:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for paying gratuities and/or service charges paid by customers and/or guests during the CLASS PERIOD.

**REQUEST NO. 19:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for paying final wages to CLASS MEMBERS upon termination of the employment relationship since August 9, 2020.

**REQUEST NO. 20:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices for altering or editing CLASS MEMBERS' timekeeping and/or payroll records.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that explain or describe DEFENDANT'S policies and practices in effect during the CLASS PERIOD for scheduling non-exempt employees, including with respect to covering breaks, late shift turnovers, and unexpected absences.

**REQUEST NO. 22:**

All employee handbooks, or their equivalent, and related training materials prepared for and/or distributed to CLASS MEMBERS.

**REQUEST NO. 23:**

All training materials provided to managers and/or supervisors during the CLASS PERIOD

that pertain to DEFENDANT'S employee handbooks, or their equivalent, including DEFENDANT's policies and practices for attendance, timekeeping, and payroll.

**REQUEST NO. 24:**

All DOCUMENTS that explain or describe changes made to the format of wage statements issued to CLASS MEMBERS by DEFENDANT during the CLASS PERIOD.

**REQUEST NO. 25:**

All DEFENDANT'S ad hoc written policies and procedures, including those memorialized in text messages, emails, or other electronic format, that apply to CLASS MEMBERS regarding their employment, including attendance, timekeeping, and payroll.

**REQUEST NO. 26:**

Charts and/or directories sufficient to show or describe DEFENDANT'S organizational and/or management structure at all times during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that explain or memorialize any employment agreement that changes or modifies the requirements prescribed by the Labor Code and/or applicable Wage Orders and to which CLASS MEMBERS were subject during the CLASS PERIOD, such as an Alternative Workweek Schedule or Collective Bargaining Agreement. This request expressly excludes any responsive item protected from disclosure by the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 28:**

All meal period waivers signed by non-exempt employees at the InterContinental San Diego during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 29:**

All arbitration agreements signed by non-exempt employees during the CLASS PERIOD.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is Crosner Legal, P.C., 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210.

On July 2, 2024, I served true copies of the following document(s) described as:

**PLAINTIFF'S NOTICE OF DEPOSITION OF DEFENDANT IHG MANAGEMENT (MARYLAND) LLC'S PERSON MOST KNOWLEDGEABLE PURSUANT TO FED. R. CIV. P. 30(b)(6)**

on the interested parties in this action as follows:

| | |
|---|---|
| Eric E. Hill<br>Ping Wang<br>**SEYFARTH SHAW LLP**<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105-2930<br>Direct: +1-415-544-1037<br>Fax: +1-415-839-9037<br>Email: EHill@seyfarth.com<br>         PWang@seyfarth.com<br><br>Leo Q. Li<br>**SEYFARTH SHAW LLP**<br>2029 Century Park East, Suite 3500<br>Los Angeles, California 90067-3021<br>Tel.: (310) 277-7200<br>Fax: (310) 201-5219<br>Email: LLi@seyfarth.com | Attorneys for Defendant<br>IHG MANAGEMENT (MARYLAND) LLC;<br>INTER-CONTINENTAL HOTELS CORPORATION; and<br>INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC |

[✓] **BY EMAIL**. I caused the documents to be sent to the person(s) at the e-mail address(es) listed above in keeping with California Code of Civil Procedure § 1010.6 and pursuant to CRC 2.251(C)(3). The transmission was either reported as being sent, complete and without error, or I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful, to the addressees as stated above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 2, 2024, at Santa Monica, California.

_____
Karen Wallace

12