UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARK WISE, | Case No. 24-cv-01161-AMO |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO STAY AND VACATING CASE MANAGEMENT CONFERENCE** |
| INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., et al., | Re: Dkt. No. 18 |
| Defendants. | |

Relying on the first-to-file rule and the Court's inherent power, InterContinental Hotels Group Resources, LLC, IHG Management (Maryland) LLC, Intercontinental Hotels of San Francisco, Inc., and Six Continents Hotels, Inc. (together, "Defendants") move to stay this putative wage and hour class action pending resolution of class certification proceedings in a parallel case also raising wage and hour claims – *Martinez v. IHG Management (Maryland) LLC, et al.*, No. 3:24-cv-00210-L-DEB (S.D. Cal.).[1]  ECF 18.

Plaintiff Mark Wise opposes the motion but offers no efficient path forward for litigating this action in coordination with the parallel case.  In his opposition, he indicates that counsel for plaintiffs in both actions "**have agreed to jointly prosecute the two cases**" and "have had several rounds of discussions about how to bring the cases together."  ECF 21 at 4 (emphasis in original). He states that in light of the parties' discussions about potentially combining the two cases, he intends to file a motion for leave to amend his complaint within 30 days to address the issue of "how to coordinate or combine the cases."[2]  ECF 21 at 7.  No such motion has been filed.  Thus,

---

[1] The due date for Martinez's class certification motion was September 27, 2024.  ECF 25 at 3.

[2] Wise's opposition brief was filed on July 12, 2024.  ECF 21 at 7.

Wise's contention that the instant motion "should be denied because the *Wise* and *Martinez* plaintiffs have agreed to litigate their cases jointly and will be taking steps to combine the cases within the next approximately 30 days[]" rings hollow. The lack of any action only magnifies the potential burdens on the two courts presiding over both cases and the prejudice to Defendants as they continue to wait for the plaintiffs to act on their promises of coordination.

In light of the work that remains to be done before Wise is ready to litigate this case, the Court finds that Wise will suffer no prejudice from a limited stay pending class certification proceedings in *Martinez*. Absent a stay, however, two courts will be burdened with duplicative work, and Defendants will suffer prejudice by having to defend two overlapping class cases. A temporary stay will alleviate the burdens attendant to the parallel actions where the plaintiffs have yet to take action on their promises to coordinate.[3] *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024) (listing the three non-exclusive factors courts must weigh when deciding whether to issue a docketing management stay as "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.") (internal quotations and citations omitted).

///
///
///
///
///
///
///
///
///

---

[3] Because a stay is warranted for these reasons, the Court does not reach the parties' arguments about the first-to-file rule.

Accordingly, Defendants' motion to stay is **GRANTED**. The case management conference currently set for October 3, 2024 is **VACATED**. Plaintiffs may move to lift the stay, by administrative motion or stipulation, once class certification is decided in *Martinez*. In seeking to lift the stay, Plaintiffs must make clear what, if any, portion of this case remains live in light of the *Martinez* class certification decision and must propose an efficient path to litigate what remains of this case following that decision.

**IT IS SO ORDERED.**

Dated: September 30, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**